**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

**NEW ORLEANS DIVISION**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2008 MAR 17  AM 11: 19

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| FREDI GARCIA,<br>MISAEL GARCIA,<br>JOSE SALVADOR VALLADARES,<br>VICTOR MANUEL MALDONADO,<br>DENIS AMADOR-DIAZ,<br>EMILIO SALGUERO,<br>REYES AGUILAR-GARCIA,<br>JULIO CESAR HERNANDEZ-GARCIA,<br>GUSTAVO GARCIA,<br>ILSA CANALES,<br>JOSE EFRAIN GARCIA-HERNANDEZ,<br>EDGAR GOVANI GARCIA-MARTINEZ,<br>and SANTOS LARA,<br>on behalf of themselves and<br>all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>AUDUBON COMMUNITIES MANAGEMENT,<br>LLC,<br>AUDUBON-ALGIERS, LLC,<br>and CHARLES REHYER,<br><br>        Defendants. | **08-1291**<br><br>**SECT. C MAG 4**<br><br><br>**Civ. No.**<br><br><br>**Complaint**<br><br><br>**Collective Action** |

**COMPLAINT**

**I. PRELIMINARY STATEMENT**

1.     This lawsuit arises from the Defendants' imposition of forced labor, human

trafficking and unlawful underpayments on the Plaintiff immigrant reconstruction workers, who

worked to restore and maintain Defendants' New Orleans residential properties in the aftermath

Fee $350
Process
X  Dktd
___ CtRmDep.
___ Doc. No

of Hurricane Katrina.   The Plaintiffs state claims under the Victims of Trafficking Protection Act 18 U.S.C. § 1595 (2008) (hereinafter "VTPA") and under the Fair Labor Standards Act 29 U.S.C. § 201 *et. seq.*

2.      Defendants promised the Plaintiffs both housing at the worksite and weekly salaries in exchange for their labor at Defendants' multifamily residential complex known as "Audubon Pointe".   However, Plaintiffs were consistently underpaid and/or unpaid for their labor.   When the Plaintiffs complained about the lack of payment, Defendants consistently responded by threatening them with unlawful eviction and/or with calling law enforcement authorities.   Fearful of these threats, Plaintiffs continued to work for Defendants, often without pay.

3.      On one occasion in 2007, six Plaintiffs were unlawfully evicted from their employer-provided housing in retaliation for having complained about nonpayment and/or underpayment of wages.   On February 19, 2008, Plaintiffs' counsel sent a letter to Defendant Audubon-Algiers, LLC on Plaintiffs' behalf complaining of violations of the Fair Labor Standards Act.   Defendants' registered agent received this correspondence by February 22, 2008.   On or about February 27, 2008 agents of the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement (hereinafter "ICE") raided the Audubon Pointe facility and apprehended seven of the Plaintiffs as they reported for work in Defendants' offices to begin the work day.   Some of the individuals detained during ICE's February 27, 2008 raid were named in Plaintiffs' counsel's February 19, 2008 demand letter as having FLSA claims against Audobon Point.

2

4.      Upon information and belief, Defendants and/or their agents unlawfully retaliated against the Plaintiffs for having demanded payment of their wages under the Fair Labor Standards Act.  Upon information and belief, Defendants unlawfully provided a tip to ICE which encouraged and resulted in the detention of seven Plaintiffs.  As a result of having sought minimum wage payments, these seven gentlemen have been deprived of their liberty, detained by ICE without bond in the Orleans Parish Prison, since February 27, 2008.

## II.  JURISDICTION AND VENUE

5.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under 18 U.S.C. § 1595 (Trafficking in Persons) and under 29 U.S.C. §§ 201 *et. seq.* (Fair Labor Standards Act).

6.      Venue is proper in this Court because Defendant Audubon Communities Management, LLC maintains an office in this District and regularly conducts business within the Eastern District of Louisiana. 29 U.S.C § 1391.

7.      Venue is proper in this Court because Plaintiffs were victims of human trafficking, performing forced labor within the Eastern District of Louisiana.  Venue is proper in this Court because Plaintiffs performed work within the Eastern District of Louisiana for which they allege entitlement to unpaid minimum wages and/or overtime, penalties and attorney fees.  Venue is proper in this Court because Defendants retaliated against Plaintiffs for activity protected by the

Fair Labor Standards Act within the Eastern District of Louisiana. The causes of action giving rise to this litigation occurred within the Eastern District of Louisiana. 29 U.S.C. § 1391.

## III.  THE PARTIES

8.       During times pertinent to this action, Plaintiff Fredi Garcia was employed by Defendants as a manual laborer.  Fredi Garcia asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). Fredi Garcia's FLSA consent-to-sue form is attached hereto as Exhibit 1.

9.       During times relevant to this action, Plaintiff Misael Garcia was employed by Defendants as a manual laborer.  Misael Garcia asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 2.

10.      During times relevant to this action, Plaintiff Jose Salvador Valladares was employed by Defendants as a manual laborer. Jose Salvador Valladares asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 3.

11.      During times relevant to this action, Plaintiff Victor Manuel Maldonado was employed by Defendants as a manual laborer.  Victor Manuel Maldonado asserts his Count III

and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 4.

12.     During times relevant to this action, Plaintiff Denis Amador-Diaz was employed by Defendants as a manual laborer. Denis Amador-Diaz asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 5.

13.     During times relevant to this action, Plaintiff Emilio Salguero was employed by Defendants as a manual laborer.  Emilio Salguero asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 6.

14.     During times relevant to this action, Plaintiff Reyes Aguilar-Garcia was employed by Defendants as a manual laborer. Reyes Aguilar-Garcia asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 7.

15.     During times relevant to this action, Plaintiff Julio Cesar Hernandez-Garcia was employed by Defendants as a manual laborer.  Julio Cesar Hernandez-Garcia asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others

similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 8.

16.     During times relevant to this action, Plaintiff Gustavo Garcia was employed by Defendants as a manual laborer.  Gustavo Garcia asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b).  His FLSA consent-to-sue form is attached hereto as Exhibit 9.

17.     During times relevant to this action, Plaintiff Ilsa Canales was employed by Defendants as a manual laborer.  Ilsa Canales asserts her Count III and Count IV claims under the Fair Labor Standards Act on behalf of herself and all others similarly situated as authorized by 29 U.S.C. § 216(b). Her FLSA consent form is attached hereto as Exhibit 10.

18.     During times relevant to this action, Plaintiff Jose Efrain Garcia-Hernandez was employed by Defendants as a manual laborer.  Jose Efrain Garcia-Hernandez asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 11.

19.     During times relevant to this action, Plaintiff Edgar Giovani Garcia-Martinez was employed by Defendants as a manual laborer.  Edgar Giovani Garcia-Martinez asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others

similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 12.

20.     During times relevant to this action, Plaintiff Santos Lara was employed by Defendants as a manual laborer. Santos Lara asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form is attached hereto as Exhibit 13.

21.     At all times relevant to this action, the Plaintiffs were employees of the Defendants as defined by 29 U.S.C. § 203(e)(3).

22.     At all times relevant to this action, the Plaintiffs were employed by the Defendants as defined by 29 U.S.C. § 203(g).

23.     At all times relevant to this action, the Plaintiffs were employees engaged in commerce or in the production of goods for commerce.

24.     Defendant Audubon Communities Management, LLC is a limited liability company domiciled in New York maintaining a business establishment at 4254 Maple Leaf Drive, New Orleans, Louisiana 70131.  At all times relevant to this action, Audubon Communities Management, LLC conducted business in the Eastern District of Louisiana.

3.18.

At all times relevant to this action, Audubon Communities Management, LLC employed the Plaintiffs within the meaning of 29 U.S.C. § 203(g).

25.     At all times relevant to this action, Audubon Communities Management, LLC was an employer of the Plaintiffs within the meaning of 29 U.S.C. § 203(d).

26.     Defendant Audubon-Algiers, LLC is a limited liability company domiciled in Delaware and maintaining a business establishment at 4254 Maple Leaf Drive, New Orleans, Louisiana 70131.  At all times relevant to this action, Audubon-Algiers, LLC conducted business in the Eastern District of Louisiana.

27.     At all times relevant to this action, Audubon-Algiers, LLC employed the Plaintiffs within the meaning of 29 U.S.C. § 203(g).

28.     At all times relevant to this action, Audubon-Algiers, LLC was an employer of the named Plaintiffs and all others similarly situated within the meaning of 29 U.S.C. § 203(d).

29.     Defendant Charles Reyher (hereinafter "Reyher"), is a person of full age and majority.  During times relevant to this action, Reyher was the President of Defendant Audubon Communities Management, LLC.

30.     During times relevant to this action, Reyher conducted significant business in this District.

31.     During times relevant to this action, Reyher employed the Plaintiffs within the meaning of 29 U.S.C. § 203(g).

32.     During times relevant to this action, Reyher was an employer of the Plaintiffs within the meaning of 29 U.S.C. § 203(d).

33.     Upon information and belief, Defendants also owned and operated Audubon-Algiers Partners, LLC, which may have been an employer of the Plaintiffs within the meaning of 29 U.S.C. § 203(d).

34.     Upon information and belief, Defendants also owned and operated Audubon-Algiers Holdings I, LLC, which may have been an employer of the Plaintiffs within the meaning of 29 U.S.C. § 203(d).

35.     Upon information and belief, Defendants also owned and operated Audubon-Algiers Holdings II, LLC, which may have been an employer of the Plaintiffs within the meaning of 29 U.S.C. § 203(d).

36.     At all times relevant to this action, the named Plaintiffs and all others similarly situated were employed by the Defendants in an enterprise engaged in commerce or in the production of goods for commerce.

## IV. STATEMENT OF FACTS

37.     Defendants own, operate and manage an apartment complex named "Audubon Pointe of Algiers" (hereinafter "Audubon Pointe").  Audubon Pointe is located at 4254 Maple Leaf Drive in New Orleans, Louisiana.

38.     Plaintiffs worked at Audubon Pointe at various times between March 17, 2005 and the present, repairing damage done by Hurricane Katrina and performing general maintenance work on the premises.

39.     At all times relevant to this action, Defendants employed the Plaintiffs as manual laborers whose job duties were to paint, clean, replace molding, change windows, and/or install sheetrock, doors, toilets, cabinets, wiring and carpets. Plaintiffs' job duties were manual in nature and did not include any duties that could be exempt under the FLSA.

40.     At all times relevant to this action, Defendants used some of the apartments at the Audubon Pointe location as a labor camp, compensating the Plaintiffs for their work in part through provision of housing at the worksite.

41.     Defendants housed the Plaintiff workers at the worksite to maintain access to and control over the workforce.  Such housing was provided to Plaintiffs for the primary benefit of their Defendant employers.

42.     The apartment units in which Defendants housed the Plaintiff workers were unfinished, substandard and were not properly certified for occupancy at the time Plaintiffs were housed in them.

43.     While residing at Audubon Pointe, the Plaintiffs were required to work there, renovating other apartment units for rental to the general public.

44.     Throughout their employment by Defendants, the Plaintiffs and all others similarly situated suffered chronic nonpayment, delayed payment and underpayment of wages. On numerous occasions, the workers organized to hold work stoppages to demand payment when their promised wages were withheld by Defendants. The Defendants' consistently responded to these demands with threats to unlawfully evict the Plaintiffs and call law enforcements to detain them if the Plaintiffs did not return to work immediately without receiving pay.

45.     In exchange for their labor, the Plaintiffs were promised flat weekly rates of payment, which, upon information and belief, varied according to an individual laborer's length of service. The weekly payments Plaintiffs were promised varied between approximately $500.00 and $650.00 per Plaintiff, per week.

46.     Defendants consistently made tardy and insufficient wage payments to the Plaintiffs and all other similarly situated employees at the Audubon Pointe project. Defendants consistently paid Plaintiffs quantities less than they were owed, and tendered such payment

between one and four weeks after the same was due. Defendants' delay and underpayment of wages resulted in Plaintiffs being paid substantially less than the federally mandated minimum wage protected by the Fair Labor Standards Act.

47.     Defendants failed to make any wage payments at all to the Plaintiffs and other similarly situated workers for their final weeks of work at Audubon Pointe, depriving individual Plaintiffs of wages due for between nine and thirteen or more full weeks of work.

48.     On the occasions when they were paid, the Plaintiffs were paid a flat weekly rate, regardless of the number of hours worked in a given workweek. When Plaintiffs were paid for their work, Defendants did not pay Plaintiffs time-and-one-half for hours worked above 40 in a given workweek.

49.     Plaintiffs worked a regular schedule for Defendants, normally working six to seven days per week. The Plaintiffs and all others similarly situated routinely worked in excess of forty hours per week for Defendants.

50.     At all times relevant to this action, Defendants failed to keep a complete and accurate record of the hours Plaintiffs worked, as required by the FLSA and implementing regulations. 29 C.F.R. § 516.2. Defendants paid the Plaintiffs in cash and failed to provide them with adequate or accurate pay stubs or receipts.

51.     Upon information and belief, Defendants failed to post a notice informing their employees of their rights under the FLSA.

52.     Defendants provided Plaintiffs with housing as a portion of their compensation, the reasonable rate of which was not calculated into the regular rate of pay for purposes of overtime payment. The apartment units in which Defendants housed the Plaintiff workers were unfinished, substandard and were not properly certified for occupancy at the time Plaintiffs were housed in them.

53.     During the time period relevant to this action, Defendants' payroll practices were uniform and applicable to all manual laborers working for Audubon-Algiers, LLC at Audubon Pointe in New Orleans, Louisiana.

54.     Because of improper withholding of wages due, the Plaintiffs were not properly paid minimum wages or overtime for hours worked in excess of forty hours per week.

55.     The Plaintiffs lived in unfinished portions of the Audubon Pointe development during their work for Defendants.  These apartments were provided to them as partial compensation for their employment by Defendants.  The apartment units in which Defendants housed the Plaintiff workers were unfinished and substandard.  Defendants housed the Plaintiff workers at the worksite to maintain access to and control over the workforce.  Such housing was provided to Plaintiffs for the primary benefit of their Defendant employers.

56.    Some apartment units in which Defendants housed the Plaintiffs were not properly certified for occupancy at the time Plaintiffs were housed in them.

57.    On numerous occasions, the Plaintiffs and other similarly situated workers organized to demand unpaid wages from the Defendants.  On multiple occasions during the time period relevant to this action, the Plaintiffs held work stoppages to demand the payment of overdue minimum wages.  The Defendants' consistently responded to these demands with threats to evict the Plaintiffs and call law enforcements to detain them if the Plaintiffs did not return to work immediately without payment.  Without recourse, Plaintiffs were compelled and coerced by these threats to, and did in fact, return to work without payment of wages.

58.    In early 2007, a wage payment dispute arose between Defendants and the workers. Plaintiffs Ilsa Canales, Gustavo Garcia, Jose Efrain Garcia-Hernandez, Edgar Govani Garcia-Martinez, Julio Cesar Hernandez-Garcia, and Santos Lara complained to Defendants about the underpayment and non-payment of wages.

59.    In retaliation for their complaints regarding minimum wage payment, the Defendants locked  Plaintiffs Ilsa Canales, Gustavo Garcia, Jose Efrain Garcia-Hernandez, Edgar Govani Garcia-Martinez, Julio Cesar Hernandez-Garcia, and Santos Lara out of their employer-provided housing.  Defendants unlawfully deprived Plaintiffs Ilsa Canales, Gustavo Garcia, Jose Efrain Garcia-Hernandez, Edgar Govani Garcia-Martinez of their housing without notice or due process.

14

60.     The Defendants locked Plaintiffs Ilsa Canales, Gustavo Garcia, Jose Efrain Garcia-Hernandez, Edgar Govani Garcia-Martinez, Julio Cesar Hernandez-Garcia, and Santos Lara out of their apartments because these laborers had asserted their rights under the Fair Labor Standards Act by complaining about non-payment and/or improper payment of wages on the day of the lockout and in previous communications.

61.     As a result of their retaliatory eviction by Defendants, Plaintiffs Ilsa Canales, Gustavo Garcia, Jose Efrain Garcia-Hernandez, Edgar Govani Garcia-Martinez, Julio Cesar Hernandez-Garcia, and Santos Lara were left temporarily homeless and suffered substantial damages.

62.     On February 19, 2008, counsel for the Plaintiffs sent a demand letter and draft Fair Labor Standards Act complaint in this matter to Defendants Audubon-Algiers, LLC d/b/a Audubon-Algiers Partners, LLC d/b/a Audubon-Algiers Holdings I, LLC d/b/a Audubon-Algiers Holdings II, LLC through its Registered Agent.  Certified mail receipts indicate that this letter and complaint were delivered to the Defendants' registered agent on February 22, 2008. Plaintiffs, through their correspondence, sought to negotiate an extrajudicial resolution of their claims under the Fair Labor Standards Act.

63.     Prior to seeking legal assistance and sending a formal demand letter and draft complaint to the Defendants, the Plaintiffs had demanded unpaid wages from Defendants on multiple occasions.  The Defendants' consistently responded to these demands with threats to

evict the Plaintiffs and call law enforcement officers to detain them if the Plaintiffs did not return to work immediately without pay.

64.     On or about Wednesday February 27, 2008 the U.S. Immigration and Customs Enforcement ("ICE"), an agency of the U.S. Department of Homeland Security, conducted a worksite enforcement operation at Audubon Pointe, apprehending workers in Defendants' office as they reported for work.

65.     Plaintiffs Fredi Garcia, Misael Garcia, Victor Manuel Maldonado, Jose Salvador Valladares, Denis Amador-Diaz, Emilio Salguero and Reyes Aguilar-Garcia, were detained by ICE on or about Wednesday February 27, 2008 as they reported to work at the Defendants' facilities  These Plaintiffs have been detained without bond at the Orleans Parish Prison since February 27, 2008.

66.     Plaintiffs' correspondence and draft complaint, delivered to Defendants on February 22, 2008 specifically named Fredi Garcia and Misael Garcia[1], two of the individuals detained during ICE's February 27, 2008 raid of Defendants' workforce, as wage claimants under the Fair Labor Standards Act.

67.     Upon information and belief, Defendants and/or their agents retaliated against the Plaintiffs for having demanded payment of their wages under the Fair Labor Standards Act by

---

[1] As a result of scribner's error, Plaintiff Misael Garcia's first name was misspelled as "Yismael" in Plaintiffs' correspondence and draft complaint delivered on February 22, 2008.  Mr. Garcia's name is spelled correctly herein.

providing a tip to ICE, which encouraged and resulted in the detention of the Plaintiffs named in paragraph 65 above.

68.     An internal agency guidance for ICE officers restricts the agency from acting on any tip linked to an employer, where there exists an ongoing labor dispute without first following a series of internal procedures. U.S. Dept. of Homeland Security Operating Instruction 287.3a (Revised 12/04/96; Added to INSERTS April 1999). If, in the course of an enforcement action, ICE should discover the existence of a labor dispute, the internal guidance provides that ICE should stop any further enforcement actions. The U.S. Department of Homeland Security and ICE are currently investigating the agency's potential violation of Operating Instruction 287.3a and unwitting deployment as an instrument of retaliation in this pending labor dispute.

69.     As a result of Defendants' retaliatory invocation of ICE enforcement, Plaintiffs Fredi Garcia, Misael Garcia,  Victor Manuel Maldonado, Emilio Salguero, Reyes Aguilar-Garcia, Salvador Valladares and Denis Amador-Diaz have been deprived of their liberty since February 27, 2008 and have suffered substantial damages.

## V. COLLECTIVE ACTION ALLEGATIONS

70.     All claims set forth in Counts III and IV are brought by the named Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act.

71.     The policies complained of in Counts III and IV of this action are Defendants' companywide labor policies generally applicable to the manual laborers Defendants employed during the time period relevant to this lawsuit at the Audubon Pointe project.

72.     The named Plaintiffs seek to represent a class consisting of all non-supervisory manual laborers employed by Defendants in construction, building repair, maintenance and associated clean-up capacities at the Audubon Pointe location between March 17, 2005 and the present.

73.     The precise number of individuals eligible to join the proposed collective action class is known only to the Defendants.  The class is believed to include approximately fifty (50) individuals.

74.     The named Plaintiffs and absent members of the proposed Counts III and IV collective action are similarly situated.  All workers eligible to join the putative collective action would be manual laborers employed by Defendants at Audubon Pointe.  Upon information and belief, Defendants made tardy and incomplete wage payments to all such workers included in this class.  Upon information and belief, Defendants paid all workers included in the proposed class with a flat salary which did not satisfy the overtime requirements of the Fair Labor Standards Act.  Upon information and belief, Defendants' failure to include the fair value of employer-provided housing calculating the workers' regular rate of pay for the purposes of overtime was universally applied to all members of the proposed collective action class.

## VI.  VICTIM OF TRAFFICKING PROTECTION ACT

### Count I: Victims of Trafficking Protection Act  – Forced Labor

75.     Plaintiffs reallege and incorporate by reference the contents of paragraphs 57 through 69 above.

76.     Through their actions recounted in paragraphs 57 through 69 above, the Defendants obtained the labor or services of the Plaintiffs by threats of serious harm against the Plaintiffs.  18 U.S.C. § 1589.

77.     Though their actions recounted in paragraphs 57 through 69, above, Defendants obtained the labor or services of Plaintiffs by engaging in a scheme, plan, or pattern intended to cause the Plaintiffs to believe that, if the Plaintiffs did not perform labor or services for Defendants, Plaintiffs and others would suffer serious harm or physical restraint

78.     Through their actions recounted in paragraphs 57 through 69 above, the Defendants obtained the labor or services of the Plaintiffs by means of the abuse or threatened abuse of law or the legal process.  18 U.S.C. § 1589.

79.     As a result of Defendants' violations of the forced labor provisions of the United States Code, Plaintiffs suffered substantial injury and damages.

80.     Plaintiffs are entitled to recover damages arising from Defendants' violations of the forced labor provisions of the United States Code, and reasonable attorneys' fees.  18 U.S.C. § 1595(a).

## Count II: Victims of Trafficking Restoration Reauthorization Act – Trafficking With Respect to Forced Labor

81.     Plaintiffs reallege and incorporate by reference the contents of paragraphs 57 through 69 above.

82.     Through their actions recounted in paragraphs 57 through 69 above, and in addition to the Defendants' violations of 18 U.S.C. § 1589 set forth in Count I, Defendants violated 18 U.S.C. § 1590 by harboring and/or obtaining the labor or services of the Plaintiffs in furtherance of the Defendants' violations of the following provisions of Title 18, Chapter 77 of the U.S. Code:

- Knowingly and willfully holding Plaintiffs in involuntary servitude, as defined by the VTPA, 22 U.S.C. §7102(5)(a) and (b), violating 18 U.S.C. § 1584; and

- Attempting to violate 18 U.S.C. §§ 1584, 1589, and 1590, violating 18 U.S.C. § 1594(a).

83.     As a result of Defendants' violations of the provisions of the United States Code prohibiting trafficking for forced labor, Plaintiffs suffered substantial injury and damages.

84.    Plaintiffs are entitled to recover damages arising from Defendants' violations of the trafficking provisions of 18 U.S.C. § 1590, and reasonable attorneys' fees.  18 U.S.C. § 1595(a).

## VII.  FAIR LABOR STANDARDS ACT VIOLATIONS

### Count III: Fair Labor Standards Act – Minimum Wage Claims

85.    Plaintiffs reallege and incorporate by reference the allegations set forth above in the paragraphs numbered 8 through 56.

86.    This count seeking payment of minimum wages due under the FLSA is brought by the named Plaintiffs on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b).

87.    Plaintiffs are victims of a uniform and company wide compensation policy which operates to compensate them at a rate less than the federally-mandated minimum wage rate. This uniform policy, in violation of the FLSA, has been and continues to be applied to all individuals working as manual laborers for Defendants at Audubon Pointe.

88.    Defendants violated the FLSA, 29 U.S.C. § 206(a) by failing to pay each of the Plaintiffs and others similarly  situated the applicable minimum wage for every compensable hour of labor they performed.

89.    Defendants' violations of 29 U.S.C. § 206(a) resulted from Defendants' late payment and nonpayment of wages.

90.    The Defendants' failures to pay the Plaintiffs and others similarly situated their federally mandated minimum wages were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

91.    Defendants acted knowingly, willfully, and/or in reckless disregard in failing to pay minimum wages.

92.    Plaintiffs are entitled to recover minimum wages under the FLSA, liquidated damages, attorneys' fees and costs.  29 U.S.C. § 216(b).

## Count IV: Fair Labor Standards Act – Overtime Claims

93.    Plaintiffs reallege and incorporate by reference the allegations set forth above in the paragraphs numbered 8 through 56.

94.    This count seeking payment of overtime wages due under the FLSA is brought by the named Plaintiffs on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b).

95.     Plaintiffs are victims of a uniform and company wide compensation policy which operates to compensate them at a rate less than the federally mandated overtime wage rate. This uniform policy, in violation of the FLSA, has been and continues to be applied to all individuals working as manual laborers for Defendants at Audubon Pointe.

96.     The Defendants violated the FLSA by failing to pay the Plaintiffs the overtime wage rate for all hours worked in excess of forty hours per work week.  29 U.S.C. § 207.

97.     The Defendants violated the FLSA by failing to include the reasonable cost of housing in their calculation of the regular rate of pay, for purposes of the payment of overtime.

98.     The Defendants' failures to pay the Plaintiffs and others similarly situated their federally mandated overtime wages were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

99.     Defendants acted knowingly, willfully, and/or in reckless disregard in implementing and continuing their policy and practice of failing to pay overtime wages.

100.    Plaintiffs are entitled to unpaid overtime minimum wages, liquidated damages, attorneys' fees and costs.  29 U.S.C. § 216(b).

## Count V: Fair Labor Standards Act Retaliation – Retaliatory Eviction

101.    Plaintiffs reallege and incorporate by reference the allegations set forth above in paragraphs numbered 57 through 61.

102.    This count sets forth a claim for damages for Defendants' violations of the FLSA's anti-retaliation provisions.  29 U.S.C. §§ 215-216.  This claim is stated by Plaintiffs Ilsa Canales, Gustavo Garcia, Jose Efrain Garcia-Hernandez, Edgar Govani Garcia-Martinez, Julio Cesar Hernandez-Garcia, and Santos Lara.

103.    Plaintiffs Ilsa Canales, Gustavo Garcia, Jose Efrain Garcia-Hernandez, Edgar Govani Garcia-Martinez, Julio Cesar Hernandez-Garcia, and Santos Lara complained to the Defendants in the earlier part of 2007 about violations of their rights under the Fair Labor Standards Act.

104.    These complaints constituted protected activity under the FLSA.

105.    The Defendants actions as described in paragraphs 57 through 61 above constitute unlawful retaliation for activity protected by the FLSA. 29 U.S.C. § 215(a)(3).

106.    As a result of Defendants' unlawful and retaliatory conduct described in paragraphs 57 through 61 above, Plaintiffs Ilsa Canales, Gustavo Garcia, Jose Efrain Garcia-

Hernandez, Edgar Govani Garcia-Martinez, Julio Cesar Hernandez-Garcia, and Santos Lara were temporarily homeless and suffered substantial damages.

107.    As a result of Defendants' violations of the FLSA's anti-retaliation provisions, Plaintiffs Ilsa Canales, Gustavo Garcia, Jose Efrain Garcia-Hernandez, Edgar Govani Garcia-Martinez, Julio Cesar Hernandez-Garcia, and Santos Lara are entitled to recover damages that arose as a result of Defendants' retaliatory actions, and any other legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3), pursuant to 29 U.S.C. § 216(b).

**Count VI: Fair Labor Standards Act – Retaliatory Reporting to Immigration Authorities**

108.    Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs numbered 62 through 69.

109.    This count sets forth a claim for damages for Defendants' violations of the FLSA's anti-retaliation provisions.  29 U.S.C. § 215(a)(3).  This claim is stated by Plaintiffs Fredi Garcia, Misael Garcia,  Victor Manuel Maldonado, Emilio Salguero, Reyes Aguilar-Garcia, Jose Salvador Valladares and Denis Amador-Diaz.

110.    On February 19, 2008, the Plaintiffs, through their counsel, stated complaints under the Fair Labor Standards Act in correspondence directed to the Defendants.  Defendants' registered agent was in receipt of Plaintiffs' correspondence no later than February 22, 2008.

111.    Plaintiffs' attempts to negotiate an extrajudicial resolution of their claims under the Fair Labor Standards Act is activity protected by that Act.

112.    As set forth in paragraphs 62 through 69 above, upon information and belief, the Defendants responded to Plaintiffs' protected statement of a FLSA claim by making a retaliatory and improper tip to ICE.

113.    As a result of Defendants' retaliatory invocation of ICE, Plaintiffs Fredi Garcia, Misael Garcia, Victor Manuel Maldonado, Emilio Salguero, Reyes Aguilar-Garcia, Jose Salvador Valladares and Denis Amador-Diaz have been deprived of their liberty since February 27, 2008 and have suffered substantial damages.

114.    The Defendants actions as described in paragraphs 62 through 69 above constitute illegal retaliation for activity protected by the FLSA. 29 U.S.C. § 215(a)(3).

115.    As a result of Defendants' violations of the FLSA, Plaintiffs Fredi Garcia, Misael Garcia, Victor Manuel Maldonado, Emilio Salguero, Reyes Aguilar-Garcia, Jose Salvador Valladares and Denis Amador-Diaz are entitled to recover damages that arose as a result of Defendants' retaliatory actions, and any other legal or equitable relief that may be appropriate to effectuate the purposes of FLSA section 215(a)(3).  29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that there be judgment rendered herein in favor of Plaintiffs and against Defendants as follows.

a.  Judgment under Count I for damages arising from Defendants' violations of the forced labor provisions of the United States Code and reasonable attorneys' fees associated with the presentation of Plaintiffs' Count I claims;

b.  Judgment under Count II for damages arising from Defendants' violations of the trafficking provisions of 18 U.S.C. § 1590 and reasonable attorneys' fess associated with the presentation of Plaintiffs' Count II claims;

c.  Certification of a collective action under the Fair Labor Standards Act 29 U.S.C. 216(b) with respect to the minimum wage and overtime claims set forth in Counts III and IV;

d.  Judgment under Count III awarding Plaintiffs unpaid minimum wages, an equal amount in liquidated damages, attorneys' fees and costs;

e.  Judgment under Count IV awarding Plaintiffs unpaid overtime wages, an equal amount in liquidated damages, attorneys' fees and costs;

f.   Judgment under Count V awarding Plaintiffs named therein damages arising from Defendants' retaliatory actions, and any other legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3).  29 U.S.C. §216(b).

g.   Judgment under Count V awarding Plaintiffs named therein damages arising from Defendants' retaliatory actions, and any other legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3).  29 U.S.C. §216(b); and

h.   Such other relief as the Court deems just and appropriate.

Respectfully submitted,

Vanessa Spinazola
LSBN 31328
The Pro Bono Project
615 Baronne Street, Suite 201
New Orleans, LA 70113
Tel: (504) 581-4043


Mary C. Bauer
Virginia State Bar # (*Pro Hac Vice* motion pending)
Andrew H. Turner
Virginia State Bar # 48853 (*Pro Hac Vice* motion pending)
Immigrant Justice Project
Southern Poverty Law Center
400 Washington Ave.
Montgomery, AL  36140
Tel:  (334) 956-8326
Fax:  (334) 956-8481

Attorneys for Plaintiffs