UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| FREDI GARCIA, *et al.* ) | |
| ) | |
| Plaintiffs, ) | Civ. No. 08-1291 |
| ) | (SECT. C, MAG. 4) |
| v. ) | |
| ) | |
| AUDUBON COMMUNITIES MANAGEMENT, ) | |
| LLC, *et al.* ) | |
| ) | **Collective Action** |
| Defendants. ) | |

### REPLY IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTIONS FOR U-VISA CERTIFICATION

COME NOW THE PLAINTIFFS who respectfully submit this Reply Brief in support of their Emergency Motions for U-Visa Certification. (Doc. 10); (Doc. 24). Defendants' opposition (Doc. 28) demonstrates a misunderstanding of the U Visa application process, seeks premature findings of fact, and misconstrues the statutory and regulatory authority governing the U-visa. As set forth below, the Court should grant Plaintiffs' emergency motions and provide the requested certification that each of the moving Plaintiffs[1] "has been helpful, is being helpful, or is likely to be helpful" in the

---

[1] "Movants" herein refers not only to plaintiffs Fredi Umberto Mejivar-Garcia, Reyes Aguilar-Garcia and Jose Salvador Balladares, named in the first Emergency Motion for U-Visa Certification, but also plaintiffs

investigation of the human trafficking, forced labor and involuntary servitude offences they allege. 8 U.S.C. § 1101(a)(15)(U)(i).

### I. Plaintiffs Do Not Seek, And This Court Cannot Make, A Final Assessment of Plaintiffs' U Visa Applications.

Defendants argue that the Court cannot grant Plaintiffs' Emergency Motions because the Plaintiffs' U-visa petitions do not satisfy all elements for issuance of a U-visa. For example, Defendants argue at length that Plaintiffs fail to demonstrate that they suffered "substantial physical or mental abuse". (Doc. 28 at 3-5.) While it is a strange analysis that would credit the alleged perpetrator's assessment of abuse suffered by the alleged victim, the salient point is that Plaintiffs do not and need not ask the Court to make any such finding. Plaintiffs argue only that this Court should certify that the moving Plaintiff "has been helpful, is being or is likely to be helpful in the investigation and/or prosecution" of the forced labor, involuntary servitude and human trafficking claims they bring under the Victims of Trafficking and Violence Protection Act ("TVPA"). *See e.g.,* (Doc. 10-9, Proposed Form I-918 Supplement B, at 2, Item 4); 8 U.S.C. § 1101(a)(15)(U)(i).

The motions before this Court are not visa applications. This Court is not vested with the authority to determine whether the Plaintiffs have "suffered substantial physical

---

Emilio Salguero, Misael Garcia and Manuel Maldonado, named in the Second Emergency Motion for U-Visa Certification. Per Order of the Court, all briefing on both Motions was to be submitted simultaneously. (Doc. 19); (Doc. 26).

2

or mental abuse" that rise to the level of granting a U-visa. "USCIS [The U.S. Customs and Immigration Service] has sole jurisdiction over all petitions for U nonimmigrant status." 8 CFR 214.14(c)(1). Judicial certification notwithstanding, USCIS retains the ultimate authority to determine visa eligibility:

> While USCIS will give a properly executed certification on Form I-918, Supplement B, significant weight, USCIS will not consider such certification to be conclusory evidence that the petitioner has met the eligibility requirements. USCIS believes that it is in the best position to determine whether a petitioner meets the eligibility requirements as established and defined in this rule. In addition to Form I-918, Supplement B, this interim rule permits the petitioner to provide any additional evidence that is relevant and credible to help demonstrate that the petitioner meets each of the eligibility requirements.

72 FR 53014 at *53024. USCIS will make determinations of Plaintiffs' qualifying harms and visa eligibility on a much more extensive record than that currently developed.[2] In this case, USCIS will consider professional psychiatric evaluations of each moving Plaintiff. This Court's role is limited to its expertise. Plaintiffs' Emergency Motions request only that this Court certify the helpfulness of the individual U-visa petitioners in the investigation or prosecution of the TVPA claims at issue in this case. 8 U.S.C. § 1101(a)(15)(U)(i). This certification is but one element of the evaluation that USCIS will undertake.

---

[2] Ultimately, eligibility for U visa interim relief must be made on 'case-by-case determinations, using [these] factors as guidelines....Through these factors USCIS will be able to evaluate the kind and degree of harm suffered by the individual applicant, based upon the individual applicant's experience.' 72 FR 53018.

To the extent Plaintiffs' proposed I-918 Supplement B Forms include any judicial statement regarding injury to the victim, they state only that the moving Plaintiff has "made a credible prima facie showing that he has suffered emotional mental and physical harm as a result of alleged forced labor at the worksite of the employer." *See e.g.,* (Doc. 10-9 at 4.) Such a preliminary finding is actually unnecessary to the Court's certification of the I-918 Supplement B Form, as that form asks the Court only for "a description of any *known or documented* injury to the victim." (Doc. 10-9 at 2, Part 3, #6). Plaintiffs contend that their declarations do make the stated "credible prima facie showing". If however, the Court does not feel that the submitted declarations suffice to create a "known or documented injury to the victim" the Court could simply certify the moving Plaintiffs' helpfulness without making any statement in response to Part 3, #6 of the I-918 Application. This Court's role is limited to certification of helpfulness in the investigation or prosecution of an action arising under the enumerated criminal statutes.

## II.    Findings Of Fact Are Premature And Unwarranted.

Defendants argue that they were not an employer of the moving Plaintiffs "for the purposes of the Fair Labor Standards Act and all other applicable federal laws"[3] and

---

[3] Plaintiffs note that their claims stated under the Victims of Trafficking Protection Act do not require that any Defendant be an employer, as 18 U.S.C. § 1589's forced labor prohibition applies to "Whoever knowingly provides or obtains the labor or services of a person" while 18 USC § 1590 covers "Whoever

4

deny the agency of underlings who may have acted for them *vis a vi* the moving Plaintiffs. (Doc. 28 at 2-3.) Defendants' attempts to litigate the merits of this lawsuit, which they have yet to answer, are clearly premature. Plaintiffs' motion does not seek any finding of fact from this Court. Rather, Plaintiffs proposed I-918 Supplement B Forms state only that the moving Plaintiff:

> is a Plaintiff in the attached lawsuit presently pending in the U.S. District Court for the Eastern District of Louisiana, alleges claims under the Victims of Trafficking Protection Act ("VTPA"), 18 U.S.C. § 1595. The TVPA provides a civil remedy for violations of U.S. Criminal Code Sections 1589 ("Forced labor") and 1590 ("Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor")(18 U.S.C. §1595), for victims of severe forms of trafficking in persons. The undersigned Federal District Judge hereby certified [sic] that she is adjudicating [moving Plaintiff]'s status as such a victim of trafficking ad forced labor. [Moving Plaintiff] has made a prima facie showing of entitlement to relief at this stage of the proceedings. The undersigned Federal District judge is vested with the authority to preside over these claims under the TVPA.
>
> [Moving Plaintiff] may be a victim of forced labor because he makes a prima facie showing that his employer obtained his labor by threats of serious harms. [Moving Plaintiff] has proven his helpfulness to this investigation through the declaration attached here.

*See e.g.,* (Doc. 10-9 at 4). All references to the facts of this case in Plaintiffs' proposed Form I-918 Supplement B are couched in the language of a *prima facie* showing. Plaintiffs do not seek any findings of fact at this highly preliminary stage of the proceedings.

---

knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services".

5

Of course, Defendants are correct in asserting that the Plaintiffs, deprived of discovery, cannot yet ascertain all facts underlying their claims. (Doc. 28 at 3)("Mr. Aguilar-Garcia has no actual knowledge as to who informed the immigration authorities of their presence, and regardless, it was not Audubon.") The Plaintiffs, currently in possession of only their own evidence[4], can know with certainty only that their employers consistently threatened them with eviction, arrest and deportation when they stopped working and asked for payment of wages legally owing; and that when *these* Defendants were presented with a formal demand letter seeking wage payment, immigration authorities did, in fact appear as threatened. (Doc. 10-4, R. Aguilar-Garcia Decl. ¶¶ 6-8, 10-12.) Defendants, in their opposition to these Motions to which they are not actually a party, endeavor to defend against minimum wage litigation through deportation of the unpaid Plaintiff; a course of conduct consistent with the retaliation Plaintiffs allege in the substantive lawsuit. (Doc. 1 ¶¶ 62-9, 108-115.)

Whether the TVPA or the FLSA have in fact been violated, and the extent of Defendants' liability for those violations are not at issue in the pending motions. Discovery has yet to commence, let alone conclude. Any determination of Defendants' status as statutory employers or as parties culpable under the TVPA, should be made following full discovery. Martinez-Mendoza v. Champion Int'l Corp., 340 F.3d 1200,

---

[4] It should be noted that the existence of continuing investigations has caused the limitation and/or denial of Plaintiffs' FOIA requests to U.S. Immigration and Customs Enforcement.

1209 n.27 (11th Cir. 2003). Findings of fact are neither requested nor appropriate at this preliminary stage of the proceeding.

### III. This Court Has The Authority To Certify Movants' U-Visas.

#### A. The Instant Proceeding Under the TVPA Warrants U Visa Certification.

The Victims of Trafficking and Violence Protection Act ("TVPA"), under which Plaintiffs assert their claims, and the U nonimmigrant visa which the moving Plaintiffs seek share a common statutory origin. Congress created the U-visa classification in the TVPA, to "encourage law enforcement officials to better serve immigrant crime victims and to prosecute crimes committed against aliens." TVPA of 2000, div. B, Violence Against Women Act of 2000, tit. V, Battered Immigrant Women Protection Act of 2000, Pub. L. 106-386, sec. 1513(a)(2)(A). However, in reauthorizing the Act three years later, Congress sought to expand the vindication of claims under criminal statutes related to human trafficking, by creating a supplemental civil vehicle to prosecute these claims. 18 U.S.C. § 1595(a). The Trafficking Victims Protection Reauthorization Act of 2003 created the civil right of action that is the basis of the suit pending before this Court, by amending Title 18 of the U.S. Criminal Code. H.R. 2620 Sec. 4(a)(4).

The TVPA is one of very few statutes that authorize civil litigation of claims arising from the violation of specified criminal laws. 18 U.S.C. § 1595(a). Plaintiffs are

7

before this Court prosecuting a TVPA civil action under the criminal trafficking, forced labor and involuntary servitude statutes.[5] Trafficking and involuntary servitude are also among the crimes listed in the U visa statute, as priority offenses the prosecution of which may be assisted by U visa certification. 8 U.S.C. § 1101(a)(15)(U)(iii). The existence or lack of a criminal indictment in this case is immaterial. Plaintiffs are before this Court prosecuting their civil claims under the criminal laws prohibiting trafficking and involuntary servitude, which are specifically referenced as appropriate for treatment under *both* the U Visa and the TVPA. The pending civil action constitutes an investigation or prosecution proceeding under the criminal statutes enumerated in 8 U.S.C. § 1101(a)(15)(U)(iii).

The U visa program's implementing regulations contemplate U-visa certifying agents as including a "Federal, State, or local law enforcement agency, prosecutor, judge, or other authority, that has responsibility for the investigation or prosecution of a qualifying crime or criminal activity." 8 CFR 214.14(a)(2). Recognizing that judges technically "neither investigate crimes nor prosecute perpetrators," USCIS suggests that "the term 'investigation or prosecution' should be interpreted broadly. 72 FR 53020. This guidance comports with the U.S. Supreme Court's construction of the term 'prosecution':

---

[5] *See,* 18 U.S.C. § 1590 (incorporating 18 U.S.C. § 1584) and the substantively identical crime of forced labor 18 U.S.C. § 1589, for which a private right of action was extended by 18 U.S.C. § 1595.

8

> What is a suit? We understand it to be the prosecution, or pursuit, or some claim, demand, or request. In law language, it is the prosecution of some demand in a Court of justice....To commence a suit, is to demand something by the institution of process in a Court of justice; and to prosecute the suit, is, according to the common acceptation of language, to continue that demand.

Cohens v. Virgina, 19 U.S. 264, 407-8 (U.S. 1821); See also: United States v. Dinneen, 455 F. Supp. 20, 25 (W.D. La. 1977) ("'Prosecution' may be defined as 'the following up or carrying on of an action or suit already commenced until the remedy be attained.'") (quoting Lupton v. Chase Nat'l Bank, 89 F. Supp. 393, 397 (D. Neb. 1950)) *rev'd in irrelevant part by* 577 F.2d 919 (5th Cir. 1978); *See also,* BLACK'S LAW DICTIONARY 1221 (6th ed. 1990) (the term prosecution "is also used respecting civil litigation, and includes every step in action, from its commencement to its final determination.") The prosecution of the Plaintiffs' TVPA claims, proceeding under the qualifying criminal laws, is properly regarded as "prosecution" for the purposes of U visa certification. 8 U.S.C. §1101(a)(15)(U); 8 CFR 214.14(a)(2).

Moreover, this Court is an authority "that has responsibility for the investigation... of a qualifying crime or criminal activity" listed in the U visa statute. 8 C.F.R. § 214.14(a)(2); 8 U.S.C. § 1101(a)(15)(U)(iii). Such investigation is defined as including "the detection or investigation of a qualifying crime or criminal activity". 8 CFR 214.14(a)(5). Plaintiffs will necessarily be engaged in the investigation of Defendants' alleged violations of the criminal statutes prohibiting forced labor,

9

involuntary servitude and human trafficking in this action, and this Court will be charged with supervising the discovery process. *Kan. City S. Ry. Co. v. Nichols Constr. Co., L.L.C.*, 2007 U.S. Dist. LEXIS 62928 (E.D. La. Aug. 27, 2007). As such, this Court has responsibility for overseeing the investigation and prosecution of claims under qualifying criminal laws. This Court may properly certify and should certify Plaintiffs' I-918 Supplement B U Nonimmigrant Status Certification forms. (Docs. 10-8, 10-9, 10-10); (Docs. 24-7, 24-8, 24-9).

## CONCLUSION

For the reasons set forth herein, Plaintiffs' Emergency Motions for U-Visa Certification should be granted.

Respectfully Submitted,

_/s/ Vanessa Spinazola_
Vanessa Spinazola (TA)
LSBN 31328
The Pro Bono Project
615 Baronne Street, Suite 201
New Orleans, LA 70113
Tel: (504) 581-4043

Mary C. Bauer (TA)
Virginia State Bar # (*Pro Hac Vice* motion pending)
Andrew H. Turner (TA)
Virginia State Bar # 48853 (*Pro Hac Vice* motion pending)
Immigrant Justice Project
Southern Poverty Law Center
400 Washington Ave.
Montgomery, AL  36140
Tel:  (334) 956-8326
Fax:  (334) 956-8481

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Reply in Support of Plaintiffs' Emergency Motions For U-Visa Certification* with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record for Defendants.

> James M. Garner
> Elwood F. Cahill, Jr.
> Debrah J. Fishman
> Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC
> 909 Poydras Street, 28th Floor
> New Orleans, LA   70112-1033
> Phone:  504-299-2100
> Fax:  504-299-2300

This 15th day of April, 2008.

/S/ **Vanessa Spinazola**