UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDI GARCIA, MISBEL GARCIA, JOSE SALVADOE VALLADARES, DENIS AMADOR-DIAZ, EMILIO SALGUETO, REYES AGULIA-GARCIA, GUSTAVO GARCIA, ILSA CANALES JOSE EFRAIN GARCIA-HERNANDEZ, EDGAR GOVANTI GARCIA-MARTINEZ, AND SANTOS LARA, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-1291** |
| **AUDUBON COMMUNITIES MANAGEMENT, LLC, AUDUBON-ALGIERS, LLC, AND CHARLES REHYER** | **SECTION "C" (5)** |

### ORDER AND REASONS

Before the Court are Emergency Motions for U Visa Certification, filed by the plaintiffs, Fredi Garcia, Misbel Garcia, Jose Salvadoe Valladares, Denis Amador-Diaz, Emilio Salgueto, Reyes Agulia-Garcia, Gustavo Garcia, Ilsa Canales Jose Efrain Garcia-Hernandez, Edgar Govanti Garcia-Martinez, and Santos Lara ("Plaintiffs") (Rec. Docs. 10 & 24). The defendants, Audubon Communities Management, LLC, Audubon-Algiers, LLC, and Charles Rehyer

1

("Defendants"), oppose the motions.[1]  The motions are before the Court on the briefs without oral argument.  Having considered the memoranda and arguments of counsel, the record, and the applicable law, the Court finds that certification of the U-Visa applications is appropriate.

## I. Background

The plaintiffs are non-documented workers who have filed suit against their former employer alleging that the Defendants improperly withheld wages.  In addition, the Plaintiffs allege claims under the Fair Labor Standards Act ("FLSA") and the Victims of Trafficking Protection Act, 18 U.S.C. § 1581 *et seq.*  Specifically, the Plaintiffs allege that the employer-defendants promised housing and weekly salaries in exchange for labor.  The Plaintiffs state that they were consistently underpaid, and that complaints were met with threats of eviction.  The Plaintiffs note that shortly after they filed this lawsuit to recoup their wages, agents of the Department of Homeland Security and Immigration and Customs Enforcement raided the employer-defendant's workplace and apprehended several of the named plaintiffs.  The Plaintiffs now seek U-Visa certifications because the apprehended Plaintiffs have been detained since February 27, 2008, and are facing deportation.

## II. Law & Analysis

According to the regulations promulgated by the Department of Homeland Security, the purpose of the U nonimmigrant classification is to provide a safe-harbor for non-documented victims of qualifying crimes.  72 Fed. Reg. 53014-15.  The regulations state:

---

[1] The Defendants initially assert that the Court "does not have the authority to issue the requested U-Visas."  The Court agrees.  However, the Plaintiffs' motion merely requests that the Court certify "Supplement B" of Form I-918 so that the Plaintiffs may apply for U-Visas.  The Department of Homeland Security (Vermont Service Center) is responsible for making U-Visa determinations.

> Alien victims may not have legal status and, therefore may be reluctant to help in the investigation or prosecution of criminal activity for fear of removal from the United States. In passing this legislation, Congress intended to strengthen the ability of law enforcement agencies to investigate and prosecute cases of domestic violence, sexual assault, trafficking of aliens and other crimes while offering protection to victims of such crimes. See BIWPA,[2] sec. 1513(a)(2)(A). Congress also sought to encourage law enforcement officials to better serve immigrant crime victims.

*Id.*

There are several criteria in order to obtain U-Visa status. The applicant(s) must demonstrate: (1) that they have suffered substantial physical or mental abuse as a result of having been the victim of qualifying criminal activity; (2) they must possess information concerning the qualifying criminal activity; and (3) the must have been helpful, are being helpful, or are likely to be helpful in the investigation or prosecution of the qualifying criminal act. 8 U.S.C. § 1101(a)(15)(U)(i). In addition, applicants must submit Supplement B to Form I-918 to file for a U-Visa. Supplement B is also known as "U Nonimmigrant Status Certification," and requires a qualified "certifying official" to affirm:

> the person signing the certificate is the head of the certifying agency, or any person(s) in a supervisory role who has been specifically designated by the head of the certifying agency to issue U nonimmigrant status certifications on behalf of that agency, or is a Federal, State, or local judge; the agency is a Federal, State, or local law enforcement agency, or prosecutor, judge or other authority, that has responsibility for the detection, investigation, prosecution, conviction, or sentencing of qualifying criminal activity; the applicant has been a victim of qualifying criminal activity that the certifying official's agency is investigating or prosecuting; the petitioner possesses information concerning the qualifying criminal activity of which he or she has been a victim; the petitioner has been, is being, or is likely to be helpful to an investigation or prosecution of that qualifying criminal activity; and the qualifying criminal activity violated U.S. law, or occurred in the United States, its territories, its possessions, Indian country, or at military installations abroad.

---

[2] BIWPA stands for the "Battered Immigrant Women Protection Act of 2000."

8 C.F.R. § 214.14(c)(2)(i); *see also* 72 Fed. Reg. 53023-24.

In their motions, the Plaintiffs request that the undersigned act as the "certifying official" for their U-Visa applications. It is undisputed that a federal judge is qualified to "certify" U-Visa applications. 8 U.S.C. § 1101(a)(15)(U)(i)(III); 8 C.F.R. § 214.14(a)(3)(ii).[3] However, the Defendants assert that the Plaintiffs are not eligible for U-Visa status, and thus, the undersigned should not "certify" their applications. Essentially, the Defendants argue that they were not the perpetrators of any of the alleged qualifying criminal activity because outside contractors were responsible for hiring and firing the Plaintiffs. In addition, the Defendants contend that the Plaintiffs have not alleged "substantial physical or mental abuse" as required to obtain U-Visas. Finally, the Defendants assert that the Plaintiffs are not entitled to U-Visa certification because the Plaintiffs' allegations are confined to a civil complaint, instead of criminal charges.

Based on the complaint and the exhibits attached to the Emergency Motions for U-Visa Certification, the Court finds that the Plaintiffs have made a prima facie[4] showing that they have been a victim of qualifying criminal activity,[5] that they possess information concerning the qualifying criminal activity, and that they are likely to be helpful to an investigation or prosecution of that qualifying criminal activity. Specifically, the Plaintiff's statements are

---

[3] The regulations specifically states, "[j]udges neither investigate crimes nor prosecute perpetrators. Therefore, USCIS believes that the term 'investigation or prosecution' should be interpreted broadly as in the AG Guidelines." 72 Fed. Reg. 53020.

[4] "Prima Facie" has two (2) definitions in Black's Law Dictionary: 1. "Sufficient to establish a fact or raise a presumption unless disproved or rebutted." 2. As an adjective, "at first sight; on first appearance but subject to further evidence or information." Both definitions apply in this matter.

[5] The Plaintiffs assert that they have been victims of several "qualifying crimes," including: Involuntary Servitude and Human Trafficking.

evidence that legal coercion was used against the Plaintiffs to continue working without pay. Indeed, the allegations detail a pattern of conduct by the employer-defendants to force the plaintiff-employees to work by taking advantage of the plaintiff-employees undocumented immigration status.  The statutory definition of "Involuntary Servitude" states:

> The term "involuntary servitude" includes a condition of servitude induced by means of--
>     (A) any scheme, plan, or pattern intended to cause a person to believe that, if the person did not enter into or continue in such condition, that person or another person would suffer serious harm or physical restraint; or
>     (B) the abuse or threatened abuse of the legal process.

22 U.S.C. § 7102(5).  In this matter, the Plaintiffs specifically allege that when they complained of failure to remit wages in a timely fashion, they were told that they "didn't have any rights in this county and that we should shut up and keep working if we didn't want [to be deported]."[6] Rec. Doc. 10, Exhibit 2, ¶ 11.  The Plaintiffs allege that their demands for wages were met with the threatened abuse of the legal process. Stated another way, the Plaintiffs allege that their employers used the threat of deportation to force continued labor.  Thus, there is sufficient evidence for a prima facie showing of Involuntary Servitude.

    Furthermore, the Court notes that on-going criminal investigation may not be necessary to certify a U-Visa application because the regulations contemplate the future helpfulness of the applicant(s):

> USCIS interprets 'helpful' to mean assisting law enforcement authorities in the investigation or prosecution of the qualifying criminal activity of which he or she is a victim ... The requirement was written with several verb tenses, recognizing that an alien may apply for U nonimmigrant status at different stages of the

---

[6] One plaintiff alleges that he "continued working without pay because [he] was afraid that the bosses would call the police to deport [him] as they had said."  Rec. Doc. 10, Exhibit 2, ¶ 12.

> investigation or prosecution. By allowing an individual to petition for U nonimmigrant status upon a showing that he or she **may be helpful at some point in the future,** USCIS believes that Congress intended for individuals to be eligible for U nonimmigrant status at the very early stages of an investigation. This suggests an ongoing responsibility to cooperate with the certifying official while in U nonimmigrant status.

72 Fed. Reg. 53019 (emphasis added).  Indeed, part of the regulations in the CFR state, "U nonimmigrant status certification means Form I-918, Supplement B, 'U Nonimmigrant Status Certification,' which confirms that the petitioner has been helpful, is being helpful, **or is likely to be helpful** in the investigation or prosecution of the qualifying criminal activity of which he or she is a victim."  8 C.F.R. § 214.14(a)(12). Therefore, the Defendants' argument that the Plaintiffs do not qualify for U-Visa certification is unconvincing.  The Court concludes that the Plaintiffs are entitled to U-Visa certification because they have provided sufficient evidence to show that they "may be helpful at some point in the future" to an investigation regarding qualifying criminal activity.

The Defendants argument that the Plaintiffs have failed to allege facts sufficient to constitute "substantial physical or mental abuse" is not convincing.  The Defendants note that the Plaintiffs have neither alleged that they were victims of "battery or physical violence," nor victims of "extreme cruelty."  The Court finds that "physical or mental abuse" is not commensurate with "battery or physical violence."  The regulations regarding "substantial physical or mental abuse" state:

> Whether abuse is substantial is based on a number of factors, including but not limited to: The nature of the injury inflicted or suffered; the severity of the perpetrator's conduct; the severity of the harm suffered; the duration of the infliction of the harm; and the extent to which there is permanent or serious harm to the appearance, health, or physical or mental soundness of the victim, including aggravation of pre-existing conditions. No single factor is a prerequisite to establish that the abuse suffered was substantial. Also, the existence of one or

>more of the factors automatically does not create a presumption that the abuse
>suffered was substantial. A series of acts taken together may be considered to
>constitute substantial physical or mental abuse even where no single act alone
>rises to that level.

8 C.F.R. § 214.14(b)(1). In addition, the regulations state, "[p]hysical or mental abuse means injury or harm to the victim's physical person, or harm to or impairment of the emotional or psychological soundness of the victim." 8 C.F.R. § 214.14(a)(8). In this matter, the Plaintiffs have alleged mental and physical suffering because of the living conditions they were forced to endure. The Plaintiffs state that without steady pay, they had to find food "in the trash." Not only have the Plaintiffs alleged feeling "shameful" and "sad" because they could not afford to buy food; they also allege physical distress from the lack of nourishment. Rec Doc. 10, Exhibit 3 ¶ 14; Rec. Doc. 10, Exhibit 2 ¶ 10. Therefore, the Court finds that the Plaintiffs have made a prima facie showing of substantial mental and physical suffering.

Finally, the Defendants' contention that the Plaintiffs are not entitled to U-Visa certification because the allegations pertain to "the conduct of third parties," not the conduct of Audubon itself, is unconvincing. The regulations state that applicants for U-Visa certification must be victims of qualifying crimes. The regulations do not mandate that a specific entity be the alleged perpetrator of the qualifying crimes. Consequently, at this point in the proceedings, the Plaintiffs have made a prima facie showing that they are entitled to U-Visa certification.

### III. Conclusion

Accordingly,

The Plaintiffs' Emergency Motions for U-Visa Certification are GRANTED (Rec. Docs. 10 & 24). The Court will certify the Plaintiffs' U-Visa applications by signing the submitted "Supplement B" forms, so long as no additions, deletions, or alterations are made to the

"Attachment A" forms.

 New Orleans, Louisiana, this 15th day of April, 2008.

                 _____
                 HELEN G. BERRIGAN
                 UNITED STATES DISTRICT JUDGE