## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

### NEW ORLEANS DIVISION

| | |
|---|---|
| FREDI GARCIA, ) | |
| MISAEL GARCIA, ) | |
| JOSE SALVADOR BALLADARES, ) | |
| VICTOR MANUEL MALDONADO, ) | |
| DENIS AMADOR-DIAZ, ) | |
| EMILIO SALGUERO-FUENTES, ) | |
| REYES AGUILAR-GARCIA, ) | |
| JOSE EFRAIN GARCIA-HERNANDEZ, ) | |
| EDGAR YOVANI GARCIA-MARTINEZ, ) | |
| SANTOS LARA ) | |
| ESVIN GARCIA, ) | |
| SALVADOR LOPEZ ) | |
| on behalf of themselves and ) | |
| all others similarly situated, ) | |
| ) | |
| and ) | |
| ) | |
| JULIO CESAR HERNANDEZ-GARCIA, ) | |
| and GUSTAVO GARCIA ) | |

|  |  |  |
|---|---|---|
| Plaintiffs, | ) | **Civ. No. 08-1291** |
| v. | ) | Sect. C Mag. 4 |
| | ) | |
| AUDUBON COMMUNITIES MANAGEMENT, | ) | **First Amended Complaint** |
| LLC, | ) | |
| AUDUBON-ALGIERS, LLC | ) | |
| AUDUBON-ALGIERS PARTNERS, LLC, | ) | |
| AUDUBON-ALGIERS HOLDINGS I, LLC, | ) | |
| AUDUBON-ALGIERS HOLDINGS II, LLC, | ) | |
| AGS ALGIERS, LLC, | ) | **Collective Action** |
| AUDUBON BRIDGE CITY, LLC, | ) | |
| AUDUBON BRIDGE CITY PARTNERS, LLC, | ) | |
| AUDUBON ABR, LLC, | ) | |
| AUDUBON BATON ROUGE PARTNERS, LLC | ) | |
| AUDUBON JACKSON, LLC | ) | |
| AUDUBON JACKSON PARTNERS, LLC, | ) | |
| AUDUBON REALTY CAPITAL, LLC, | ) | |
| ANDREW SCHWARZ, | ) | |
| and CHARLES REYHER, | ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

**I.  PRELIMINARY STATEMENT**

1.      This lawsuit arises from the Defendants' imposition of forced labor, human trafficking and unlawful underpayments on the Plaintiff immigrant reconstruction workers, who worked to restore and maintain Defendants' apartment complexes - located in or near Algiers, Louisiana; Bridge City, Louisiana; Baton Rouge, Louisiana; and Jackson, Mississippi . The Plaintiffs were employed by Defendants on work crews overseen by Abelardo Rodriguez, by H&H Associates and by Alcantara Carpentry.  The Plaintiffs state claims under the Victims of Trafficking Protection Act 18 U.S.C. § 1595 (2008) (hereinafter "VTPA") and under the Fair Labor Standards Act 29 U.S.C. § 201 *et. seq.* (2008) (hereinafter "FLSA").

2.      Defendants promised the Plaintiffs both housing at the worksite and weekly salaries in exchange for their labor at Defendants' multifamily residential complexes.   However, Plaintiffs were consistently underpaid and/or unpaid for their labor.  When the Plaintiffs complained about the lack of payment, Defendants consistently responded by threatening them with unlawful eviction and/or with calling law enforcement authorities.  Fearful of these threats, Plaintiffs continued to work for Defendants, often without pay.

3.      On one occasion in 2007, six Plaintiffs were unlawfully evicted from their employer-provided housing in retaliation for having complained about nonpayment and/or underpayment of wages.  On February 19, 2008, Plaintiffs' counsel sent a letter to Defendant

Audubon-Algiers, LLC on Plaintiffs' behalf complaining of violations of the Fair Labor Standards Act.  Defendants' registered agent received this correspondence by February 22, 2008. On or about February 27, 2008 agents of the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement (hereinafter "ICE") raided Defendants' Audubon Pointe apartment complex in Algiers, Louisiana and apprehended seven of the Plaintiffs as they reported for work in Defendants' offices to begin the work day.  Some of the individuals detained during ICE's February 27, 2008 raid were named in Plaintiffs' counsel's February 19, 2008 demand letter as having FLSA claims against Defendants.

4.     Upon information and belief, Defendants and/or their agents unlawfully retaliated against the Plaintiffs for having demanded payment of their wages under the Fair Labor Standards Act.  Upon information and belief, Defendants or their agents unlawfully provided a tip to ICE which encouraged and resulted in the jailing of seven Plaintiffs for periods as long as nine weeks.

## II.  JURISDICTION AND VENUE

5.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under 18 U.S.C. § 1595 (Trafficking in Persons) and under 29 U.S.C. §§ 201 *et. seq.* (Fair Labor Standards Act).

6.     Venue is proper in this Court because a substantial part of the events and omissions giving rise to the claims occurred within the Eastern District of Louisiana.  Plaintiffs

were victims of human trafficking, performing forced labor within the Eastern District of Louisiana.  Venue is proper in this Court because Plaintiffs performed work within the Eastern District of Louisiana for which they allege entitlement to unpaid minimum wages and/or overtime, penalties and attorney fees.  Venue is proper in this Court because Defendants retaliated against Plaintiffs for activity protected by the Fair Labor Standards Act within the Eastern District of Louisiana.  Plaintiffs complaint arises from mistreatment occurring at four worksites located respectively in Orleans Parish, Jefferson Parrish, East Baton Rouge Parish and in Jackson, Mississippi.  The two principal worksites at issue in this litigation are located in the Eastern District of Louisiana.  The majority of the causes of action giving rise to this litigation occurred within the Eastern District of Louisiana.  28 U.S.C. § 1391(b)(2).

7.      Venue in this Court is also proper because all Defendants or their alter egos reside and/or regularly conduct business in the Eastern District of Louisiana.  28 U.S.C. § 1391 (b)(1); 28 U.S.C. § 1391(c).

8.      In the alternative, venue in this Court is also proper because Defendants or their alter egos may be found in the Eastern District of Louisiana.  28 U.S.C. § 1391 (b)(3).

## III.  THE PARTIES

### A.        Collective Action Plaintiffs

9.        During times pertinent to this action, Plaintiff Fredi Garcia was employed by Defendants as an interior renovation worker on work crews overseen by Abelardo Rodriguez, by H&H Associates and/or by Alcantara Carpentry.  Fredi Garcia was employed at Defendants' apartment complexes located in Algiers and in Jackson, Mississippi.  Fredi Garcia asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). Fredi Garcia's FLSA consent-to-sue form was attached to Plaintiffs original Complaint (Doc. 1) as Exhibit 1.

10.       During times relevant to this action, Plaintiff Misael Garcia was employed by Defendants as an interior renovation worker on work crews overseen by Abelardo Rodriguez, by H&H Associates and/or by Alcantara Carpentry.  Misael Garcia was employed at Defendants' apartment complex located in Algiers. Misael Garcia asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form was attached to Plaintiffs' original Complaint (Doc. 1) as Exhibit 2.

11.       During times relevant to this action, Plaintiff Jose Salvador Balladares[1] was employed by Defendants as an interior renovation worker on work crews overseen by Abelardo Rodriguez, by H&H Associates and/or by Alcantara Carpentry. Jose Salvador Balladares was

---

[1] Mr. Balladares' surname was misspelled as "Valladares" in Plaintiffs original Complaint.

employed at Defendants' apartment complex located in Algiers.  Jose Salvador Balladares asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form was attached to Plaintiffs' original Complaint (Doc. 1) as  Exhibit 3.


12.     During times relevant to this action, Plaintiff Victor Manuel Maldonado was employed by Defendants as an interior renovation worker on work crews overseen by Abelardo Rodriguez, by H&H Associates and/or by Alcantara Carpentry.  Victor Manuel Maldonado was employed at Defendants' apartment complexes located in Algiers and Jackson, Mississippi. Victor Manuel Maldonado asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form was attached to Plaintiffs' original Complaint (Doc. 1) as Exhibit 4.


13.     During times relevant to this action, Plaintiff Denis Amador-Diaz was employed by Defendants as an interior renovation worker on work crews overseen by Abelardo Rodriguez, by H&H Associates and/or by Alcantara Carpentry.  Denis Amador-Diaz was employed at Defendants' apartment complex located in Algiers.  Denis Amador-Diaz asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form was attached to Plaintiffs' original Complaint (Doc. 1) as Exhibit 5.

14.     During times relevant to this action, Plaintiff Emilio Salguero-Fuentes was employed by Defendants as an interior renovation worker on work crews overseen by Abelardo Rodriguez, by H&H Associates and/or by Alcantara Carpentry.  Emilio Salguero-Fuentes was employed at Defendants apartment complex located in Algiers.  Emilio Salguero-Fuentes asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form was attached to Plaintiffs' original Complaint (Doc. 1) as Exhibit 6.

15.     During times relevant to this action, Plaintiff Reyes Aguilar-Garcia was employed by Defendants as an interior renovation worker on work crews overseen by Abelardo Rodriguez, by H&H Associates and/or by Alcantara Carpentry.  Reyes Aguilar-Garica was employed at Defendants' apartment complexes located in Algiers and in Jackson, Mississippi.  Reyes Aguilar-Garcia asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form was attached to Plaintiffs' original Complaint (Doc. 1) as Exhibit 7.

16.     During times relevant to this action, Plaintiff Jose Efrain Garcia-Hernandez was employed by Defendants as an interior renovation worker on work crews overseen by Abelardo Rodriguez, by H&H Associates and/or by Alcantara Carpentry.  Jose Efrain Garcia-Hernandez was employed at Defendants' apartment complexes located in Algiers, Bridge City and in Jackson, Mississippi.  Jose Efrain Garcia-Hernandez asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as

authorized by 29 U.S.C. § 216(b). His FLSA consent form was attached to Plaintiffs' original Complaint (Doc. 1) as Exhibit 11.

17.     During times relevant to this action, Plaintiff Edgar Yovani Garcia-Martinez[2] was employed by Defendants as an interior renovation worker on work crews overseen by Abelardo Rodriguez, by H&H Associates and/or by Alcantara Carpentry.  Edgar Yovani Garcia-Martinez was employed at Defendants' apartment complexes located in Algiers, Bridge City and in Jackson, Mississippi.  Edgar Yovani Garcia-Martinez asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form was attached to Plaintiffs' original Complaint (Doc. 1) as Exhibit 12.

18.     During times relevant to this action, Plaintiff Santos Lara was employed by Defendants as an interior renovation worker on work crews overseen by Abelardo Rodriguez, by H&H Associates and/or by Alcantara Carpentry. Santos Lara was employed at Defendants' apartment complex located in Algiers.  Santos Lara asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b).  His FLSA consent form was attached to Plaintiffs' original Complaint (Doc. 1) as Exhibit 13.

19.     During times relevant to this action, Plaintiff Esvin Garcia was employed by Defendants as an interior renovation worker on work crews overseen by Abelardo Rodriguez, by

---

[2] Plaintiff Edgar Yovani Garcia-Martinez's middle name name was misspelled as "Govani" in Plaintiffs' original Complaint.

H&H Associates and/or by Alcantara Carpentry.  Esvin Garcia was employed at Defendants' apartment complexes located in Algiers, Bridge City, Baton Rouge and in Jackson, Mississippi. Esvin Garica asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form (Doc. 16 at 21) was filed with the Court on April 4, 2008.

20.     During times relevant to this action, Plaintiff Salvador Lopez-Guillen was employed by Defendants as an interior renovation worker on work crews overseen by Abelardo Rodriguez, by H&H Associates and/or by Alcantara Carpentry.  Salvador Lopez Guillen was employed at Defendants' apartment complexes located in Algiers, Bridge City, Baton Rouge and in Jackson, Mississippi.  Salvador Lopez-Guillen asserts his Count III and Count IV claims under the Fair Labor Standards Act on behalf of himself and all others similarly situated as authorized by 29 U.S.C. § 216(b). His FLSA consent form (Doc. 16 at 14) was filed with the Court on April 4, 2008.

### B.     Individual Plaintiffs Not Participating in FLSA Collective Action

21.     During times relevant to this action, Plaintiff Julio Cesar Hernandez-Garcia was employed by Defendants as an interior renovation worker and foreman on work crews overseen by Abelardo Rodriguez, by H&H Associates and/or by Alcantara Carpentry.  Julio Cesar Hernandez-Garcia was employed at Defendants' apartment complexes located in Algiers, Bridge City, Baton Rouge and in Jackson, Mississippi. Julio Cesar Hernandez-Garcia asserts his FLSA claims under Counts V, VI and VII of this Complaint.  He does not seek to participate in the

putative collective action asserted in Counts III and IV pursuant to 29 U.S.C. § 216(b), but rather

brings FLSA claims solely on his own behalf.  Julio Cesar Hernandez-Garcia's  FLSA consent

form was attached to Plaintiffs' original Complaint (Doc. 1) as Exhibit 8.


22.     During times relevant to this action, Plaintiff Gustavo Garcia was employed by

Defendants as an interior renovation worker and foreman on work crews overseen by Abelardo

Rodriguez, by H&H Associates and/or by Alcantara Carpentry.  Gustavo Garcia was employed

at Defendants' apartment complexes in New Orleans, Brideg City, Baton Rouge and in Jackson,

Mississippi. Gustavo Garcia asserts his FLSA claims under Counts V, VI and VII of this

Complaint.  He does not seek to participate in the putative collective action asserted in Counts III

and IV pursuant to 29 U.S.C. § 216(b), but rather brings FLSA claims solely on his own behalf.

His FLSA consent-to-sue form was attached to Plaintiffs' original Complaint (Doc. 1) as Exhibit

9.


23.     At all times relevant to this action, all Plaintiffs were "persons" subject to the

coverage of 18 U.S.C. § 1589; 18 U.S.C § 1590; 18 U.S.C. § 1594 and 18 U.S.C. § 1595.


24.     At all times relevant to this action, the Plaintiffs were "individuals" subject to the

coverage of 18 U.S.C. § 1595.


25.     At all times relevant to this action, the Plaintiffs were employees of the

Defendants as defined by 29 U.S.C. § 203(e)(3).

26.     At all times relevant to this action, the Plaintiffs were employed by the Defendants as defined by 29 U.S.C. § 203(g).

27.     At all times relevant to this action, the Plaintiffs were employees engaged in commerce or in the production of goods for commerce.

### C.     The Defendants

28.     At all times relevant to this action, all Defendants were "persons" subject to the coverage of 18 U.S.C. § 1589; 18 U.S.C § 1590; 18 U.S.C. § 1594 and 18 U.S.C. § 1595.

29.     At all times relevant to this action, Defendants were "perpetrators" subject to the coverage of 18 U.S.C. § 1595.

30.     At all times relevant to this action, Defendants employed the Plaintiffs within the meaning of 29 U.S.C. § 203(g).

31.     At all times relevant to this action, Defendants employed the Plaintiffs within the meaning of 29 U.S.C. § 203(d).

32.     At all times relevant to this action, the named Plaintiffs and all others similarly situated were employed by the Defendants in an enterprise engaged in commerce or in the production of goods for commerce.

## The Audubon Communities Management Defendants

### i.    Audubon Communities Management, LLC

33.    Defendant Audubon Communities Management, LLC is a New York limited liability conducting business at 4254 Maple Leaf Drive, New Orleans, Louisiana 70131.

34.    At times relevant to this action, Defendant Audubon Communities Management, LLC was the managing agent for Defendants' properties located at all four worksites/apartment complexes at issue in this action.   These four worksites/apartment complexes are located in Algiers, Bridge City, Baton Rouge, Louisiana and in Jackson, Mississippi.

35.    At times relevant to this action, Audubon Communities Management, LLC conducted business in the Eastern District of Louisiana.

### ii.    Charles Reyher

36.    Defendant Charles Reyher is a person of full age and majority.

37.    At times relevant to this action, Charles Reyher was the President of Defendant Audubon Communities Management, LLC.

38.     At times relevant to this action, Defendant Charles Reyher conducted significant business in the Eastern District of Louisiana.

### iii.     Andrew Schwarz

39.     Defendant Andrew Schwarz is a natural person of full age and majority.  Andrew Schwarz resides in New Orleans, Louisiana.

40.     At times relevant to this action, Andrew Schwarz was the owner and Chief Executive Officer of Defendant Audubon Communities Management, LLC.

41.     At times relevant to this action, Andrew Schwarz resided in and/or conducted significant business in the Eastern District of Louisiana.

### iv.     Single Business Enterprise/ Alter Ego

42.     At times relevant to this action, Defendant Audubon Communities Management, LLC provided its services to all corporate co-Defendants named herein and to Andrew Schwarz at a loss.  Upon information and belief, Defendant Audubon Communities Management, LLC provided its services to the corporate co-Defendants named in this case at rates below market value.  Upon information and belief, Defendant Audubon Communities Management, LLC did not deal with the corporate co-Defendants named in this case at arms length.

43.     Defendant Audubon Communities Management, LLC and the corporate co-Defendants named in this suit share a substantial identity of ownership and share common officers, members and managers.

44.     Upon information and belief, Defendant Audubon Communities Management, LLC is inadequately capitalized.

45.   Upon information and belief, Defendant Audubon Communities Management, LLC is financed by and provides financing to the corporate co-Defendants named in this suit and Andrew Schwarz.

46.     Upon information and belief, Defendant Audubon Communities Management, LLC did not maintain separate offices from the corporate co-Defendants named herein.

47.     Upon information and belief, Defendant Audubon Communities Mangement, LLC is so organized and controlled as to make it merely an instrumentality or adjunct of the corporate co-Defendants named in this suit and of Andrew Schwarz.

48.     Upon information and belief, Defendant Andrew Schwarz so dominated Audubon Communities Management, LLC and so disregarded its separate identity that Audubon Communities Management, LLC primarily transacted Andrew Schwarz's business, rather than its own.

49.     Upon information and belief Defendant Audubon Communities Management, LLC and all corporate co-Defendants named in this suit are alter egos.

50.     Upon information and belief, Defendant Audubon Communities Management, LLC and Defendant Andrew Schwarz are alter egos.

51.     Upon information and belief, Defendant Audubon Communities Management, LLC and all corporate co-Defendants named in this suit constitute a single business enterprise and a single employer.

52.     Upon information and belief, Defendant Audubon Communities Management, LLC and Defendant Andrew Schwarz constitute a single business enterprise and a single employer.

**The Audubon Pointe (Algiers) Defendants**

53.     At times relevant to this action Defendants owned and operated a multifamily residential complex located at and around 4254 Maple Leaf Drive, New Orleans, Louisiana 70131.  This complex did business under the name "Audubon Pointe".

**i.       Audubon-Algiers, LLC**

54.     Defendant Audubon-Algiers, LLC is a Delaware limited liability company maintaining a business establishment at 4254 Maple Leaf Drive, New Orleans, Louisiana 70131.

55.     At times relevant to this action, Defendant Audubon-Algiers, LLC owned Defendants' Audubon Pointe worksite/apartment complex.

56.     Audubon-Algiers, LLC was created as a "Special Purpose Entity" to hold title to Defendants' assets, which were in turn marketed to investors through Audubon-Algiers Partners, LLC and AGS Algiers, LLC.

57.     At times relevant to this action, Audubon-Algiers, LLC conducted business in the Eastern District of Louisiana.

## ii.     Audubon Algiers Holdings I, LLC

58.     Defendant Audubon Algiers Holdings I, LLC is a Delaware limited liability company maintaining a business establishment at 4254 Maple Leaf Drive, New Orleans, Louisiana 70131.

59.     At times relevant to this action, Defendant Audubon Algiers Holdings I, LLC owned a 100% membership interest in Audubon-Algiers, LLC which in turn owned Defendants' Audubon Pointe (Algiers) worksite/apartment complex.

60.     At  times relevant to this action, Audubon Algiers Holdings I, LLC conducted business in the Eastern District of Louisiana.

### iii.     Audubon Algiers Holdings II, LLC

61.     Defendant Audubon Algiers Holdings II, LLC is a Delaware limited liability company maintaining a business establishment at 4254 Maple Leaf Drive, New Orleans, Louisiana 70131.

62.     At times relevant to this action, Defendant Audubon Algiers Holdings II, LLC owned a 100% membership interest in Audubon Algiers Holdings I, LLC which in turn owned a 100% membership interest in Audubon-Algiers, LLC which in turn owned Defendants' Audubon Pointe (Algiers) worksite/apartment complex.

63.     At  times relevant to this action, Audubon Algiers Holdings I, LLC conducted business in the Eastern District of Louisiana.

### iv.     Audubon-Algiers Partners, LLC

64.     Defendant Audubon-Algiers Partners, LLC is a Delaware limited liability company maintaining a business establishment at 4254 Maple Leaf Drive, New Orleans, Louisiana 70131.

65.     At times relevant to this action, Defendant Audubon-Algiers Partners, LLC owned a 100% membership interest in Audubon Algiers Holdings II, LLC which in turn owned a 100% membership interest in Audubon Algiers Holdings I, LLC, which in turn owned a 100% membership interest in Audubon-Algiers, LLC, which in turn owned Defendants' Audubon Pointe (Algiers) worksite/apartment complex.

66.     At  times relevant to this action, Audubon-Algiers Partners, LLC conducted business in the Eastern District of Louisiana.

### v.     AGS Algiers Partners, LLC

67.     Defendant AGS Algiers, LLC is a Delaware limited liability company maintaining a business establishment at 4254 Maple Leaf Drive, New Orleans, Louisiana 70131.

68.     At times relevant to this action, AGS Algiers, LLC was the 100% owner of Audubon-Algiers Partners, LLC, which in turn owned a 100% membership interest in Audubon Algiers Holdings II, LLC which in turn owned a 100% membership interest in Audubon Algiers Holdings I, LLC, which in turn owned a 100% membership interest in Audubon-Algiers, LLC, which in turn owned Defendants' Audubon Pointe (Algiers) worksite/apartment complex.

69.     At times relevant to this action, AGS Algiers, LLC was the managing member of Defendant Audubon-Algiers Partners, LLC, which was in turn owned a 100% membership interest in Audubon Algiers Holdings II, LLC which in turn owned a 100% membership interest

in Audubon Algiers Holdings I, LLC, which in turn owned a 100% membership interest in Audubon-Algiers, LLC, which in turn owned Defendants' Audubon Pointe (Algiers) worksite/apartment complex.

70.     At times relevant to this action, AGS Algiers, LLC conducted business in the Eastern District of Louisiana.

### iv.     Andrew Schwarz

71.     Defendant Andrew Schwarz is a natural person of full age and majority.  Andrew Schwarz resides in New Orleans, Louisiana.

72.     At times relevant to this action, Andrew Schwarz was the managing member and partial owner of AGS Algiers, LLC.  At times relevant to this action, AGS Algiers, LLC was the managing member of Defendant Audubon-Algiers Partners, LLC, which was in turn owned a 100% membership interest in Audubon Algiers Holdings II, LLC which in turn owned a 100% membership interest in Audubon Algiers Holdings I, LLC, which in turn owned a 100% membership interest in Audubon-Algiers, LLC, which in turn owned Defendants' Audubon Pointe (Algiers) worksite/apartment complex.

73.     At times relevant to this action, Andrew Schwarz resided in and conducted significant business in the Eastern District of Louisiana.

**v.      Single Business Enterprise/Alter Ego**

74.      Upon information and belief, evasion of civil liability was a primary purpose for the creation of Audubon Algiers Holdings I, LLC, Audubon Algiers Holdings II, LLC, Audubon-Algiers Partners, LLC and AGS Algiers, LLC . These entities were created to isolate assets from creditors and potential creditors.  Upon information and belief, Audubon Algiers Holdings I, LLC, Audubon Algiers Holdings II, LLC, Audubon-Algiers Partners, LLC and AGS Algiers, LLC were sham entities designed to subvert the ends of justice.

75.      Upon information and belief, Audubon Algiers Holdings I, LLC, Audubon Algiers Holdings II, LLC, Audubon-Algiers Partners, LLC and AGS Algiers, LLC are inadequately capitalized.

76.      Upon information and belief the co-Defendants named here as Audubon Pointe (Algiers) Defendants share a substantial identity of ownership and share common officers, members and managers.

77.   Upon information and belief, the co-Defendants named here as Audubon Pointe (Algiers) Defendants are financed by and provide financing to one another.

78.      Upon information and belief, the co-Defendants named here as Audubon Pointe (Algiers) Defendants did not maintain separate offices.

79.     Upon information and belief, the co-Defendants named here as Audubon Pointe (Algiers) Defendants are so organized and controlled as to make them mere instrumentalities or adjuncts of one another.

80.     Upon information and belief, Defendant Andrew Schwarz so dominated the corporate co-Defendants named here as Audubon Pointe Defendants and so disregarded their separate identities that they primarily transacted business on behalf of Andrew Schwarz.

81.     Upon information and belief, the co-Defendants named here as Audubon Pointe (Algiers) Defendants are merely alter egos or business conduits of one another.

82.     Upon information and belief, Audubon-Algiers Partners, LLC, AGS Algiers, LLC, Audubon-Algiers, LLC, Andrew Schwarz and Audubon Communities Mangement, LLC constitute a single business enterprise and a single employer.

**The Audubon Village (Bridge City) Defendants**

83.     At times relevant to this action Defendants owned and operated a multifamily residential complex located at and around 1433 Utah Beach Dr. Bridge City, Louisiana 70094. This complex did business under the name "Audubon Village".

### i.      Audubon Bridge City, LLC

84.     Defendant Audubon Bridge City, LLC is a Louisiana limited liability company conducting business at 1750 St. Charles Ave., New Orleans, Louisiana 70130.

85.     At times relevant to this action, Audubon Bridge City, LLC was the owner of Defendants' Audubon Village (Bridge City) worksite/apartment complex.

86.     Upon information and belief, Audubon Bridge City, LLC was created as a "Special Purpose Entity" to hold title to Defendants' assets, which were in turn marketed to investors through Audubon Bridge City Partners, LLC.

87.     At times relevant to this action, Audubon Bridge City, LLC conducted business in the Eastern District of Louisiana.

### ii.      Audubon Bridge City Partners, LLC

88.     Upon information and belief, Defendant Audubon Bridge City Partners, LLC is an unregistered limited liability company conducting business at 1433 Utah Beach Drive, Bridge City, Louisiana 70094.

89.     At times relevant to this action, Audubon Bridge City Partners, LLC was the owner of Defendant Audubon Bridge City, LLC which, in turn, owned Defendants' Audubon Village (Bridge City) worksite/apartment complex.

90.     At times relevant to this action, Defendant Andrew Schwarz owned a 100% interest in Audubon Bridge City Partners, LLC.  Andrew Schwartz resides in New Orleans, Louisiana.

91.     At times relevant to this action, Audubon Bridge City Partners, LLC conducted business in the Eastern District of Louisiana.

### iii.     Andrew Schwarz

92.     Defendant Andrew Schwarz is a natural person of full age and majority.  Andrew Schwarz resides in New Orleans, Louisiana.

93.     At times relevant to this action, Andrew Schwarz was the managing member and sole owner of Audubon Bridge City Partners, LLC.  At times relevant to this action, Audubon Bridge City Partners, LLC was the owner of Defendant Audubon Bridge City, LLC which, in turn, owned Defendants' Audubon Village (Bridge City) worksite/apartment complex.

94.     At times relevant to this action, Andrew Schwarz resided in and conducted significant business in the Eastern District of Louisiana.

### iv.    Single Business Enterprise/Alter Ego

95.    Upon information and belief, evasion of civil liability was a primary purpose for the creation of Audubon Bridge City Partners, LLC. This entity was created to isolate assets from creditors and potential creditors.  Upon information and belief, Audubon Bridge City Partners, LLC was a sham entity designed to subvert the ends of justice.

96.    Upon information and belief, Audubon Bridge City Partners, LLC is inadequately capitalized.

97.    Upon information and belief the co-Defendants named here as Audubon Village (Bridge City) Defendants share a substantial identity of ownership and share common officers, members and managers.

98.    Upon information and belief, Defendant Andrew Schwarz so dominated Audubon Bridge City Partners, LLC and so disregarded its separate identity that Audubon Bridge City Partners, LLC primarily transacted Andrew Schwarz's business, rather than its own.

99.  Upon information and belief, the co-Defendants named here as Audubon Village (Bridge City) Defendants are financed by and provide financing to one another.

100.    Upon information and belief, the co-Defendants named here as Audubon Village (Bridge City) Defendants did not maintain separate offices.

101.    Upon information and belief, the co-Defendants named here as Audubon  Village (Bridge City) Defendants are so organized and controlled as to make them mere instrumentalities or adjuncts of one another.

102.    Upon information and belief, the co-Defendants named here as Audubon Village (Bridge City) Defendants are merely an alter egos or business conduits of one another.

103.    Upon information and belief, Audubon Bridge City, LLC, Audubon Bridge City Partners, LLC, Andrew Schwarz and Audubon Communities Mangement, LLC constitute a single business enterprise and a single employer.

### The Audubon Park (Baton Rouge) Defendants

104.    At times relevant to this action Defendants owned and operated a multifamily residential complex located at and around 1855 Boulevard De Province, Baton Rouge, Louisiana 70816.  This complex did business under the name "Audubon Park".

### i. Audubon ABR, LLC

105.    Defendant Audubon ABR, LLC is a Louisiana limited liability company conducting business at 1855 Boulevard De Province, Baton Rouge, Louisiana 70816.

106.    At times relevant to this action, Audubon ABR, LLC was the owner of Defendants' Audubon Park (Baton Rouge) worksite/apartment complex.

107.    Upon information and belief, Audubon ABR, LLC was created as a "Special Purpose Entity" to hold title to Defendants' assets, which were in turn marketed to investors through Audubon Baton Rouge Partners, LLC.

108.    At times relevant to this action, Audubon ABR, LLC was wholly owned by Defendant Audubon Baton Rouge Partners, LLC.  At times relevant to this action, Defendant Andrew Schwarz was the managing member and partial owner of Audubon Baton Rouge Partners, LLC which in turn owned Audubon ABR, LLC.  Andrew Schwartz resides in New Orleans, Louisiana.

109.    At times relevant to this action, Audubon ABR, LLC conducted business in the Eastern District of Louisiana.

## ii.    Audubon Baton Rouge Partners, LLC

110.    Defendant Audubon Baton Rouge Partners, LLC is a Louisiana limited liability company conducting business at 1855 Boulevard De Province, Baton Rouge, Louisiana  70816.

111.    At times relevant to this action, Audubon Baton Rouge Partners, LLC was the owner of Defendants' Audubon Park worksite/apartment complex.  At times relevant to this

action, Defendant Audubon Baton Rouge Partners, LLC owned Audubon ABR, LLC, which was in turn the owner of Defendants' Audubon Park worksite/apartment complex.

112.    At times relevant to this action, Defendant Andrew Schwarz was the managing member of Defendant Audubon Baton Rouge Partners, LLC.  Defendant Andrew Schwarz resides in New Orleans, Louisiana.

113.    At times relevant to this action, Audubon Baton Rouge Partners, LLC conducted business in the Eastern District of Louisiana.

### iii.    Andrew Schwarz

114.    Defendant Andrew Schwarz is a natural person of full age and majority.  Andrew Schwarz resides in New Orleans, Louisiana.

115.    At times relevant to this action, Andrew Schwarz was the managing member and a partial owner of Audubon Baton Rouge Partners, LLC. At times relevant to this action, Defendant Audubon Baton Rouge Partners, LLC owned Audubon ABR, LLC, which was in turn the owner of Defendants' Audubon Park worksite/apartment complex located in Baton Rouge, Louisiana.

116.    At times relevant to this action, Andrew Schwarz resided in and conducted significant business in the Eastern District of Louisiana.

### iv.     Single Business Enterprise/ Alter Ego

117.    Upon information and belief, evasion of civil liability was a primary purpose for the creation of Audubon Baton Rouge Partners, LLC.  This entity was created to isolate assets from creditors and potential creditors.  Upon information and belief, Audubon Baton Rouge Partners, LLC was a sham entity designed to subvert the ends of justice.

118.    Upon information and belief, Audubon Baton Rouge Partners, LLC is inadequately capitalized.

119.    Upon information and belief, Defendant Andrew Schwarz so dominated Audubon Baton Rouge Partners, LLC and so disregarded its separate identity that Audubon Baton Rouge Partners, LLC primarily transacted Andrew Schwarz's business, rather than its own.

120.    Upon information and belief the co-Defendants named here as Audubon Park (Baton Rouge) Defendants share a substantial identity of ownership and share common officers, members and managers.

121.   Upon information and belief, the co-Defendants named here as Audubon Park (Baton Rouge) Defendants are financed by and provide financing to one another.

122.    Upon information and belief, the co-Defendants named here as Audubon Park (Baton Rouge) Defendants did not maintain separate offices.

123.     Upon information and belief, the co-Defendants named here as Audubon  Park (Baton Rouge) Defendants are so organized and controlled as to make them mere instrumentalities or adjuncts of one another.

124.     Upon information and belief, the co-Defendants named here as Audubon Park (Baton Rouge) Defendants are merely an alter egos or business conduits of one another.

125.     Upon information and belief, Audubon ABR, LLC, Audubon Baton Rouge Partners, LLC, Andrew Shcwarz and Audubon Communities Mangement, LLC constitute a single business enterprise and a single employer.

**The Audubon Grove (Jackson, MS) Defendants**

126.     At times relevant to this action Defendants owned and operated a multifamily residential complex located at and around 3175 Robinson Street, Jackson, Mississippi 39209. This complex did business under the name "Audubon Grove".

**i.      Audubon Jackson, LLC**

127.     Defendant Audubon Jackson, LLC is a Delaware limited liability company conducting business at 3175 Robinson Street, Jackson, Mississippi 39209.

128.    At times relevant to this action, Audubon Jackson, LLC was the owner of Defendants' Audubon Grove (Jackson, MS) worksite/apartment complex.

129.    Upon information and belief, Audubon Jackson, LLC was created as a "Special Purpose Entity" to hold title to Defendants' assets, which were in turn marketed to investors through Audubon Jackson Partners, LLC.

130.    At times relevant to this action, Defendant Audubon Jackson, LLC was the owner of Defendants' Audubon Grove (Jackson, MS) worksite/apartment complex.  At times relevant to this action, Audubon Jackson, LLC was wholly owned by Audubon Jackson Partners, LLC. At times relevant to this action, Defendant Andrew Schwarz was the 100% owner and managing partner of Defendant Audubon Jackson Partners, LLC, which was, in turn the 100% owner of Audubon Jackson, LLC.  Defendant Andrew Schwarz resides in New Orleans, Louisiana.

131.    At times relevant to this action, Audubon Jackson Partners, LLC conducted business in the Eastern District of Louisiana.

## ii.    Audubon Jackson Partners, LLC

132.    Upon information and belief, Defendant Audubon Jackson Partners, LLC is an unregistered limited liability company conducting business at 3175 Robinson Street, Jackson, Mississippi 39209.

133.   At times relevant to this action, Defendant Audubon Jackson Partners, LLC was the sole owner of Audubon Jackson, LLC, which was in turn the owner of Defendants' Audubon Grove (Jackson, MS) worksite/apartment complex.

134.   At times relevant to this action, Defendant Andrew Schwarz was the 100% owner and managing partner of Defendant Audubon Jackson Partners, LLC.  Defendant Andrew Schwarz resides in New Orleans, Louisiana.

135.   At times relevant to this action, Audubon Jackson Partners, LLC conducted business in the Eastern District of Louisiana.

### iii.   Andrew Schwarz

136.   Defendant Andrew Schwarz is a natural person of full age and majority.  Andrew Schwarz resides in New Orleans, Louisiana.

137.   At times relevant to this action, Andrew Schwarz was the was the 100% owner and managing partner of Defendant Audubon Jackson Partners, LLC.  At times relevant to this action, Defendant Audubon Jackson Partners, LLC wholly owned Audubon Jackson, LLC, which was in turn the owner of Defendants' Audubon Grove (Jackson, MS) worksite/apartment complex.

138.    At times relevant to this action, Andrew Schwarz resided in and conducted significant business in the Eastern District of Louisiana.

### iv.    Single Business Enterprise/ Alter Ego

139.    Upon information and belief, evasion of civil liability was a primary purpose for the creation of Audubon Jackson Partners, LLC.  This entity was created to isolate assets from creditors and potential creditors.  Upon information and belief, Audubon Jackson Partners, LLC was a sham entity designed to subvert the ends of justice.

140.    Upon information and belief, Defendant Audubon Jackson, LLC had substantially no business other than with the co-Defendants named here as Audubon Grove (Jackson, MS) Defendants.

141.    Upon information and belief, Audubon Jackson Partners, LLC has grossly inadequate capital.

142.    Upon information and belief the co-Defendants named here as Audubon Grove (Jackson, MS) Defendants share a substantial identity of ownership and share common officers, members and managers.

143.    Upon information and belief, Defendant Andrew Schwarz so dominated Audubon Jackson Partners, LLC and so disregarded its separate identity that Audubon Jackson Partners, LLC primarily transacted Andrew Schwarz's business, rather than its own.

144.   Upon information and belief, the co-Defendants named here as Audubon Grove (Jackson, MS) Defendants are financed by and provide financing to one another.

145.    Upon information and belief, the co-Defendants named here as Audubon Grove (Jackson, MS) Defendants did not maintain separate offices.

146.    Upon information and belief, the co-Defendants named here as Audubon Grove (Jackson) Defendants are so organized and controlled as to make them mere instrumentalities or adjuncts of one another.

147.    Upon information and belief, the co-Defendants named here as Audubon Grove (Jackson, MS) Defendants are merely an alter egos or business conduits of one another.

148.    Upon information and belief, Audubon Jackson, LLC, Audubon Jackson Partners, LLC, Andrew Schwarz and Audubon Communities Mangement, LLC constitute a single business enterprise and a single employer.

## The Audubon Realty Capital Defendants

### i.        Audubon Realty Capital, LLC

149.     Audubon Realty Capital, LLC is a New Jersey limited liability company conducting business at 1000 S. Lenola Rd. Building One, Suite 103, Maple Shade, NJ  08052.

150.     At times relevant to this action, Audubon Realty Capital, LLC rendered payments for work performed by the Plaintiffs' work crews at Defendants' Audubon Pointe work site/apartment complex located in Algiers, Louisiana.

151.     At times relevant to this action, Andrew Schwarz was the sole member, 100% owner and managing partner of Defendant Audubon Realty Capital, LLC.  At times relevant to this action, Andrew Schwarz resided in and conducted significant business in the Eastern District of Louisiana.

152.     At times relevant to this action, Defendant Audubon Realty Capital, LLC conducted significant business in the Eastern District of Louisiana.

### ii.       Andrew Schwarz

153.     Defendant Andrew Schwarz is a natural person of full age and majority.  Andrew Schwarz resides in New Orleans, Louisiana.

154.    At times relevant to this action, Andrew Schwarz was the sole member, 100%

owner and managing partner of Defendant Audubon Realty Capital, LLC.


155.    At times relevant to this action, Andrew Schwarz resided in and conducted

significant business in the Eastern District of Louisiana.


### iv.    Single Business Enterprise/ Alter Ego


156.    Upon information and belief, evasion of civil liability was a primary purpose for

the creation of Audubon Realty Capital, LLC.  This entity was created to isolate assets from

creditors and potential creditors.  Upon information and belief, Audubon Realty Capital, LLC

was a sham entity designed to subvert the ends of justice.


157.    Upon information and belief, Defendant Audubon Realty Capital, LLC had

substantially no business other than with the co-Defendant Andrew Schwarz.


158.    Upon information and belief, Audubon Realty Capital, LLC has grossly

inadequate capital.


159.    Upon information and belief  Andrew Schwarz is the 100% owner and lone

member of Audubon Realty Capital, LLC.

160.    Upon information and belief, Defendant Andrew Schwarz so dominated Audubon Realty Capital, LLC and so disregarded its separate identity that Audubon Realty Capital, LLC primarily transacted Andrew Schwarz's business, rather than its own.

161.   Upon information and belief, Audubon Realty Capital, LLC is financed by and provides financing to Defendant Andrew Schwarz.

162.    Upon information and belief, Audubon Realty Capital, LLC is so organized and controlled as to make it a mere instrumentality or adjunct of Andrew Schwarz.

163.    Upon information and belief, Audubon Realty Capital, LLC is so organized and controlled as to make it a mere instrumentality or adjunct of Audubon Communities Management, LLC.

164.    Upon information and belief, Audubon Realty Capital, LLC is merely an alter ego or business conduit of Andrew Schwarz.

165.    Upon information and belief, Audubon Realty Capital, LLC is merely an alter ego or business conduit of Audubon Comunities Management, LLC.

166.    Upon information and belief, Audubon Realty Capital, LLC, Audubon Communities Mangement, LLC and Andrew Schwarz constitute a single business enterprise and a single employer.

## IV. STATEMENT OF FACTS

167.     At times relevant to this action Defendants owned, operated and managed apartment complexes located in Algiers, Louisiana, in Bridge City, Louisiana, in Baton Rouge, Louisiana and in Jackson, Mississippi.

168.     Defendants' Algiers, Louisiana apartment complex is called "Audubon Pointe of Algiers" and is located at 4254 Maple Leaf Drive in New Orleans, Louisiana.

169.     At various times between March 17, 2005 and March 17, 2008, Plaintiffs performed interior renovation work at Audubon Pointe on work crews overseen by Abelardo Rodriguez, H&H Associates and/or by Alcantara Carpentry.

170.     Defendants' Bridge City, Louisiana apartment complex is called "Audubon Village" and is located at and around 1433 Utah Beach Dr. Bridge City, Louisiana 70094.

171.     At various times between March 17, 2005 and March 17, 2008, Plaintiffs performed interior renovation work at Audubon Village on work crews overseen  by Abelardo Rodriguez, H&H Associates and/or by Alcantara Carpentry.

172.     Defendants' Baton Rouge, Louisiana apartment complex is called "Audubon Park" and is located at and 1855 Boulevard De Province, Baton Rouge, Louisiana 70816.

173.     At various times between March 17, 2005 and March 17, 2008, Plaintiffs performed interior renovation work at Audubon Park on work crews overseen by Abelardo Rodriguez, H&H Associates and/or by Alcantara Carpentry.

174.     Defendants' Jackson, Mississippi apartment complex is called "Audubon Grove" and is located at and around 3175 Robinson Street, Jackson, Mississippi 39209.

175.     At various times between March 17, 2005 and March 17, 2008, Plaintiffs performed interior renovation work at Audubon Grove on work crews overseen by Abelardo Rodriguez, H&H Associates and/or by Alcantara Carpentry.

176.     At times relevant to this action, Defendants employed the Plaintiffs as interior renovation workers whose job duties were to paint, clean, replace molding, change windows, and/or install sheetrock, doors, toilets, cabinets, wiring and carpets. Plaintiffs' job duties were manual in nature and did not include any duties that could be exempt under the FLSA.

177.     At times relevant to this action, Defendants used some of the apartments at their apartment complexes as a labor camp, compensating the Plaintiffs for their work in part through provision of housing at the worksite.

178.     Defendants housed the Plaintiff workers at the worksite to maintain access to and control over the workforce.  Such housing was provided to Plaintiffs for the primary benefit of their Defendant employers.

179.    The apartment units in which Defendants housed the Plaintiff workers were unfinished, substandard and were not properly certified for occupancy at the time Plaintiffs were housed in them.

180.    While residing in Defendants' apartment complexes, the Plaintiffs were required to work there, renovating other apartment units for rental to the general public.

181.    Throughout their employment by Defendants, the Plaintiffs and all others similarly situated suffered chronic nonpayment, delayed payment and underpayment of wages. On numerous occasions, the workers organized to hold work stoppages to demand payment when their promised wages were withheld.  The Defendants' consistently responded to these demands with threats to unlawfully evict the Plaintiffs and call law enforcements to detain them if the Plaintiffs did not return to work immediately without receiving pay.

182.    In exchange for their labor, the Plaintiffs were promised flat weekly rates of payment, which, upon information and belief, varied according to an individual laborer's length of service. The weekly payments Plaintiffs were promised varied between approximately $500.00 and $650.00 per Plaintiff, per week.

183.    Defendants consistently made tardy and insufficient wage payments to the Plaintiffs and to the other similarly situated interior renovation workers.  Defendants consistently paid Plaintiffs quantities less than they were owed, and tendered such payment between one and

four weeks after the same was due.  Defendants' delay and underpayment of wages resulted in Plaintiffs being paid substantially less than the federally mandated minimum wage protected by the Fair Labor Standards Act.

184.     Defendants failed to make any wage payments at all to the Plaintiffs and other similarly situated workers for some weeks of work.

185.     On the occasions when they were paid, the Plaintiffs were paid a flat weekly rate, regardless of the number of hours worked in a given workweek.  When Plaintiffs were paid for their work, Defendants did not pay Plaintiffs time-and-one-half for hours worked above 40 in a given workweek.

186.     Plaintiffs worked a regular schedule for Defendants, normally working six to seven days per week.  The Plaintiffs and all others similarly situated routinely worked in excess of forty hours per week for Defendants.

187.     At all times relevant to this action, Defendants failed to keep a complete and accurate record of the hours Plaintiffs worked, as required by the FLSA and implementing regulations.  29 C.F.R. § 516.2.  Defendants paid the Plaintiffs in cash and failed to provide them with adequate or accurate pay stubs or receipts.

188.     Upon information and belief, Defendants failed to post a notice informing their employees of their rights under the FLSA.

189.     Defendants provided Plaintiffs with housing as a portion of their compensation, the reasonable rate of which was not calculated into the regular rate of pay for purposes of overtime payment. The apartment units in which Defendants housed the Plaintiff workers were unfinished, substandard and were not properly certified for occupancy at the time Plaintiffs were housed in them.

190.     During the time period relevant to this action, Defendants' payroll practices were uniform and applicable to all interior renovation workers working on crews overseen by Abelardo Rodriguez, H&H Associates and/or by Alcantara Carpentry.

191.     Because of improper withholding of wages due, the Plaintiffs were not properly paid minimum wages or overtime for hours worked in excess of forty hours per week.

192.     The Plaintiffs lived in unfinished portions of Defendants' apartment complexes during their work for Defendants.  These apartments were provided to them as partial compensation for their employment by Defendants.  The apartment units in which Defendants housed the Plaintiff workers were unfinished and substandard.  Defendants housed the Plaintiff workers at the worksite to maintain access to and control over the workforce.  Such housing was provided to Plaintiffs for the primary benefit of their Defendant employers.

193.     Some apartment units in which Defendants housed the Plaintiffs were not properly certified for occupancy at the time Plaintiffs were housed in them.

194.    On numerous occasions, the Plaintiffs and other similarly situated workers organized to demand unpaid wages from the Defendants.  On multiple occasions during the time period relevant to this action, the Plaintiffs held work stoppages to demand the payment of overdue minimum wages.  The Defendants' consistently responded to these demands with threats to evict the Plaintiffs and call law enforcements to detain them if the Plaintiffs did not return to work immediately without payment.  Without recourse, Plaintiffs were compelled and coerced by these threats to, and did in fact, return to work without payment of wages.

195.    In early 2007, a wage payment dispute arose between Defendants and the workers. Plaintiffs Jose Efrain Garcia-Hernandez, Edgar Yovani Garcia-Martinez, Santos Lara, Julio Cesar Hernandez-Garcia, and Gustavo Garcia complained to Defendants about the underpayment and non-payment of wages.

196.    In retaliation for their complaints regarding minimum wage payment, the Defendants locked  Plaintiffs Jose Efrain Garcia-Hernandez, Edgar Yovani Garcia-Martinez, Santos Lara, Julio Cesar Hernandez-Garcia, and Gustavo Garcia out of their employer-provided housing units at Defendants' Audubon Pointe apartment complex.  Defendants unlawfully evicted Plaintiffs Jose Efrain Garcia-Hernandez, Edgar Yovani Garcia-Martinez, Santos Lara, Julio Cesar Hernandez-Garcia, and Gustavo Garcia from their housing without notice or due process.

197.    The Defendants locked Plaintiffs Jose Efrain Garcia-Hernandez, Edgar Yovani Garcia-Martinez, Santos Lara, Julio Cesar Hernandez-Garcia, and Gustavo Garcia out of their apartments at Audubon Pointe because these laborers had asserted their rights under the Fair Labor Standards Act by complaining about non-payment and/or improper payment of wages.

198.    As a result of their retaliatory eviction by Defendants, Plaintiffs Jose Efrain Garcia-Hernandez, Edgar Yovani Garcia-Martinez, Santos Lara, Julio Cesar Hernandez-Garcia, and Gustavo Garcia were left temporarily homeless and suffered substantial damages.

199.    On February 19, 2008, counsel for the Plaintiffs sent a demand letter and draft Fair Labor Standards Act complaint in this matter to Defendants Audubon-Algiers, LLC d/b/a Audubon-Algiers Partners, LLC d/b/a Audubon-Algiers Holdings I, LLC d/b/a Audubon-Algiers Holdings II, LLC through its Registered Agent.  Certified mail receipts indicate that this letter and complaint were delivered to the Defendants' registered agent on February 22, 2008. Plaintiffs, through their correspondence, sought to negotiate an extrajudicial resolution of their claims under the Fair Labor Standards Act.

200.    Prior to seeking legal assistance and sending a formal demand letter and draft complaint to the Defendants, the Plaintiffs had demanded unpaid wages from Defendants on multiple occasions.  The Defendants' consistently responded to these demands with threats to evict the Plaintiffs and call law enforcement officers if the Plaintiffs did not return to work without pay.

201.    On or about Wednesday February 27, 2008 the U.S. Immigration and Customs Enforcement ("ICE"), an agency of the U.S. Department of Homeland Security, conducted a worksite enforcement operation at Audubon Pointe, apprehending workers in Defendants' office as they reported for work.

202.    Plaintiffs Fredi Garcia, Misael Garcia, Jose Salvador Balladares, Victor Manuel Maldonado, Denis Amador-Diaz, Emilio Salguero-Fuentes and Reyes Aguilar-Garcia, were detained by ICE on or about Wednesday February 27, 2008 as they reported to work at the Defendants' facilities.  These Plaintiffs detained without bond at the Orleans Parish Prison. Some of these Plaintiffs were incarcerated for periods as long as nine weeks.

203.    Plaintiffs' correspondence and draft complaint, delivered to Defendants on February 22, 2008 specifically named Fredi Garcia and Misael Garcia[3], two of the individuals detained during ICE's February 27, 2008 raid of Defendants' workplace, as wage claimants under the Fair Labor Standards Act.

204.    Upon information and belief, Defendants and/or their agents retaliated against the Plaintiffs for having demanded payment of their wages under the Fair Labor Standards Act by providing a tip to ICE, which encouraged and resulted in the detention of the Plaintiffs named in paragraph 65 above.

---

[3] As a result of scribner's error, Plaintiff Misael Garcia's first name was misspelled as "Yismael" in Plaintiffs' correspondence and draft complaint delivered on February 22, 2008.  Mr. Garcia's name is spelled correctly herein.

205.     As a result of Defendants' retaliatory invocation of ICE enforcement, Plaintiffs Fredi Garcia, Misael Garcia, Victor Manuel Maldonado, Emilio Salguero-Fuentes, Reyes Aguilar-Garcia, Salvador Balladares and Denis Amador-Diaz were deprived of their liberty and have suffered substantial damages.

## V. COLLECTIVE ACTION ALLEGATIONS

206.     All claims set forth in Counts III and IV are brought by the named Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act.

207.     The policies complained of in Counts III and IV of this action are Defendants' labor policies generally applicable to the interior workers Defendants employed at the four worksites in question on crews overseen by Abelardo Rodriguez, H&H Associates and/or Alcantara Carpentry.

208.     The named Plaintiffs seek to represent a class consisting of all non-supervisory interior workers employed by Defendants on work crews overseen by Abelardo Rodriguez, H&H Associates and/or by Alcantara Carpentry who performed work at Audubon Pointe, Audubon Village, Audubon Park and Audubon Grove between March 17, 2005 and March 17, 2008.

209.    The precise number of individuals eligible to join the proposed collective action class is known only to the Defendants.  The class is believed to include approximately fifty (50) individuals.

210.    The named Plaintiffs and absent members of the proposed Counts III and IV collective action are similarly situated.  All workers eligible to join the putative collective action are interior renovation workers employed by Defendants at Audubon Pointe, Audubon Village, Audubon Park and/or Audubon Grove under the supervision of three labor contractors.  Upon information and belief, Defendants made tardy and incomplete wage payments to all workers included in this class.  Upon information and belief, Defendants paid all workers included in the proposed class with a flat salary which did not satisfy the overtime requirements of the Fair Labor Standards Act.  Upon information and belief, Defendants' failure to include the fair value of employer-provided housing calculating the workers' regular rate of pay for the purposes of overtime was universally applied to all members of the proposed collective action class.

## VI.  VICTIM OF TRAFFICKING PROTECTION ACT

### Count I: Victims of Trafficking Protection Act  – Forced Labor

211.    Plaintiffs reallege and incorporate by reference the contents of paragraphs 194 through 205 above.

212.     Through their actions recounted in paragraphs 194 through 205 above, the Defendants obtained the labor or services of the Plaintiffs by threats of serious harm against the Plaintiffs.  18 U.S.C. § 1589.

213.     Though their actions recounted in paragraphs 194 through 205, above, Defendants obtained the labor or services of Plaintiffs by engaging in a scheme, plan, or pattern intended to cause the Plaintiffs to believe that, if the Plaintiffs did not perform labor or services for Defendants, Plaintiffs and others would suffer serious harm or physical restraint.

214.     Through their actions recounted in paragraphs 194 through 205 above, the Defendants obtained the labor or services of the Plaintiffs by means of the abuse or threatened abuse of law or the legal process.  18 U.S.C. § 1589.

215.     As a result of Defendants' violations of the forced labor provisions of the United States Code, Plaintiffs suffered substantial injury and damages.

216.     Plaintiffs are entitled to recover damages arising from Defendants' violations of the forced labor provisions of the United States Code, and reasonable attorneys' fees.  18 U.S.C. § 1595(a).

## Count II: Victims of Trafficking Restoration Reauthorization Act – Trafficking With Respect to Forced Labor

217.     Plaintiffs reallege and incorporate by reference the contents of paragraphs 194 through 205 above.

218.     Through their actions recounted in paragraphs 194 through 205 above, and in addition to the Defendants' violations of 18 U.S.C. § 1589 set forth in Count I, Defendants violated 18 U.S.C. § 1590 by harboring and/or obtaining the labor or services of the Plaintiffs in furtherance of the Defendants' violations of the following provisions of Title 18, Chapter 77 of the U.S. Code:

- Knowingly and willfully holding Plaintiffs in involuntary servitude, as defined by the VTPA, 22 U.S.C. §7102(5)(a) and (b), violating 18 U.S.C. § 1584; and

- Attempting to violate 18 U.S.C. §§ 1584, 1589, and 1590, violating 18 U.S.C. § 1594(a).

219.     As a result of Defendants' violations of the provisions of the United States Code prohibiting trafficking for forced labor, Plaintiffs suffered substantial injury and damages.

220.     Plaintiffs are entitled to recover damages arising from Defendants' violations of the trafficking provisions of 18 U.S.C. § 1590, and reasonable attorneys' fees.  18 U.S.C. § 1595(a).

## VII.  FAIR LABOR STANDARDS ACT VIOLATIONS

## Count III: Fair Labor Standards Act – MinimumWage Claims

221.    Plaintiffs reallege and incorporate by reference the allegations set forth above in the paragraphs numbered 9-20, 23-32 and 167-193.

222.    This count seeking payment of minimum wages due under the FLSA is brought by the named Plaintiffs on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b).

223.    Plaintiffs are victims of compensation practices which operate to compensate them at a rate less than the federally-mandated minimum wage rate. These practices in violation of the FLSA, were applied to all non-supervisory interior renovation workers working for Defendants at Audubon Pointe, Audubon Village, Audubon Park and/.or Audubon Grove on crews overseen by Abelardo Rodriguez, H&H Associates and/or Alcantara Carpentry between March 17, 2005 and March 17, 2008.

224.    Defendants violated the FLSA, 29 U.S.C. § 206(a) by failing to pay each of the Plaintiffs and others similarly situated the applicable minimum wage for every compensable hour of labor they performed.

225.     Defendants' violations of 29 U.S.C. § 206(a) resulted from Defendants' late payment and nonpayment of wages.

226.     The Defendants' failures to pay the Plaintiffs and others similarly situated their federally mandated minimum wages were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

227.     Defendants acted knowingly, willfully, and/or in reckless disregard in failing to pay minimum wages.

228.     Plaintiffs are entitled to recover minimum wages under the FLSA, liquidated damages, attorneys' fees and costs.  29 U.S.C. § 216(b).

## **Count IV: Fair Labor Standards Act – Overtime Claims**

229.     Plaintiffs reallege and incorporate by reference the allegations set forth above in the paragraphs numbered 9-20, 23-32 and 167-193.

230.     This count seeking payment of overtime wages due under the FLSA is brought by the named Plaintiffs on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b).

231.     Plaintiffs are victims of companywide compensation practices which operate to compensate them at a rate less than the federally mandated overtime wage rate. Upon

information and belief these companywide compensation practices, in violation of the FLSA, were applied to all non--supervisory interior renovation workers working for Defendants at Audubon Pointe, Audubon Village, Audubon Park and/.or Audubon Grove on crews overseen by Abelardo Rodriguez, H&H Associates and/or Alcantara Carpentry between March 17, 2005 and March 17, 2008.

232.    The Defendants violated the FLSA by failing to pay the Plaintiffs the overtime wage rate for all hours worked in excess of forty hours per work week.  29 U.S.C. § 207.

233.    The Defendants violated the FLSA by failing to include the reasonable cost of housing in their calculation of the regular rate of pay, for purposes of the payment of overtime.

234.    The Defendants' failures to pay the Plaintiffs and others similarly situated their federally mandated overtime wages were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

235.    Defendants acted knowingly, willfully, and/or in reckless disregard in implementing and continuing their policy and practice of failing to pay overtime wages.

236.    Plaintiffs are entitled to unpaid overtime minimum wages, liquidated damages, attorneys' fees and costs.  29 U.S.C. § 216(b).

**<u>Count V:  Fair Labor Standards Act – Individual Minimum Wage Claims</u>**

237.    Plaintiffs reallege and incorporate by reference the allegations set forth above in the paragraphs numbered 21-32 and 167-193.

238.    This count seeking payment of minimum wages due under the FLSA is brought by Plaintiffs Julio Cesar Hernandez-Garcia and Gustavo Garcia.

239.    Defendants violated the FLSA, 29 U.S.C. § 206(a) by failing to pay Julio Cesar Hernandez-Garcia and Gustavo Garcia the applicable minimum wage for every compensable hour of labor they performed at Defendants' apartment complexes.

240.    Defendants' violations of 29 U.S.C. § 206(a) resulted from Defendants' late payment and nonpayment of wages.

241.    The Defendants' failures to pay Julio Cesar Hernandez-Garcia and Gustavo Garcia their federally mandated minimum wages were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

242.    Defendants acted knowingly, willfully, and/or in reckless disregard in failing to pay minimum wages.

243.     Plaintiffs Julio Cesar Hernandez-Garcia and Gustavo Garcia are entitled to recover minimum wages under the FLSA, liquidated damages, attorneys' fees and costs.  29 U.S.C. § 216(b).

## Count VI:  Fair Labor Standards Act – Individual Overtime Claims

244.     Plaintiffs reallege and incorporate by reference the allegations set forth above in the paragraphs numbered 21-32 and 167-193.

245.     This count seeking payment of overtime wages due under the FLSA is brought by Plaintiffs Julio Cesar Hernandez-Garcia and Gustavo Garcia.

246.     The Defendants violated the FLSA by failing to pay Plaintiffs Plaintiffs Julio Cesar Hernandez-Garcia and Gustavo Garcia the overtime wage rate for all hours worked in excess of forty hours per work week at Defendants' apartment complexes.  29 U.S.C. § 207.

247.     The Defendants violated the FLSA by failing to include the reasonable cost of employer provided housing in their calculation of the regular rate of pay, for purposes of the payment of overtime.

248.     The Defendants' failures to pay the Plaintiffs and others similarly situated their federally mandated overtime wages were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

249.     Defendants acted knowingly, willfully, and/or in reckless disregard in implementing and continuing their policy and practice of failing to pay overtime wages.

250.     Plaintiffs are entitled to unpaid overtime, liquidated damages, attorneys' fees and costs.  29 U.S.C. § 216(b).

## Count VII: Fair Labor Standards Act Retaliation – Retaliatory Eviction

251.     Plaintiffs reallege and incorporate by reference the allegations set forth above in paragraphs numbered 194 through 198.

252.     This count sets forth a claim for damages for Defendants' violations of the FLSA's anti-retaliation provisions.  29 U.S.C. §§ 215-216.  This claim is stated by Plaintiffs Jose Efrain Garcia-Hernandez, Edgar Yovani Garcia-Martinez, Santos Lara, Julio Cesar Hernandez-Garcia, and Gustavo Garcia.

253.     Plaintiffs Jose Efrain Garcia-Hernandez, Edgar Yovani Garcia-Martinez, Santos Lara, Julio Cesar Hernandez-Garcia, and Gustavo Garcia complained to the Defendants in the earlier part of 2007 about violations of their rights under the Fair Labor Standards Act.

254.     These complaints constituted protected activity under the FLSA.

255.     The Defendants actions as described in paragraphs 194 through 198 above constitute unlawful retaliation for activity protected by the FLSA. 29 U.S.C. § 215(a)(3).

256.     As a result of Defendants' unlawful and retaliatory conduct described in paragraphs 194 through 198 above, Plaintiffs Jose Efrain Garcia-Hernandez, Edgar Yovani Garcia-Martinez, Santos Lara, Julio Cesar Hernandez-Garcia, and Gustavo Garcia were temporarily homeless and suffered substantial damages.

257.     As a result of Defendants' violations of the FLSA's anti-retaliation provisions, Plaintiffs Jose Efrain Garcia-Hernandez, Edgar Yovani Garcia-Martinez, Santos Lara, Julio Cesar Hernandez-Garcia, and Gustavo Garcia are entitled to recover damages that arose as a result of Defendants' retaliatory actions, and any other legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3), pursuant to 29 U.S.C. § 216(b).

**<u>Count VIII: Fair Labor Standards Act – Retaliatory Reporting to Immigration Authorities</u>**

258.     Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs numbered 199 through 205.

259.     This count sets forth a claim for damages for Defendants' violations of the FLSA's anti-retaliation provisions.  29 U.S.C. § 215(a)(3).  This claim is stated by Plaintiffs Fredi Garcia, Misael Garcia,  Victor Manuel Maldonado, Emilio Salguero-Fuentes, Reyes Aguilar-Garcia, Jose Salvador Balladares and Denis Amador-Diaz.

260.    On February 19, 2008, the Plaintiffs, through their counsel, stated complaints under the Fair Labor Standards Act in correspondence directed to the Defendants.  Defendants' registered agent was in receipt of Plaintiffs' correspondence no later than February 22, 2008.

261.    Plaintiffs' attempts to negotiate an extrajudicial resolution of their claims under the Fair Labor Standards Act is activity protected by that Act.

262.    As set forth in paragraphs 199 through 205 above, upon information and belief, the Defendants responded to Plaintiffs' protected statement of a FLSA claim by making a retaliatory and improper tip to ICE.

263.    As a result of Defendants' retaliatory invocation of ICE, Plaintiffs Fredi Garcia, Misael Garcia, Victor Manuel Maldonado, Emilio Salguero-Fuentes, Reyes Aguilar-Garcia, Jose Salvador Balladares and Denis Amador-Diaz have been deprived of their liberty since February 27, 2008 and have suffered substantial damages.

264.    The Defendants actions as described in paragraphs 199 through 205 above constitute illegal retaliation for activity protected by the FLSA. 29 U.S.C. § 215(a)(3).

265.    As a result of Defendants' violations of the FLSA, Plaintiffs Fredi Garcia, Misael Garcia, Victor Manuel Maldonado, Emilio Salguero-Fuentes, Reyes Aguilar-Garcia, Jose Salvador Balladares and Denis Amador-Diaz are entitled to recover damages that arose as a

result of Defendants' retaliatory actions, and any other legal or equitable relief that may be appropriate to effectuate the purposes of FLSA section 215(a)(3).  29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that there be judgment rendered herein in favor of Plaintiffs and against Defendants as follows.

    a.    Judgment under Count I for damages arising from Defendants' violations of the forced labor provisions of the United States Code and reasonable attorneys' fees associated with the presentation of Plaintiffs' Count I claims;

    b.    Judgment under Count II for damages arising from Defendants' violations of the forced labor trafficking provisions of 18 U.S.C. § 1589 and §1590 and reasonable attorneys' fess associated with the presentation of Plaintiffs' Count II claims;

    c.    Certification of a collective action under the Fair Labor Standards Act 29 U.S.C. 216(b) with respect to the minimum wage and overtime claims set forth in Counts III and IV;

    d.    Judgment under Count III awarding Plaintiffs unpaid minimum wages, an equal amount in liquidated damages, attorneys' fees and costs;

e.    Judgment under Count IV awarding Plaintiffs unpaid overtime wages, an equal amount in liquidated damages, attorneys' fees and costs;

f.    Judgment under Count V awarding the Plaintiffs named therein unpaid minimum wages, an equal amount in liquidated damages, attorneys' fees and costs;

g.    Judgment under Count VI awarding the Plaintiffs named therein unpaid overtime wages, an equal amount in liquidated damages, attorney's fees and costs;

h.    Judgment under Count VII awarding Plaintiffs named therein damages arising from Defendants' retaliatory actions, and any other legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3).  29 U.S.C. §216(b).

i.    Judgment under Count VIII awarding Plaintiffs named therein damages arising from Defendants' retaliatory actions, and any other legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3).  29 U.S.C. §216(b); and

j.    Such other relief as the Court deems just and appropriate.

Respectfully submitted,


 **/s/ Vanessa Spinazola**
Vanessa Spinazola
LSBN 31328
The Pro Bono Project
615 Baronne Street, Suite 201
New Orleans, LA 70113
Tel: (504) 581-4043


Mary C. Bauer
Virginia State Bar # 31388
*Pro Hac Vice*
Daniel Werner
New York State Bar # 3969839
*Pro Hac Vice*
Andrew H. Turner
Virginia State Bar # 48853
*Pro Hac Vice*
Immigrant Justice Project
Southern Poverty Law Center
400 Washington Ave.
Montgomery, AL  36140
Tel:  (334) 956-8326
Fax:  (334) 956-8481


Catherine K. Ruckelshaus
*Pro Hac Vice*
National Employment Law Project
80 Maiden Lane, Suite 509
New York, NY  10038
Telephone (212) 285-3025 x 306

Attorneys for Plaintiffs