UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDI GARCIA, *et al.* <br><br> on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AUDUBON COMMUNITIES MANAGEMENT, L.L.C., *et al.* <br><br> Defendants. | Civ. No. 08-1291-HGB-KWR <br> (SECT. C, MAG. 4) <br><br><br><br> Collective Action |

### THIRD-PARTY COMPLAINT ON BEHALF OF DEFENDANTS AUDUBON COMMUNITIES MANAGEMENT, L.L.C.; AUDUBON-ALGIERS, L.L.C.; AND CHARLES REYHER

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, the Third-Party Complaint of Defendants/ Third-Party Plaintiffs, Audubon Communities Management, L.L.C.; Audubon-Algiers, L.L.C.; and Charles Reyher (collectively, "Defendants"),[1] respectfully represents as follows:

---

[1] To the extent that Plaintiffs seek to add additional entities and individuals as additional Defendants in this matter, as set forth in their Motion for Leave to File First Amended Complaint (R. 59), Defendants' third-party demands are also asserted on their behalf.

1.

Defendants name Manuel Alcantara d/b/a Alcantara Carpentry ("Alcantara") and Abelardo Rodriguez ("Rodriguez") as Third-Party Defendants.

2.

Defendants incorporate by reference each and every admission, denial, and statement made in their Answer, previously filed on April 30, 2008 (R. 40).

3.

Beginning in 2005, Defendants Audubon Communities Management, L.L.C. and/or Audubon-Algiers, L.L.C. hired Rodriguez in the capacity of an independent contractor to perform various types of maintenance and repairs to the Audubon Pointe apartment complex in New Orleans, Louisiana. Upon information and belief, Rodriguez also performed similar duties at other properties owned and operated by certain Defendants in Bridge City, Louisiana; Baton Rouge, Louisiana, and Jackson, Missisippi (collectively, and including Audubon Pointe, "the Properties").

4.

Rodriguez employed certain individuals to perform maintenance and repair work at the Properties.

5.

Neither Rodriguez nor the workers that he employed was an employee of Defendants, and Defendants did not exercise operational control over the performance of Rodriguez and his workers.

6.

Rodriguez periodically submitted invoices to Defendants to reflect the nature and the extent of the work that was performed. Many of these invoices identified individuals by name as his "employees." After Defendants verified that the work reflected in the invoices was, in fact, performed, they tendered payment to Rodriguez.

7.

Certain Plaintiffs were listed in these invoices as Rodriguez's employees.

8.

Defendants did not regularly interact with the workers employed by Rodriguez, and Defendants had no legal obligation to pay these individuals. Defendants also had no obligation to pay any incidental employment taxes with respect to these individuals.

9.

After receiving periodic progress payments, Rodriguez paid the individuals identified in the invoices that he submitted to Defendants. Defendants' representatives were generally not present when Rodriguez made these payments to his workers.

10.

On or about December 19, 2006, Audubon Communities Management, L.L.C. ("Audubon Communities") paid Rodriguez the sum of $48,510.00, pursuant to a series of invoices that he previously submitted.

11.

On or about January 10, 2007, Audubon Communities paid an additional $27,510.00 to Rodriguez.

12.

Upon information and belief, although Rodriguez received and deposited these payments, he did not use these funds to compensate his workers.

13.

To the extent that any Plaintiffs or similarly-situated individuals were not fully compensated for their labor during the period that Rodriguez operated as an independent contractor at the Properties– which Defendants expressly deny – such nonpayment or underpayment is entirely attributable to the actions or inactions of Rodriguez, and not due to any conduct attributable to Defendants.

14.

Upon learning that Rodriguez failed to distribute the funds paid to him, Audubon terminated its contractual relationship with him in mid-2007.

15.

Defendants subsequently hired Alcantara to replace Rodriguez. Upon information and belief, Alcantara performed maintenance and repair work at the Audubon Pointe apartment complex in New Orleans, Louisiana, and the apartment complex owned and operated by certain Defendants in Bridge City, Louisiana.

16.

Alcantara also operated in an independent contractor capacity.

17.

Alcantara, much like Rodriguez, employed his own workers to perform maintenance and repair services. Defendants did not exercise operational control over the performance of Alcantara and his workers.

18.

Alcantara periodically invoiced Defendants with respect to the work that his workers performed at Audubon Pointe and the Bridge City apartment complex.

19.

Upon information and belief, Alcantara used some of the same workers that Rodriguez employed. Again, Defendants did not regularly interact with these individuals, and they had no legal obligation to pay any incidental employment taxes on their behalf.

20.

Defendants periodically inspected the apartment complexes to verify that the work indicated in the invoices submitted by Alcantara was actually performed. Upon doing so, they would tender payment to Alcantara.

21.

In turn, Alcantara would then remit payment to his workers. Such payments were customarily made outside the presence of any of Defendants' representatives.

22.

During the time period that Alcantara and his workers were at Audubon Pointe and the Bridge City apartment complex, to the extent that any Plaintiffs were not fully compensated for their labor– which Defendants expressly deny – such nonpayment or underpayment is entirely

attributable to the actions or inactions of Alcantara, and not due to any conduct attributable to Defendants.

## COUNT ONE - DECLARATORY JUDGMENT

23.

Defendants expressly deny all liability to Plaintiffs. In the event, however, that Plaintiffs prevail with respect to the claims that are asserted in their Complaint, Defendants are entitled to a declaratory judgment from this Court, stating that any amounts owed to Plaintiffs pursuant to the Fair Labor Standards Act, and all interest and statutory penalties awarded thereto, are attributable solely to the conduct of Third-Party Defendants Rodriguez and/or Alcantara, and not due to any action or omission by any Defendant.

24.

Alternatively, in the event that this Court determines that Plaintiffs may recover against Defendants-- which Defendants expressly Deny – Defendants request that this Court issue a declaratory judgment stating that any violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, was not willful or reckless, but rather, undertaken in good faith, insofar as Plaintiffs' claims arose out of conduct undertaken by Rodriguez and/or Alcantara.

## COUNT TWO- INDEMNIFICATION

25.

Defendants expressly deny all liability to Plaintiffs. Nonetheless, in the event that Plaintiffs prevail against Defendants with respect to the claims asserted in their Complaint,

Defendants are entitled to full indemnification from Rodriguez and/or Alcantara for any amounts to which Defendants may be cast in judgment, together with interest, statutory penalties, and any award of attorneys' fees that may be assessed.

**WHEREFORE,** Defendants and Third-Party Plaintiffs, Audubon Communities Management, L.L.C.; Audubon-Algiers, L.L.C.; and Charles Reyher, pray that this Third-Party Complaint be served, and that, after due proceedings are had, judgment be granted in their favor against the original Plaintiffs, and in the event of a judgment against them by Plaintiffs, Defendants/ Third-Party Plaintiffs pray for judgment in their favor against Third-Party Defendants, Manuel Alcantara d/b/a Alcantara Carpentry and Abelardo Rodriguez, for all amounts found to be due with all interest owed, including statutory penalties, interest from the date all amounts were due and owed, interest from judicial demand, as well as post-judgment interest.

Finally, Defendants pray for all other general and equitable relief which the nature of this case requires.

Respectfully submitted,

/s/ James M. Garner
**JAMES M. GARNER (#19589)**
**ELWOOD CAHILL JR. (#3764)**
**DEBRA J. FISCHMAN (#5578)**
SHER GARNER CAHILL RICHTER
KLEIN  & HILBERT, L.L.C.
909 Poydras Street - 28th Floor
New Orleans, LA 70112
(504) 299-2100 / (Fax) 299-2300
**ATTORNEYS FOR AUDUBON COMMUNITIES MANAGEMENT, LLC; AUDUBON-ALGIERS, LLC; AND CHARLES REYHER**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served on all known counsel of record via electronic mail and/or this Court's CM/ECF system on this 23rd day of September, 2008.

/s/   James M. Garner
**JAMES M. GARNER**