

**PELTON + BALDUCCI, LLC**
IMMIGRATION + NATIONALITY LAW

September 9, 2014

Hon. Helen G. Berrigan
United States District Court
for the Eastern District of Louisiana
500 Poydras St., Rm. C556
New Orleans, LA 70130

Re:   **Request for U visa Certification for Julio Cesar Hernandez Garcia and**
      **Luis Alberto Valle**
      *Fredi Garcia, et al. v. Audubon Cmtys. Mgmt., LLC, et al.*
      Civ. No. 08-1291-HGB-KWR

Dear Judge Berrigan,

I am an immigration attorney who is writing in regards to a matter that you adjudicated in 2008, namely *Garcia v. Audubon Cmtys. Mgmt., LLC*, No. 08-1291-HGB-KWR, 2008 WL 1774584 (E.D. La. Apr. 15, 2008). You will recall that the Southern Poverty Law Center (SPLC) represented the plaintiffs, who had filed claims under the Fair Labor Standards Act ("FLSA") for withheld wages. The employers had threatened retaliation by means of immigration enforcement if the workers complained. Some of the plaintiffs were in fact arrested and placed into removal proceedings by the Department of Homeland Security (DHS) and Immigration and Customs Enforcement (ICE) after the lawsuit had been filed. In reviewing the allegations and a motion submitted by several of the plaintiffs who had been put into deportation proceedings, you found that the moving plaintiffs had shown that they had suffered acts amounting to involuntary servitude, peonage, trafficking, and forced labor and you accordingly issued "U visa certifications" for several of the plaintiffs.

This letter is a request for two additional U visa certifications for Julio Cesar Hernandez Garcia and Luis Alberto Valle, who were plaintiffs in *Garcia v. Audubon* but were not included in the original motion for U visa certification. They suffered the same abusive and exploitative working conditions as the moving plaintiffs; however, they were not included in the motion for the U certification because they had returned to their native Honduras. They were no longer able to tolerate the circumstances of their employment and feared the consequences if they were to remain there; however, they nonetheless participated in the lawsuit. Their return to Honduras occurred prior to the retaliatory enforcement action, so they were not placed into deportation proceedings.

In order to be eligible for a U visa, applicants must demonstrate: (1) that they have suffered substantial physical or mental abuse as a result of having been the victim of qualifying criminal activity; (2) that they possess information concerning the qualifying criminal activity; and (3) that they have been helpful, are being helpful, or are likely to be helpful in the investigation or prosecution of the qualifying criminal act. 8 U.S.C. § 1101

(a)(15)(U)(i). In addition, applicants must submit Supplement B to Form I-918 to file for a U Visa, which requires a qualified "certifying official" to affirm that:

> the person signing the certificate is the head of the certifying agency, or any person(s) in a supervisory role who has been specifically designated by the head of the certifying agency to issue U nonimmigrant status certifications on behalf of that agency, *or is a Federal, State, or local judge*; the agency is a Federal, State, or local law enforcement agency, or prosecutor, *judge or other authority*, that has responsibility for the detection, investigation, prosecution, conviction, or sentencing of qualifying criminal activity; the applicant has been a victim of qualifying criminal activity that the certifying official's agency is investigating or prosecuting; the petitioner possesses information concerning the qualifying criminal activity of which he or she has been a victim; the petitioner has been, is being, or is likely to be helpful to an investigation or prosecution of that qualifying criminal activity; and the qualifying criminal activity violated U. S. law, or occurred in the United States, its territories, its possessions, Indian country, or at military installations abroad (emphasis added).

8 C.F.R. § 214.14(c)(2)(i); *See also* 72 Fed. Reg. 53023-24.

I am including with this submission a letter from the SPLC confirming that Messrs. Hernandez Garcia and Valle were plaintiffs in the case and that they were helpful in providing information in support of the litigation. Specifically, SPLC confirms that Mr. Hernandez Garcia "was one of the thirteen named Plaintiffs. He participated throughout the course of the litigation. He responded to discovery and participated in the mediation that ultimately resulted in the settlement of the legal claims for him and others similarly situated." Mr. Valle also "participated in the mediation that ultimately resulted in the settlement of the legal claims for him and others similarly situated."

The following is a complete list of documents included with this letter in support of this request:

A. Draft U visa certifications for Messrs. Hernandez Garcia and Valle;

B. Letter from SPLC confirming Messrs. Hernandez Garcia and Valle's helpfulness to the litigation;

C. Copies of a sample of the prior U visa certifications issued to moving plaintiffs;

D. Copy of order granting U visa certification to moving plaintiffs; and

E. Copy of motion for U visa certifications.

Thank you for your time and consideration of this request. Please feel free to contact me should you require additional information.

Sincerely,

Marco Balducci

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Form I-918 Supplement B,
# U Nonimmigrant Status Certification

**START HERE - Please type or print in black ink.**

## Part 1. Victim Information

| | For USCIS Use Only | |
|---|---|---|

| Family Name | Given Name | Middle Name |
|---|---|---|
| Hernandez Garcia | Julio | Cesar |

Other Names Used *(Include maiden name/nickname)*

Date of Birth *(mm/dd/yyyy)*: 02/08/1975

Gender: [X] Male  [ ] Female

## Part 2. Agency Information

Name of Certifying Agency

United States District Court, Eastern District of Louisiana

| Name of Certifying Official | Title and Division/Office of Certifying Official |
|---|---|
| Chief Judge Helen G. Berrigan | Chief Judge of Eastern District |

Name of Head of Certifying Agency

Chief Judge Helen G. Berrigan

Agency Address - Street Number and Name: 500 Poydras Street    Suite No.

| City | State/Province | Zip/Postal Code |
|---|---|---|
| New Orleans | Louisiana | 70130 |

| Daytime Phone No. *(with area code and/or extension)* | Fax No. *(with area code)* |
|---|---|
| (504)589-7515 | (504) 589-2643 |

Agency Type: [X] Federal  [ ] State  [ ] Local

Case Status: [ ] On-going  [ ] Completed  [X] Other: Pending

Certifying Agency Category: [X] Judge  [ ] Law Enforcement  [ ] Prosecutor  [ ] Other:

| Case Number | FBI No. or SID *No. (if applicable)* |
|---|---|
| 1401-0200376002 | |

**For USCIS Use Only**

| Returned | Receipt |
|---|---|
| Date | |
| Date | |
| **Resubmitted** | |
| Date | |
| Date | |
| **Reloc Sent** | |
| Date | |
| Date | |
| **Reloc Rec'd** | |
| Date | |
| Date | |

**Remarks**

## Part 3. Criminal Acts

1. The applicant is a victim of criminal activity involving or similar to violations of one of the following Federal, State or local criminal offenses. *(Check all that apply.)*

| | | | |
|---|---|---|---|
| [ ] Abduction | [ ] Female Genital Mutilation | [ ] Obstruction of Justice | [ ] Slave Trade |
| [ ] Abusive Sexual Contact | [ ] Hostage | [X] Peonage | [ ] Torture |
| [ ] Blackmail | [ ] Incest | [ ] Perjury | [X] Trafficking |
| [ ] Domestic Violence | [X] Involuntary Servitude | [ ] Prostitution | [ ] Unlawful Criminal Restraint |
| [ ] Extortion | [ ] Kidnapping | [ ] Rape | [ ] Witness Tampering |
| [ ] False Imprisonment | [ ] Manslaughter | [ ] Sexual Assault | [ ] Related Crime(s) |
| [ ] Felonious Assault | [ ] Murder | [ ] Sexual Exploitation | [X] Other: *(If more space needed, attach separate sheet of paper.)* |
| [X] Attempt to commit any of the named crimes | [ ] Conspiracy to commit any of the named crimes | [ ] Solicitation to commit any of the named crimes | Forced Labor |

## Part 3. Criminal Acts (continued)

**2.** Provide the date(s) on which the criminal activity occurred.

| Date (mm/dd/yyyy) | Date (mm/dd/yyyy) | Date (mm/dd/yyyy) | Date (mm/dd/yyyy) |
|---|---|---|---|
| 10/02/2007 | ongoing to 2/27/2008 | | |

**3.** List the statutory citation(s) for the criminal activity being investigated or prosecuted, or that was investigated or prosecuted.

18 U.S.C. § 1595, 18 U.S.C. § 1589, 18 U.S.C. § 1590

**4.** Did the criminal activity occur in the United States, including Indian country and military installations, or the territories or possessions of the United States?    ☒ Yes    ☐ No

    **a.** Did the criminal activity violate a Federal extraterritorial jurisdiction statute?    ☐ Yes    ☒ No

    **b.** If "Yes," provide the statutory citation providing the authority for extraterritorial jurisdiction.

    **c.** Where did the criminal activity occur?

Metro New Orleans, Louisiana area

**5.** Briefly describe the criminal activity being investigated and/or prosecuted and the involvement of the individual named in Part 1. Attach copies of all relevant reports and findings.

Please see Attachment A.

**6.** Provide a description of any known or documented injury to the victim. Attach copies of all relevant reports and findings.

Please see Attachment A.

## Part 4. Helpfulness of the Victim

The victim (or parent, guardian or next friend, if the victim is under the age of 16, incompetent or incapacitated.):

**1.** Possesses information concerning the criminal activity listed in **Part 3**.    ☒ Yes    ☐ No

**2.** Has been, is being or is likely to be helpful in the investigation and/or prosecution of the criminal activity detailed above. *(Attach an explanation briefly detailing the assistance the victim has provided.)*    ☒ Yes    ☐ No

**3.** Has not been requested to provide further assistance in the investigation and/or prosecution. *(Example: prosecution is barred by the statute of limitation.) (Attach an explanation.)*    ☐ Yes    ☒ No

**4.** Has unreasonably refused to provide assistance in a criminal investigation and/or prosecution of the crime detailed above. *(Attach an explanation.)*    ☐ Yes    ☒ No

5. Other, please specify.

<br><br><br><br><br><br><br><br><br><br><br><br>

## Part 5. Family Members Implicated in Criminal Activity

1. Are any of the victim's family members believed to have been involved in the criminal activity of which he or she is a victim?  ☐ Yes  ☐ No

2. If "Yes," list relative(s) and criminal involvement. *(Attach extra reports or extra sheet(s) of paper if necessary.)*

| Full Name | Relationship | Involvement |
|-----------|--------------|-------------|
|           |              |             |
|           |              |             |
|           |              |             |
|           |              |             |
|           |              |             |

## Part 6. Certification

I am the head of the agency listed in **Part 2** or I am the person in the agency who has been specifically designated by the head of the agency to issue U nonimmigrant status certification on behalf of the agency. Based upon investigation of the facts, I certify, under penalty of perjury, that the individual noted in **Part 1** is or has been a victim of one or more of the crimes listed in **Part 3**. I certify that the above information is true and correct to the best of my knowledge, and that I have made, and will make no promises regarding the above victim's ability to obtain a visa from the U.S. Citizenship and Immigration Services, based upon this certification. I further certify that if the victim unreasonably refuses to assist in the investigation or prosecution of the qualifying criminal activity of which he/she is a victim, I will notify USCIS.

**Signature of Certifying Official Identified in Part 2.**  **Date** *(mm/dd/yyyy)*

**Attachment A**

5.  Briefly describe the criminal activity being investigated and/or prosecuted and the involvement of the individual named in **Part I**.

Julio Cesar Hernandez Garcia, who is a plaintiff in the attached lawsuit that was settled in the U.S. District Court for the Eastern District of Louisiana, alleges claims under the Victims of Trafficking Protection Act ("VTPA"), 18 U.S.C. § 1595. The VTPA provides a civil remedy for violations of U.S. Criminal Code Sections 1589 ("Forced labor") and 1590 ("Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor") (18 U.S.C. § 1595), for victims of severe forms of trafficking in persons. The undersigned Federal District Judge hereby certified that she has adjudicated Julio Cesar Hernandez Garcia's status as such a victim of trafficking and forced labor. He has demonstrated entitlement to relief. The undersigned Federal District Judge is vested with the authority to preside over these claims under the VTPA.

Julio Cesar Hernandez Garcia has made a showing that his employer obtained his labor by threats of serious harms. Julio Cesar Hernandez Garcia has proven his helpfulness to this investigation through the letter provided by the Southern Poverty Law Center, which represented plaintiffs in these proceedings.

6.  Provide a description of any known or documented injury to the victim. Attach copies of all relevant reports and findings.

Julio Cesar Hernandez Garcia has made a credible showing that he has suffered emotional, mental and physical harm as a result of alleged forced labor at the worksite of the employer.

OMB No. 1615-0104: Expires 01/31/2016

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# Form I-918 Supplement B,
# U Nonimmigrant Status Certification

**START HERE - Please type or print in black ink.**

## Part 1. Victim Information

| Family Name | Given Name | Middle Name |
|---|---|---|
| Valle | Luis | Alberto |

Other Names Used *(Include maiden name/nickname)*

Date of Birth *(mm/dd/yyyy)*
05/04/1974

Gender
[X] Male   [ ] Female

## Part 2. Agency Information

Name of Certifying Agency
United States District Court, Eastern District of Louisiana

| Name of Certifying Official | Title and Division/Office of Certifying Official |
|---|---|
| Chief Judge Helen G. Berrigan | Chief Judge of Eastern District |

Name of Head of Certifying Agency
Chief Judge Helen G. Berrigan

Agency Address - Street Number and Name
500 Poydras Street

Suite No.

| City | State/Province | Zip/Postal Code |
|---|---|---|
| New Orleans | Louisiana | 70130 |

Daytime Phone No. *(with area code and/or extension)*
(504)589-7515

Fax No. *(with area code)*
(504) 589-2643

Agency Type
[X] Federal   [ ] State   [ ] Local

Case Status
[ ] On-going   [ ] Completed   [X] Other: Pending

Certifying Agency Category
[X] Judge   [ ] Law Enforcement   [ ] Prosecutor   [ ] Other:

Case Number
1401-0200376752

FBI No. or SID *No. (if applicable)*

### For USCIS Use Only

| Returned | Receipt |
|---|---|
| Date | |
| Date | |
| **Resubmitted** | |
| Date | |
| Date | |
| **Reloc Sent** | |
| Date | |
| Date | |
| **Reloc Rec'd** | |
| Date | |
| Date | |

Remarks

## Part 3. Criminal Acts

1. The applicant is a victim of criminal activity involving or similar to violations of one of the following Federal, State or local criminal offenses. *(Check all that apply.)*

| | | | |
|---|---|---|---|
| [ ] Abduction | [ ] Female Genital Mutilation | [ ] Obstruction of Justice | [ ] Slave Trade |
| [ ] Abusive Sexual Contact | [ ] Hostage | [X] Peonage | [ ] Torture |
| [ ] Blackmail | [ ] Incest | [ ] Perjury | [X] Trafficking |
| [ ] Domestic Violence | [X] Involuntary Servitude | [ ] Prostitution | [ ] Unlawful Criminal Restraint |
| [ ] Extortion | [ ] Kidnapping | [ ] Rape | [ ] Witness Tampering |
| [ ] False Imprisonment | [ ] Manslaughter | [ ] Sexual Assault | [ ] Related Crime(s) |
| [ ] Felonious Assault | [ ] Murder | [ ] Sexual Exploitation | [X] Other: *(If more space needed, attach separate sheet of paper.)* |
| [X] Attempt to commit any of the named crimes | [ ] Conspiracy to commit any of the named crimes | [ ] Solicitation to commit any of the named crimes | Forced Labor |

2. Provide the date(s) on which the criminal activity occurred.

| Date *(mm/dd/yyyy)* | Date *(mm/dd/yyyy)* | Date *(mm/dd/yyyy)* | Date *(mm/dd/yyyy)* |
|---|---|---|---|
| 10/02/2007 | ongoing to 2/27/2008 | | |

3. List the statutory citation(s) for the criminal activity being investigated or prosecuted, or that was investigated or prosecuted.

18 U.S.C. § 1595, 18 U.S.C. § 1589, 18 U.S.C. § 1590

4. Did the criminal activity occur in the United States, including Indian country and military installations, or the territories or possessions of the United States?  ☒ Yes  ☐ No

   a. Did the criminal activity violate a Federal extraterritorial jurisdiction statute?  ☐ Yes  ☒ No

   b. If "Yes," provide the statutory citation providing the authority for extraterritorial jurisdiction.

   c. Where did the criminal activity occur?

   Metro New Orleans, Louisiana area

5. Briefly describe the criminal activity being investigated and/or prosecuted and the involvement of the individual named in Part I. Attach copies of all relevant reports and findings.

Please see Attachment A.

6. Provide a description of any known or documented injury to the victim. Attach copies of all relevant reports and findings.

Please see Attachment A.

The victim (or parent, guardian or next friend, if the victim is under the age of 16, incompetent or incapacitated.):

1. Possesses information concerning the criminal activity listed in **Part 3**.  ☒ Yes  ☐ No

2. Has been, is being or is likely to be helpful in the investigation and/or prosecution of the criminal activity detailed above. *(Attach an explanation briefly detailing the assistance the victim has provided.)*  ☒ Yes  ☐ No

3. Has not been requested to provide further assistance in the investigation and/or prosecution. *(Example: prosecution is barred by the statute of limitation.) (Attach an explanation.)*  ☐ Yes  ☒ No

4. Has unreasonably refused to provide assistance in a criminal investigation and/or prosecution of the crime detailed above. *(Attach an explanation.)*  ☐ Yes  ☒ No

## Part 4. Helpfulness of the Victim *(continued)*

**5.** Other, please specify.

[blank text box]

## Part 5. Family Members Implicated in Criminal Activity

**1.** Are any of the victim's family members believed to have been involved in the criminal activity of which he or she is a victim?  ☐ Yes  ☐ No

**2.** If "Yes," list relative(s) and criminal involvement. *(Attach extra reports or extra sheet(s) of paper if necessary.)*

| Full Name | Relationship | Involvement |
|-----------|--------------|-------------|
|           |              |             |
|           |              |             |
|           |              |             |
|           |              |             |
|           |              |             |

## Part 6. Certification

I am the head of the agency listed in **Part 2** or I am the person in the agency who has been specifically designated by the head of the agency to issue U nonimmigrant status certification on behalf of the agency. Based upon investigation of the facts, I certify, under penalty of perjury, that the individual noted in **Part 1** is or has been a victim of one or more of the crimes listed in **Part 3**. I certify that the above information is true and correct to the best of my knowledge, and that I have made, and will make no promises regarding the above victim's ability to obtain a visa from the U.S. Citizenship and Immigration Services, based upon this certification. I further certify that if the victim unreasonably refuses to assist in the investigation or prosecution of the qualifying criminal activity of which he/she is a victim, I will notify USCIS.

**Signature of Certifying Official Identified in Part 2.**

[signature box]

**Date** *(mm/dd/yyyy)*

[date box]

**Attachment A**

5.   Briefly describe the criminal activity being investigated and/or prosecuted and the involvement of the individual named in **Part I**.

Luis Alberto Valle, who is a plaintiff in the attached lawsuit that was settled in the U.S. District Court for the Eastern District of Louisiana, alleges claims under the Victims of Trafficking Protection Act ("VTPA"), 18 U.S.C. § 1595. The VTPA provides a civil remedy for violations of U.S. Criminal Code Sections 1589 ("Forced labor") and 1590 ("Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor") (18 U.S.C. § 1595), for victims of severe forms of trafficking in persons. The undersigned Federal District Judge hereby certified that she has adjudicated Luis Alberto Valle's status as such a victim of trafficking and forced labor. He has demonstrated entitlement to relief. The undersigned Federal District Judge is vested with the authority to preside over these claims under the VTPA.

Luis Alberto Valle has made a showing that his employer obtained his labor by threats of serious harms. Luis Alberto Valle has proven his helpfulness to this investigation through the letter provided by the Southern Poverty Law Center, which represented plaintiffs in these proceedings.

6.   Provide a description of any known or documented injury to the victim. Attach copies of all relevant reports and findings.

Luis Alberto Valle has made a credible showing that he has suffered emotional, mental and physical harm as a result of alleged forced labor at the worksite of the employer.

 **SPLC** **Southern Poverty Law Center**

Fighting Hate
Teaching Tolerance
Seeking Justice

*Immigrant Justice Project*
1989 College Ave., N.E.
Atlanta, GA 30317
T 404.521.6700    F 404.221.5857
Toll Free 1.800.591.3656
www.splcenter.org

July 7, 2014

Hon. Helen G. Berrigan
United States District Court
 for the Eastern District of Louisiana
500 Poydras Street, Room C556
New Orleans, LA 70130

> **Re:** **Julio Cesar Hernandez Garcia; Luis Alberto Valle**
> *Fredi Garcia, et al. v. Audubon Cmtys. Mgmt., LLC, et al.,*
> Civ. No. 08-1291-HGB-KWR

Dear Judge Berrigan:

I understand from the above-referenced individuals' immigration attorney that they are seeking U visa certification from your office, similar to the U visa certifications you issued prior to the settlement of this matter. *See Garcia v. Audubon Cmtys. Mgmt., LLC*, No. 08-1291-HGB-KWR, 2008 WL 1774584 (E.D. La. Apr. 15, 2008). I am writing to provide information with respect to each individual's involvement in the litigation.

I have reviewed our records and Julio Cesar Hernandez Garcia was one of the thirteen named Plaintiffs. He participated throughout the course of the litigation. He responded to discovery and participated in the mediation that ultimately resulted in the settlement of the legal claims for him and others similarly situated.

I have also reviewed our records related to Luis Alberto Valle. Mr. Valle was a Fair Labor Standards Act "opt-in" Plaintiff in the case. He participated in the mediation that ultimately resulted in the settlement of the legal claims for him and others similarly situated.

If you require any additional information regarding these individuals and their participation in the prosecution and resolution of this litigation, please contact me at 404-221-5836 or via email at jim.knoepp@splcenter.org.

Sincerely,

James M. Knoepp

OMB No. 1615-0104; Expires 08/31/2010

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-918 Supplement B,**
**U Nonimmigrant Status Certification**

START HERE - Please type or print in black ink.

**Part 1. Victim Information**

| | | For USCIS Use Only. |
|---|---|---|

Family Name: Maldonado Arita
Given Name: Victor
Middle Name: Manuel

Other Names Used (Include maiden name/nickname)

Date of Birth (mm/dd/yyyy): 12/28/1974
Gender: [X] Male  [ ] Female

**Part 2. Agency Information**

Name of Certifying Agency: United States District Court, Eastern District of Louisiana

Name of Certifying Official: Chief Judge Helen G. Berrigan
Title and Division/Office of Certifying Official: Chief Judge of Eastern District

Name of Head of Certifying Agency: Chief Judge Helen G. Berrigan

Agency Address - Street Number and Name: 500 Poydras Street    Suite #

City: New Orleans
State/Province: Louisiana
Zip/Postal Code: 70130

Daytime Phone # (with area code and/or extension): (504) 589-7515
Fax # (with area code): (504) 589-2643

Agency Type: [X] Federal  [ ] State  [ ] Local

Case Status: [ ] On-going  [ ] Completed  [X] Other **Pending**

Certifying Agency Category: [X] Judge  [ ] Law Enforcement  [ ] Prosecutor  [ ] Other

Case Number: 08-1291 Sect. C Mag 4
FBI # or SID # (if applicable)

For USCIS Use Only:
Returned    Receipt
Date
Date
Resubmitted
Date
Date
Reloc Sent
Date
Date
Reloc Rec'd
Date
Date
Remarks

**Part 3. Criminal Acts**

1. The applicant is a victim of criminal activity involving or similar to violations of one of the following Federal, State or local criminal offenses. (Check all that apply.)

[ ] Abduction  [ ] Female Genital Mutilation  [ ] Obstruction of Justice  [ ] Slave Trade
[ ] Abusive Sexual Contact  [ ] Hostage  [X] Peonage  [ ] Torture
[ ] Blackmail  [ ] Incest  [ ] Perjury  [X] Trafficking
[ ] Domestic Violence  [X] Involuntary Servitude  [ ] Prostitution  [ ] Unlawful Criminal Restraint
[ ] Extortion  [ ] Kidnapping  [ ] Rape  [ ] Witness Tampering
[ ] False Imprisonment  [ ] Manslaughter  [ ] Sexual Assault  [ ] Related Crime(s)
[ ] Felonious Assault  [ ] Murder  [ ] Sexual Exploitation  [X] Other: (If more space needed, attach seperate sheet of paper.)
[X] Attempt to commit any of the named crimes  [ ] Conspiracy to commit any of the named crimes  [ ] Solicitation to commit any of the named crimes  **Forced Labor**

Form I-918 Supplement B (08/31/07)


PLAINTIFF'S EXHIBIT 13

## Part 3. Criminal Facts (Continued)

2. Provide the date(s) on which the criminal activity occurred.

   Date (mm/dd/yyyy)          Date (mm/dd/yyyy)              Date (mm/dd/yyyy)          Date (mm/dd/yyyy)

   | 10/02/2007 | | ongoing through 2/27/2008 | | | | |

3. List the statutory citation(s) for the criminal activity being investigated or prosecuted, or that was investigated or prosecuted.

   18 U.S.C. § 1595, 18 U.S.C. § 1589, 18 U.S.C. § 1590

4. Did the criminal activity occur in the United States, including Indian country and military installations, or the territories or possessions of the United States?                                                     ☒ Yes    ☐ No

   a. Did the criminal activity violate a Federal extraterritorial jurisdiction statute?                    ☐ Yes    ☒ No

   b. If "Yes," provide the statutory citation providing the authority for extraterritorial jurisdiction.

   c. Where did the criminal activity occur?

   Metro New Orleans, Louisiana area

5. Briefly describe the criminal activity being investigated and/or prosecuted and the involvement of the individual named in Part 1. Attach copies of all relevant reports and findings.

   Please see Attachment A.

6. Provide a description of any known or documented injury to the victim. Attach copies of all relevant reports and findings.

   Please see Attachment A.

## Part 4. Helpfulness of the victim

The victim (or parent, guardian or next friend, if the victim is under the age of 16, incompetent or incapacitated.):

1. Possesses information concerning the criminal activity listed in Part 3.                                 ☒ Yes    ☐ No

2. Has been, is being or is likely to be helpful in the investigation and/or prosecution of the criminal activity detailed above. (Attach an explanation briefly detailing the assistance the victim has provided.)                                                                                          ☒ Yes    ☐ No

3. Has not been requested to provide further assistance in the investigation and/or prosecution. (Example: prosecution is barred by the statute of limitation.) (Attach an explanation.)                    ☐ Yes    ☒ No

4. Has unreasonably refused to provide assistance in a criminal investigation and/or prosecution of the crime detailed above. (Attach an explanation.)                                                   ☐ Yes    ☒ No

**Part 4. Helpfulness of the victim    *(Continued)***

5. Other, please specify.

```
┌──────────────────────────────────────────────────────────┐
│                                                            │
│                                                            │
│                                                            │
│                                                            │
│                                                            │
│                                                            │
│                                                            │
│                                                            │
│                                                            │
│                                                            │
└──────────────────────────────────────────────────────────┘
```

**Part 5. Family members implicated in criminal activity**

1. Are any of the victim's family members believed to have been involved in the criminal activity of
   which he or she is a victim?                                                       ☐ Yes   ☒ No

2. If "Yes," list relative(s) and criminal involvement. *(Attach extra reports or extra sheet(s) of paper if necessary.)*

| Full Name | Relationship | Involvement |
|-----------|--------------|-------------|
|           |              |             |
|           |              |             |
|           |              |             |
|           |              |             |
|           |              |             |

**Part 6. Certification**

I am the head of the agency listed in **Part 2** or I am the person in the agency who has been specifically designated by the head of the
agency to issue U nonimmigrant status certification on behalf of the agency.  Based upon investigation of the facts, I certify, under
penalty of perjury, that the individual noted in **Part 1** is or has been a victim of one or more of the crimes listed in **Part 3**. I certify that
the above information is true and correct to the best of my knowledge, and that I have made, and will make no promises regarding the
above victim's ability to obtain a visa from the U.S. Citizenship and Immigration Services, based upon this certification. I further
certify that if the victim unreasonably refuses to assist in the investigation or prosecution of the qualifying criminal activity of which
he/she is a victim, I will notify USCIS.

Signature of Certifying Official Identified in Part 2                          Date *(mm/dd/yyyy)*

04/15/2008

Form I-918 Supplement B (08/31/07) Page 3

Attachment A

5.      Briefly describe the criminal activity being investigated and/or prosecuted and the involvement of the individual named in **Part I**.

Victor Manuel Maldonado Arita, who is a plaintiff in the attached lawsuit presently pending in the U.S. District Court for the Eastern District of Louisiana, alleges claims under the Victims of Trafficking Protection Act ("VTPA"), 18 U.S.C. § 1595. The VTPA provides a civil remedy for violations of U.S. Criminal Code Sections 1589 ("Forced labor") and 1590 ("Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor") (18 U.S.C. § 1595), for victims of severe forms of trafficking in persons. The undersigned Federal District Judge hereby certified that she is adjudicating Victor Manuel Maldonado Arita's status as such a victim of trafficking and forced labor. Victor Manuel Maldonado Arita has made a prima facie showing of entitlement to relief at this stage of the proceedings. The undersigned Federal District Judge is vested with the authority to preside over these claims under the VTPA.

Victor Manuel Maldonado Arita may be a victim of forced labor because he makes a prima facie showing that his employer obtained his labor by threats of serious harms. Victor Manuel Maldonado Arita has proven his helpfulness to this investigation through the declaration attached here.

6.      Provide a description of any known or documented injury to the victim. Attach copies of all relevant reports and findings.

Victor Manuel Maldonado Arita has made a credible prima facie showing that he has suffered emotional, mental and physical harm as a result of alleged forced labor at the worksite of the employer.

OMB No. 1615-0104; Expires 08/31/2010

**I-918 Supplement B,**

Department of Homeland Security.

U.S. Citizenship and Immigration Services

**U Nonimmigrant Status Certification**

START HERE - Please type or print in black ink.

| Part 1. Victim Information | | | | For USCIS Use Only. | |
|---|---|---|---|---|---|
| Family Name | Given Name | | Middle Name | Returned | Receipt |
| Balladares | Jose Salvador | | | Date | |
| Other Names Used *(include maiden name/nickname)* | | | | Date Resubmitted | |
| Date of Birth *(mm/dd/yyyy)* | | Gender | | Date | |
| 09/28/1959 | | ☒ Male ☐ Female | | Date | |

| Part 2. Agency Information | | Reloc Sent |
|---|---|---|
| Name of Certifying Agency | | Date |
| United States District Court, Eastern District of Louisiana | | |
| Name of Certifying Official | Title and Division/Office of Certifying Official | Date Reloc Rec'd |
| Chief Judge Helen G. Berrigan | Chief Judge of Eastern District | |
| Name of Head of Certifying Agency | | Date |
| Chief Judge Helen G. Berrigan | | |
| Agency Address - Street Number and Name | Suite # | Date |
| 500 Poydras Street | | Remarks |
| City | State/Province | Zip/Postal Code | |
| New Orleans | Louisiana | 70130 | |
| Daytime Phone # *(with area code and/or extension)* | Fax # *(with area code)* | |
| (504) 589-7515 | (504) 589-2643 | |

Agency Type

☒ Federal    ☐ State    ☐ Local

Case Status

☐ On-going    ☐ Completed    ☒ Other Pending

Certifying Agency Category

☒ Judge    ☐ Law Enforcement    ☐ Prosecutor    ☐ Other

| Case Number | FBI # or SID # *(if applicable)* |
|---|---|
| 08-1291 Sect. C Mag 4 | |

**Part 3. Criminal Acts**

1. The applicant is a victim of criminal activity involving or similar to violations of one of the following Federal, State or local criminal offenses. *(Check all that apply.)*

| | | | |
|---|---|---|---|
| ☐ Abduction | ☐ Female Genital Mutilation | ☐ Obstruction of Justice | ☐ Slave Trade |
| ☐ Abusive Sexual Contact | ☐ Hostage | ☒ Peonage | ☐ Torture |
| ☐ Blackmail | ☐ Incest | ☐ Perjury | ☒ Trafficking |
| ☐ Domestic Violence | ☒ Involuntary Servitude | ☐ Prostitution | ☐ Unlawful Criminal Restraint |
| ☐ Extortion | ☐ Kidnapping | ☐ Rape | ☐ Witness Tampering |
| ☐ False Imprisonment | ☐ Manslaughter | ☐ Sexual Assault | ☐ Related Crime(s) |
| ☐ Felonious Assault | ☐ Murder | ☐ Sexual Exploitation | ☒ Other: *(If more space needed, attach separate sheet of paper.)* |
| ☒ Attempt to commit any of the named crimes | ☐ Conspiracy to commit any of the named crimes | ☐ Solicitation to commit any of the named crimes | Forced Labor |

Form I-918 Supplement B (08/31/07)

PLAINTIFF'S EXHIBIT

**Part 3. Criminal acts** *(continued)*

2. Provide the date(s) on which the criminal activity occurred.

Date *(mm/dd/yyyy)*      Date *(mm/dd/yyyy)*      Date *(mm/dd/yyyy)*      Date *(mm/dd/yyyy)*

| 01/22/2007 | ongoing through 2/27/2008 | | |

3. List the statutory citation(s) for the criminal activity being investigated or prosecuted, or that was investigated or prosecuted.

| 18 U.S.C. § 1595, 18 U.S.C. § 1589, 18 U.S.C. § 1590 |

4. Did the criminal activity occur in the United States, including Indian country and military installations, or the territories or possessions of the United States?    ☒ Yes   ☐ No

   a. Did the criminal activity violate a Federal extraterritorial jurisdiction statute?    ☐ Yes   ☒ No

   b. If "Yes," provide the statutory citation providing the authority for extraterritorial jurisdiction.

   | |

   c. Where did the criminal activity occur?

   | Metro New Orleans, Louisiana area |

5. Briefly describe the criminal activity being investigated and/or prosecuted and the involvement of the individual named in Part 1. Attach copies of all relevant reports and findings.

   | Please see Attachment A. |

6. Provide a description of any known or documented injury to the victim. Attach copies of all relevant reports and findings.

   | Please see Attachment A. |

**Part 4. Helpfulness of the victim**

The victim (or parent, guardian or next friend, if the victim is under the age of 16, incompetent or incapacitated.):

1. Possesses information concerning the criminal activity listed in Part 3.    ☒ Yes   ☐ No

2. Has been, is being or is likely to be helpful in the investigation and/or prosecution of the criminal activity detailed above. *(Attach an explanation briefly detailing the assistance the victim has provided.)*    ☒ Yes   ☐ No

3. Has not been requested to provide further assistance in the investigation and/or prosecution. *(Example: prosecution is barred by the statute of limitation.) (Attach an explanation.)*    ☐ Yes   ☒ No

4. Has unreasonably refused to provide assistance in a criminal investigation and/or prosecution of the crime detailed above. *(Attach an explanation.)*    ☐ Yes   ☒ No

**Part 4. Immigracies of the Victim    (continued)**

5. Other, please specify.

**Part 5. Family members involved in criminal activity**

1. Are any of the victim's family members believed to have been involved in the criminal activity of which he or she is a victim?  ☐ Yes  ☒ No

2. If "Yes," list relative(s) and criminal involvement. *(Attach extra reports or extra sheet(s) of paper if necessary.)*

| Full Name | Relationship | Involvement |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**Part 6. Certification**

I am the head of the agency listed in Part 2 or I am the person in the agency who has been specifically designated by the head of the agency to issue U nonimmigrant status certification on behalf of the agency. Based upon investigation of the facts, I certify, under penalty of perjury, that the individual noted in Part 1 is or has been a victim of one or more of the crimes listed in Part 3. I certify that the above information is true and correct to the best of my knowledge, and that I have made, and will make no promises regarding the above victim's ability to obtain a visa from the U.S. Citizenship and Immigration Services, based upon this certification. I further certify that if the victim unreasonably refuses to assist in the investigation or prosecution of the qualifying criminal activity of which he/she is a victim, I will notify USCIS.

Signature of Certifying Official Identified in Part 2.

Date *(mm/dd/yyyy)*
04/15/2008

Form I-918 Supplement B (08/31/07) Page 3

**Attachment A**

5.    Briefly describe the criminal activity being investigated and/or prosecuted and the involvement of the individual named in **Part I.**

Jose Salvador Balladares, who is a plaintiff in the attached lawsuit presently pending in the U.S. District Court for the Eastern District of Louisiana, alleges claims under the Victims of Trafficking Protection Act ("VTPA"), 18 U.S.C. § 1595. The VTPA provides a civil remedy for violations of U.S. Criminal Code Sections 1589 ("Forced labor") and 1590 ("Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor") (18 U.S.C. § 1595), for victims of severe forms of trafficking in persons. The undersigned Federal District Judge hereby certified that she is adjudicating Jose Salvador Balladares' status as such a victim of trafficking and forced labor. Jose Salvador Balladares has made a prima facie showing of entitlement to relief at this stage of the proceedings. The undersigned Federal District Judge is vested with the authority to preside over these claims under the VTPA.

Jose Salvador Balladares may be a victim of forced labor because he makes a prima facie showing that his employer obtained his labor by threats of serious harms. Jose Salvador Balladares has proven his helpfulness to this investigation through the declaration attached here.

6.    Provide a description of any known or documented injury to the victim. Attach copies of all relevant reports and findings.

Jose Salvador Balladares has made a credible prima facie showing that he has suffered emotional, mental and physical harm as a result of alleged forced labor at the worksite of the employer.

OMB No. 1615-0104; Expires 08/31/2010

Department of Homeland Security
U.S. Citizenship and Immigration Services

# I-918 Supplement B,
# U Nonimmigrant Status Certification

START HERE - Please type or print in black ink.

For USCIS Use Only.

## Part 1. Victim Information

| | | |
|---|---|---|
| Family Name | Given Name | Middle Name |
| Aguilar Garcia | Reyes | |

Other Names Used (include maiden name/nickname)

| Date of Birth (mm/dd/yyyy) | Gender |
|---|---|
| 01/06/1974 | ☒ Male    ☐ Female |

## Part 2. Agency Information

Name of Certifying Agency

United States District Court, Eastern District of Louisiana

| Name of Certifying Official | Title and Division/Office of Certifying Official |
|---|---|
| Chief Judge Helen G. Berrigan | Chief Judge of Eastern District |

Name of Head of Certifying Agency

Chief Judge Helen G. Berrigan

| Agency Address - Street Number and Name | Suite # |
|---|---|
| 500 Poydras Street | |

| City | State/Province | Zip/Postal Code |
|---|---|---|
| New Orleans | Louisiana | 70130 |

| Daytime Phone # (with area code and/or extension) | Fax # (with area code) |
|---|---|
| (504) 589-7515 | (504) 589-2643 |

Agency Type
☒ Federal      ☐ State      ☐ Local

Case Status
☐ On-going    ☐ Completed    ☒ Other Pending

Certifying Agency Category
☒ Judge    ☐ Law Enforcement    ☐ Prosecutor    ☐ Other

| Case Number | FBI # or SID # (if applicable) |
|---|---|
| 08-1291 Sect. C Mag 4 | |

### For USCIS Use Only.

| | Receipt |
|---|---|
| Returned | |
| Date | |
| Date | |
| Resubmitted | |
| Date | |
| Date | |
| Reloc Sent | |
| Date | |
| Date | |
| Reloc Rec'd | |
| Date | |
| Date | |
| Remarks | |

## Part 3. Criminal Acts

1. The applicant is a victim of criminal activity involving or similar to violations of one of the following Federal, State or local criminal offenses. (Check all that apply):

| | | | |
|---|---|---|---|
| ☐ Abduction | ☐ Female Genital Mutilation | ☐ Obstruction of Justice | ☐ Slave Trade |
| ☐ Abusive Sexual Contact | ☒ Hostage | ☐ Peonage | ☐ Torture |
| ☐ Blackmail | ☐ Incest | ☐ Perjury | ☒ Trafficking |
| ☐ Domestic Violence | ☒ Involuntary Servitude | ☐ Prostitution | ☐ Unlawful Criminal Restraint |
| ☐ Extortion | ☐ Kidnapping | ☐ Rape | ☐ Witness Tampering |
| ☐ False Imprisonment | ☐ Manslaughter | ☐ Sexual Assault | ☐ Related Crime(s) |
| ☐ Felonious Assault | ☐ Murder | ☐ Sexual Exploitation | ☒ Other: (If more space needed, attach separate sheet of paper.) |
| ☒ Attempt to commit any of the named crimes | ☐ Conspiracy to commit any of the named crimes | ☐ Solicitation to commit any of the named crimes | Forced Labor |

Form I-918 Supplement B (08/31/07)

PLAINTIFFS
EXHIBIT

**Part 3. Criminalize (Continued)**

2. Provide the date(s) on which the criminal activity occured.

| Date *(mm/dd/yyyy)* | Date *(mm/dd/yyyy)* | Date *(mm/dd/yyyy)* | Date *(mm/dd/yyyy)* |
|---|---|---|---|
| Mid-2007 | ongoing through 2/27/2008 | | |

3. List the statutory citation(s) for the criminal activity being investigated or prosecuted, or that was investigated or prosecuted.

18 U.S.C. § 1595, 18 U.S.C. § 1589, 18 U.S.C. § 1590

4. Did the criminal activity occur in the United States, including Indian country and military installations, or the territories or possessions of the United States?                       ☒ Yes    ☐ No

   a. Did the criminal activity violate a Federal extraterritorial jurisdiction statute?                  ☐ Yes    ☒ No

   b. If "Yes," provide the statutory citation providing the authority for extraterritorial jurisdiction.

   c. Where did the criminal activity occur?

   Metro New Orleans, Louisiana area

5. Briefly describe the criminal activity being investigated and/or prosecuted and the involvement of the individual named in Part 1. Attach copies of all relevant reports and findings.

   Please see Attachment A.

6. Provide a description of any known or documented injury to the victim. Attach copies of all relevant reports and findings.

   Please see Attachment A.

**Part 4. Helpfulness of the victim**

The victim (or parent, guardian or next friend, if the victim is under the age of 16, incompetent or incapacitated.):

1. Possesses information concerning the criminal activity listed in Part 3.                              ☒ Yes    ☐ No

2. Has been, is being or is likely to be helpful in the investigation and/or prosecution of the criminal activity detailed above. *(Attach an explanation briefly detailing the assistance the victim has provided.)*                                                                           ☒ Yes    ☐ No

3. Has not been requested to provide further assistance in the investigation and/or prosecution. *(Example: prosecution is barred by the statute of limitation.) (Attach an explanation.)*      ☐ Yes    ☒ No

4. Has unreasonably refused to provide assistance in a criminal investigation and/or prosecution of the crime detailed above. *(Attach an explanation.)*                                        ☐ Yes    ☒ No

Part 4: Signatures of the victim... *(continued)*

5. Other, please specify.

Part 5: Family members implicated in victim's crime

1. Are any of the victim's family members believed to have been involved in the criminal activity of
   which he or she is a victim?    ☐ Yes    ☒ No

2. If "Yes," list relative(s) and criminal involvement. *(Attach extra reports or extra sheet(s) of paper if necessary.)*

| Full Name | Relationship | Involvement |
|-----------|--------------|-------------|
|           |              |             |
|           |              |             |
|           |              |             |
|           |              |             |

Part 6: Certification

I am the head of the agency listed in Part 2 or I am the person in the agency who has been specifically designated by the head of the
agency to issue U nonimmigrant status certification on behalf of the agency. Based upon investigation of the facts, I certify, under
penalty of perjury, that the individual noted in Part 1 is or has been a victim of one or more of the crimes listed in Part 3. I certify that
the above information is true and correct to the best of my knowledge, and that I have made, and will make no promises regarding the
above victim's ability to obtain a visa from the U.S. Citizenship and Immigration Services, based upon this certification. I further
certify that if the victim unreasonably refuses to assist in the investigation or prosecution of the qualifying criminal activity of which
he/she is a victim, I will notify USCIS.

Signature of Certifying Official identified in Part 2.                    Date *(mm/dd/yyyy)*
                                                                          04/15/2008

**Attachment A**

5.    Briefly describe the criminal activity being investigated and/or prosecuted and the involvement of the individual named in Part I.

Reyes Aguilar Garcia, who is a plaintiff in the attached lawsuit presently pending in the U.S. District Court for the Eastern District of Louisiana, alleges claims under the Victims of Trafficking Protection Act ("VTPA"), 18 U.S.C. § 1595. The VTPA provides a civil remedy for violations of U.S. Criminal Code Sections 1589 ("Forced labor") and 1590 ("Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor") (18 U.S.C. § 1595), for victims of severe forms of trafficking in persons. The undersigned Federal District Judge hereby certified that she is adjudicating Reyes Aguilar Garcia's status as such a victim of trafficking and forced labor. Reyes Aguilar Garcia has made a prima facie showing of entitlement to relief at this stage of the proceedings. The undersigned Federal District Judge is vested with the authority to preside over these claims under the VTPA.

Reyes Aguilar Garcia may be a victim of forced labor because he makes a prima facie showing that his employer obtained his labor by threats of serious harms. Reyes Aguilar Garcia has proven his helpfulness to this investigation through the declaration attached here.

6.    Provide a description of any known or documented injury to the victim. Attach copies of all relevant reports and findings.

Reyes Aguilar Garcia has made a credible prima facie showing that he has suffered emotional, mental and physical harm as a result of alleged forced labor at the worksite of the employer.

Switch Client | Preferences | Help | Sign Out

| *My Lexis*™ | Search | Get a Document | *Shepard's*® | More | History |
|---|---|---|---|---|---|
| | | | | | Alerts |

FOCUS™ Terms [_____] Search Within Original Results (1 - 1) [____] ■ View
Advanced... Tutorial

Source: **Legal > / . . . / > LA Federal District Courts** ⓘ
Terms: **name(garcia and audubon communities management)** (Suggest Terms for My Search)

*2008 U.S. Dist. LEXIS 31221, ***

FREDI **GARCIA**, MISBEL **GARCIA**, JOSE SALVADOE VALLADARES, DENIS AMADOR-DIAZ, EMILIO SALGUETO, REYES AGULIA-**GARCIA**, GUSTAVO **GARCIA**, ILSA CANALES JOSE EFRAIN **GARCIA**-HERNANDEZ, EDGAR GOVANTI **GARCIA**-MARTINEZ, AND SANTOS LARA, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED VERSUS **AUDUBON COMMUNITIES MANAGEMENT,** LLC, AUDUBON-ALGIERS, LLC, AND CHARLES REHYER

CIVIL ACTION NO. 08-1291 SECTION "C" (5)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

2008 U.S. Dist. LEXIS 31221

April 15, 2008, Decided
April 15, 2008, Filed

**CORE TERMS:** qualifying, criminal activity, certification, helpful, nonimmigrant, certifying, prima facie, certify, involuntary servitude, perpetrator, employer-defendant's, trafficking, alien, law enforcement agencies, legal process, physical violence, physical suffering, serious harm, sufficient evidence, plaintiff-employees, non-documented, unconvincing, immigration, apprehended, deportation, investigate, undersigned, appearance, prosecute, immigrant

**COUNSEL: [*1]** For Fredi Garcia, Misael Garcia, Jose Salvador Valladares, Victor Manuel Maldonado, Denis Amador-Diaz, Emilio Salguero, Reyes Aguilar-Garcia, Julio Cesar Hernandez-Garcia, Gustavo Garcia, Ilsa Canales, Jose Efrain Garcia-Hernandez, Edgar Govani Garcia-Martinez, Santos Lara, On behalf of themselves and all others similarly situated, Adan Hernandez, Oscar Dubon, Miguel Angel Arito, Israel Aguilar, Adrian Lobo, Carlos Castellanos, Esvin Garcia, Elder Jose Garcia, Manuel Lopez, Nahan Ortiz, Jose Carlos Barrera, Nohun Verde, Marvin Perez, Hector Rodriguez, Francisco Sanches, Jose Mejia, Tomas Mejilla, Armando Murillo, Salvador Lopez Guillen, Moises Lopez, Geobani Lobo, Dario Lobo, Plaintiffs: Vanessa Spinazola, LEAD ATTORNEY, The Pro Bono Project, New Orleans, LA; Andrew H. Turner, Mary C. Bauer, Immigrant Justice Project Southern Poverty Law Center, Montgomery, AL.

For Audubon Communities Management, LLC, Audubon-Algiers, LLC, Charles Rehyer, Defendants:James M. Garner ⌄🎗, LEAD ATTORNEY, Debra J. Fischman ⌄🎗, Elwood F. Cahill, Jr. ⌄🎗, Sher Garner Cahill Richter Klein & Hilbert, LLC, New Orleans, LA.

**JUDGES:** HELEN G. BERRIGAN ⌄, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** HELEN G. BERRIGAN ⌄

**OPINION**

**ORDER AND REASONS**

Before the Court **[*2]** are Emergency Motions for U Visa Certification, filed by the plaintiffs, Fredi Garcia, Misbel Garcia, Jose Salvadoe Valladares, Denis Amador-Diaz, Emilio Salgueto, Reyes Agulia-Garcia, Gustavo Garcia, Ilsa Canales Jose Efrain Garcia-Hernandez, Edgar Govanti Garcia-Martinez, and Santos Lara ("Plaintiffs") (Rec. Docs. 10 & 24). The defendants, Audubon Communities Management, LLC, Audubon-Algiers, LLC, and Charles Rehyer ("Defendants"), oppose the motions. [1] The motions are before the Court on the briefs without oral argument. Having considered the memoranda and arguments of counsel, the record, and the applicable law, the Court finds that certification of the U-Visa applications is appropriate.

**FOOTNOTES**

[1] The Defendants initially assert that the Court "does not have the authority to issue the requested U-Visas." The Court agrees. However, the Plaintiffs' motion merely requests that the Court certify "Supplement B" of Form I-918 so that the Plaintiffs may apply for U-Visas. The Department of Homeland Security (Vermont Service Center) is responsible for making U-Visa determinations.

**I. Background**

The plaintiffs are non-documented workers who have filed suit against their former employer alleging that **[*3]** the Defendants improperly withheld wages. In addition, the Plaintiffs allege claims under the Fair Labor Standards Act ("FLSA") and the Victims of Trafficking Protection Act, 18 U.S.C. § 1581 *et seq.* Specifically, the Plaintiffs allege that the employer-defendants promised housing and weekly salaries in exchange for labor. The Plaintiffs state that they were consistently underpaid, and that complaints were met with threats of eviction. The Plaintiffs note that shortly after they filed this lawsuit to recoup their wages, agents of the Department of Homeland Security and Immigration and Customs Enforcement raided the employer-defendant's workplace and apprehended several of the named plaintiffs. The Plaintiffs now seek U-Visa certifications because the apprehended Plaintiffs have been detained since February 27, 2008, and are facing deportation.

**II. Law & Analysis** According to the regulations promulgated by the Department of Homeland Security, the purpose of the U nonimmigrant classification is to provide a safe-harbor for non-documented victims of qualifying crimes. 72 Fed. Reg. 53014-15. The regulations state:

> Alien victims may not have legal status and, therefore may be reluctant to **[*4]** help in the investigation or prosecution of criminal activity for fear of removal from the United States. In passing this legislation, Congress intended to strengthen the ability of law enforcement agencies to investigate and prosecute cases of domestic violence, sexual assault, trafficking of aliens and other crimes while offering protection to victims of such crimes. See BIWPA, [2] sec. 1513(a)(2)(A). Congress also sought to encourage law enforcement officials to better serve immigrant crime victims.

*Id.*

**FOOTNOTES**

2 BIWPA stands for the "Battered Immigrant Women Protection Act of 2000."

There are several criteria in order to obtain U-Visa status. The applicant(s) must demonstrate: (1) that they have suffered substantial physical or mental abuse as a result of having been the victim of qualifying criminal activity; (2) they must possess information concerning the qualifying criminal activity; and (3) the must have been helpful, are being helpful, or are likely to be helpful in the investigation or prosecution of the qualifying criminal act. 8 U.S.C. § 1101 (a)(15)(U)(i). In addition, applicants must submit Supplement B to Form I-918 to file for a U-Visa. Supplement B is also known as "U Nonimmigrant **[*5]** Status Certification," and requires a qualified "certifying official" to affirm:

> the person signing the certificate is the head of the certifying agency, or any person (s) in a supervisory role who has been specifically designated by the head of the certifying agency to issue U nonimmigrant status certifications on behalf of that agency, or is a Federal, State, or local judge; the agency is a Federal, State, or local law enforcement agency, or prosecutor, judge or other authority, that has responsibility for the detection, investigation, prosecution, conviction, or sentencing of qualifying criminal activity; the applicant has been a victim of qualifying criminal activity that the certifying official's agency is investigating or prosecuting; the petitioner possesses information concerning the qualifying criminal activity of which he or she has been a victim; the petitioner has been, is being, or is likely to be helpful to an investigation or prosecution of that qualifying criminal activity; and the qualifying criminal activity violated U. S. law, or occurred in the United States, its territories, its possessions, Indian country, or at military installations abroad.

8 C.F.R. § 214.14(c)(2)(i); **[*6]** see also 72 Fed. Reg. 53023-24.

In their motions, the Plaintiffs request that the undersigned act as the "certifying official" for their U-Visa applications. It is undisputed that a federal judge is qualified to "certify" U-Visa applications. 8 U.S.C. § 1101(a)(15)(U)(i)(III); 8 C.F.R. § 214.14(a)(3)(ii). 3 However, the Defendants assert that the Plaintiffs are not eligible for U-Visa status, and thus, the undersigned should not "certify" their applications. Essentially, the Defendants argue that they were not the perpetrators of any of the alleged qualifying criminal activity because outside contractors were responsible for hiring and firing the Plaintiffs. In addition, the Defendants contend that the Plaintiffs have not alleged "substantial physical or mental abuse" as required to obtain U-Visas. Finally, the Defendants assert that the Plaintiffs are not entitled to U-Visa certification because the Plaintiffs' allegations are confined to a civil complaint, instead of criminal charges.

**FOOTNOTES**

3 The regulations specifically states, "[j]udges neither investigate crimes nor prosecute perpetrators. Therefore, USCIS believes that the term 'investigation or prosecution' should be interpreted broadly **[*7]** as in the AG Guidelines." 72 Fed. Reg. 53020.

Based on the complaint and the exhibits attached to the Emergency Motions for U-Visa Certification, the Court finds that the Plaintiffs have made a prima facie 4 showing that they have been a victim of qualifying criminal activity, 5 that they possess information concerning the qualifying criminal activity, and that they are likely to be helpful to an investigation or prosecution of that qualifying criminal activity. Specifically, the Plaintiff's statements are evidence that legal coercion was used against the Plaintiffs to continue working without pay. Indeed, the allegations detail a pattern of conduct by the employer-defendants to force the plaintiff-employees to work by taking advantage of the plaintiff-employees undocumented immigration status. The statutory definition of "Involuntary Servitude" states:

The term "involuntary servitude" includes a condition of servitude induced by means of--

(A) any scheme, plan, or pattern intended to cause a person to believe that, if the person did not enter into or continue in such condition, that person or another person would suffer serious harm or physical restraint; or

(B) the abuse or threatened **[\*8]** abuse of the legal process.

22 U.S.C. § 7102(5). In this matter, the Plaintiffs specifically allege that when they complained of failure to remit wages in a timely fashion, they were told that they "didn't have any rights in this county and that we should shut up and keep working if we didn't want [to be deported]." [6] Rec. Doc. 10, Exhibit 2, P 11. The Plaintiffs allege that their demands for wages were met with the threatened abuse of the legal process. Stated another way, the Plaintiffs allege that their employers used the threat of deportation to force continued labor. Thus, there is sufficient evidence for a prima facie showing of Involuntary Servitude.

**FOOTNOTES**

[4] "Prima Facie" has two (2) definitions in Black's Law Dictionary: 1. "Sufficient to establish a fact or raise a presumption unless disproved or rebutted." 2. As an adjective, "at first sight; on first appearance but subject to further evidence or information." Both definitions apply in this matter.

[5] The Plaintiffs assert that they have been victims of several "qualifying crimes," including: Involuntary Servitude and Human Trafficking.

[6] One plaintiff alleges that he "continued working without pay because [he] was afraid that the bosses **[\*9]** would call the police to deport [him] as they had said." Rec. Doc. 10, Exhibit 2, P 12.

Furthermore, the Court notes that on-going criminal investigation may not be necessary to certify a U-Visa application because the regulations contemplate the future helpfulness of the applicant(s):

USCIS interprets 'helpful' to mean assisting law enforcement authorities in the investigation or prosecution of the qualifying criminal activity of which he or she is a victim ... The requirement was written with several verb tenses, recognizing that an alien may apply for U nonimmigrant status at different stages of the investigation or prosecution. By allowing an individual to petition for U nonimmigrant status upon a showing that he or she **may be helpful at some point in the future,** USCIS believes that Congress intended for individuals to be eligible for U nonimmigrant status at the very early stages of an investigation. This suggests an ongoing responsibility to cooperate with the certifying official while in U nonimmigrant status.

72 Fed. Reg. 53019 (emphasis added). Indeed, part of the regulations in the CFR state, "U nonimmigrant status certification means Form I-918, Supplement B, 'U Nonimmigrant **[\*10]** Status Certification,' which confirms that the petitioner has been helpful, is being helpful, **or is likely to be helpful** in the investigation or prosecution of the qualifying criminal activity of which he or she is a victim." 8 C.F.R. § 214.14(a)(12). Therefore, the Defendants' argument that the Plaintiffs do not qualify for U-Visa certification is unconvincing. The Court concludes that the Plaintiffs are entitled to U-Visa certification because they have provided sufficient evidence to show that they "may be helpful at some point in the future" to an investigation regarding qualifying criminal activity.

The Defendants argument that the Plaintiffs have failed to allege facts sufficient to constitute "substantial physical or mental abuse" is not convincing. The Defendants note that the Plaintiffs have neither alleged that they were victims of "battery or physical violence," nor victims of "extreme cruelty." The Court finds that "physical or mental abuse" is not commensurate with "battery or physical violence." The regulations regarding "substantial physical or mental abuse" state:

> Whether abuse is substantial is based on a number of factors, including but not limited to: The nature of **[*11]** the injury inflicted or suffered; the severity of the perpetrator's conduct; the severity of the harm suffered; the duration of the infliction of the harm; and the extent to which there is permanent or serious harm to the appearance, health, or physical or mental soundness of the victim, including aggravation of pre-existing conditions. No single factor is a prerequisite to establish that the abuse suffered was substantial. Also, the existence of one or more of the factors automatically does not create a presumption that the abuse suffered was substantial. A series of acts taken together may be considered to constitute substantial physical or mental abuse even where no single act alone rises to that level.

8 C.F.R. § 214.14(b)(1). In addition, the regulations state, "[p]hysical or mental abuse means injury or harm to the victim's physical person, or harm to or impairment of the emotional or psychological soundness of the victim." 8 C.F.R. § 214.14(a)(8). In this matter, the Plaintiffs have alleged mental and physical suffering because of the living conditions they were forced to endure. The Plaintiffs state that without steady pay, they had to find food "in the trash." Not only have **[*12]** the Plaintiffs alleged feeling "shameful" and "sad" because they could not afford to buy food; they also allege physical distress from the lack of nourishment. Rec Doc. 10, Exhibit 3 P 14; Rec. Doc. 10, Exhibit 2 P 10. Therefore, the Court finds that the Plaintiffs have made a prima facie showing of substantial mental and physical suffering.

Finally, the Defendants' contention that the Plaintiffs are not entitled to U-Visa certification because the allegations pertain to "the conduct of third parties," not the conduct of Audubon itself, is unconvincing. The regulations state that applicants for U-Visa certification must be victims of qualifying crimes. The regulations do not mandate that a specific entity be the alleged perpetrator of the qualifying crimes. Consequently, at this point in the proceedings, the Plaintiffs have made a prima facie showing that they are entitled to U-Visa certification.

### III. Conclusion

Accordingly,

The Plaintiffs' Emergency Motions for U-Visa Certification are GRANTED (Rec. Docs. 10 & 24). The Court will certify the Plaintiffs' U-Visa applications by signing the submitted "Supplement B" forms, so long as no additions, deletions, or alterations are made to the **[*13]** "Attachment A" forms.

New Orleans, Louisiana, this 15th day of April, 2008.

/s/ Helen G. Berrigan

HELEN G. BERRIGAN

UNITED STATES DISTRICT JUDGE

Source:  **Legal > / . . . / > LA Federal District Courts** [i]
Terms:  **name(garcia and audubon communities management)**  (Suggest Terms for My Search)
View:  Full

Date/Time:  Friday, May 18, 2012 - 1:47 PM EDT

\* Signal Legend:

&#9679; -    Warning: Negative treatment is indicated

&#9632; -    Questioned: Validity questioned by citing refs

&#9651; -    Caution: Possible negative treatment

&#9670; -    Positive treatment is indicated

&#9650; -    Citing Refs. With Analysis Available

&#9679; -    Citation information available

\* Click on any *Shepard's* signal to *Shepardize*® that case.

In

About LexisNexis   | Privacy Policy   | Terms & Conditions   | Contact Us
Copyright ©  2012 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDI GARCIA, *et al.* | ) |
| | ) |
| Plaintiffs, | ) Civ. No. 08-1291 |
| | ) (SECT. C, MAG. 4) |
| v. | ) |
| | ) |
| AUDUBON COMMUNITIES MANAGEMENT, | ) |
| LLC, *et al.* | ) |
| | ) Collective Action |
| Defendants. | ) |
| | ) |
| | ) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR U-VISA CERTIFICATION

For the reasons set forth herein, Plaintiffs respectfully request that this Court certify that Plaintiffs Fredi Garcia, Reyes Aguilar-Garcia, and Jose Salvador Balladares[1] ("the moving Plaintiffs") "have been helpful, are being helpful, or likely will be helpful" in the investigation or prosecution of Defendants' violations of federal forced labor and involuntary servitude prohibitions. Such Judicial certification would allow the moving Plaintiffs to petition the U.S. Customs and Immigration Service for U visa relief, which – if granted - would permit them to remain in the United States to complete presentation of their forced labor and involuntary servitude claims under the Trafficking Victims Protection Act. These claims are pending before this Court as Counts I and II of the Plaintiffs' complaint. (Doc. 1 ¶¶ 75-84.) The certification of the moving Plaintiffs' U

---

[1] Plaintiff Jose Salvador Balladares' last name was misspelled "Valladares" in the caption and body of the Complaint initiating this action. (Doc. 1 ¶¶ 10, 65, 69, 109, 115.)

visas requires immediate consideration because, as set forth in their Complaint, these

Plaintiffs were reported to U.S. Immigration and Customs Enforcement ("ICE") in

unlawful retaliation for their having requested payment of wages through their counsel.

(Doc. 1 ¶¶ 62-9, 108-115.)  The moving Plaintiffs have been placed in removal (or

deportation)[2] proceedings as a result and are in imminent danger of being removed to

Honduras, thereby frustrating their ability to participate in this proceeding or otherwise

redress the involuntary servitude crimes which they suffered.

## I.     Procedural History

Plaintiffs filed the instant lawsuit on March 17, 2008.  Defendant Audubon-

Algiers, LLC has been served with the Summons and Complaint in this action.  (Docs. 1-

2).  Plaintiffs expect that the remaining Defendants, which reside in the state of New

York, will be served shortly.  The Defendants have not yet proffered their answers.

## II.    This Court Should Certify Plaintiffs' Applications for U Visa Relief.

### A.     The Moving Plaintiffs Offer A Preliminary Showing That They Are Qualified for U Nonimmigrant Visas.

Congress created the U visa nonimmigrant classification with the passage of the

Victims of Trafficking and Violence Prevention Act of 2000 ("TVPA").  See Pub. L. No.

106-386, § 1513, 114 Stat. 1464, 1533-37; see also 72 FR 53014-15.  "The purpose of the

U nonimmigrant classification is to strengthen the ability of law enforcement agencies to

investigate and prosecute such crimes as . . . trafficking in persons, while offering

protection to alien crime victims in keeping with the humanitarian interests of the United

States." 72 FR 53014 (summary of U.S. Citizenship and Immigration Services comments

---

[2] Prior to April 1997 deportation and exclusion were separate removal procedures. The
Illegal Immigration Reform and Immigrant Responsibility Act of 1996 consolidated these
procedures which are now collectively referred to as removal.

on interim U visa regulations).  To be eligible for U visa relief, an alien (1) must have "suffered substantial physical or mental abuse as a result of having been a victim of criminal activity" enumerated by the Act; (2) must "possess[] information" concerning the qualifying criminal activity; and (3) must have "been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution of the qualifying criminal act. See 8 U.S.C. § 1101(a)(15)(U)(i).  One of the qualifying criminal acts is involuntary servitude, as well as "any similar activity in violation of federal, state, or local criminal law.  See 8 U.S.C. § 1101(a)(15)(U)(iii).

**1.  The Moving Plaintiffs Are Victims of Involuntary Servitude**

Petitioners for U nonimmigration status must be a "victim" of one of the enumerated offenses.  See 8 U.S.C. § 1101(a)(15)(U)(iii)(1).  U.S. Department of Homeland Security ("DHS") regulations define a "victim of qualifying criminal activity" as "an alien who has suffered direct or proximate harm as a result of the commission of qualifying criminal activity."  8 C.F.R. § 214(a)(14).  The moving Plaintiffs are direct victims of involuntary servitude and the similar crimes of forced labor and trafficking with respect to peonage, slavery, involuntary servitude, or forced labor.

Any person who "knowingly and willfully holds to involuntary servitude" another person has violated has violated federal criminal law.  See 18 U.S.C. § 1584; 19 U.S.C. § 1589.  Congress has defined involuntary servitude as

> a condition of servitude induced by means of--
>
>     (A) any scheme, plan, or pattern intended to cause a person to believe that, if the person did not enter into or continue in such condition, that person or another person would suffer serious harm or physical restraint; or
>
>     (B) the abuse or threatened abuse of the legal process.

3

22 U.S.C. § 7102(5).

Prior to the passage of the TVPA, the U.S. Supreme Court had adopted a narrow interpretation of the involuntary servitude prohibition, requiring actual physical or legal coercion. See United States v. Kozminski, 487 U.S. 931, 949-52 (1988).  When Congress enacted the TVPA, it overturned, on invitation of the Kozminski Court, the requirement that an actual objective threat occur. See United States v. Marcus, 487 F. Supp. 2d 289, 302 (E.D.N.Y. 2007)(Congress enacted the TVPA's expanded definition of involuntary servitude "as a response to the Supreme Court's decision in Kozminski"). Language allowing psychological coercion was thus adopted. See 22 U.S.C. § 7102(5) ("any scheme, plan, or pattern *intended to cause a person to believe* that. . ."); see also 22 U.S.C. § 7101(13)-(14) (congressional findings regarding the passage of the TVPA); United States v. Bradley, 390 F.3d 145, 150 (1st Cir. 2004), *judgment vacated on other grounds,* 545 U.S. 1101 (2005) (the TVPA was indeed intended to encompass "subtle psychological methods of coercion."). The TVPA also created a new crime of forced labor, which relied upon the same language as the TVPA's definition of involuntary servitude,   compare 22 U.S.C. § 7102(5); 18 U.S.C. § 1589,[3] as well as the crime of human trafficking, which incorporated the crime of involuntary servitude. See 18 U.S.C. § 1590. The Plaintiffs are victims of involuntary servitude, forced labor, and trafficking for involuntary servitude and forced labor (collectively "involuntary servitude").

---

[3]   The 2003 TVPA reauthorization created a private right of action for violations of these forced labor provisions as well as for trafficking with respect to involuntary servitude and other violations of Title 18, Chapter 77 of the U.S. Code. See 18 U.S.C. § 1595; 18 U.S.C. § 1590.

At the core of the moving Plaintiffs' involuntary servitude claims are the Defendants' illegal and pervasive threats issued when the moving Plaintiffs stopped working for want of wage payment. It is based on these threats, which Defendants have subsequently proven were not empty, that the moving Plaintiffs felt they had no choice but to continue to toil for the Defendants while getting little or no pay.

Wages came sporadically if they came at all during the moving Plaintiffs employment by the Defendants. Moving Plaintiff Reyes Aguilar-Garcia was not paid at all until he had worked for the Defendants for seven weeks. (Pl. Ex. 1, Decl. of Reyes Aguilar-Garcia ("Aguilar-Garcia Decl.") at ¶ 6). Moving Plaintiff Fredi Umberto Mejivar-Garcia was not paid for twelve consecutive weeks. (Pl. Ex. 2, Decl. of Fredi Umberto Mejivar-Garcia ("Mejivar-Garcia Decl.") at ¶ 9). When the moving Plaintiffs were paid, it was often only enough to subsist and to service their ever-increasing debts (Mejivar-Garcia Decl. at ¶ 10); (Pl. Ex. 3, Decl. of Jose Salvador Balladares ("Balladares Decl.") at ¶¶ 8, 14), and the wages were parceled out only at a level sufficient to coerce the Plaintiffs' continued employment. (Aguilar-Garcia Decl. at ¶ 6; Mejivar-Garcia Decl. at ¶¶ 9, 15).

On multiple occasions, the moving Plaintiffs tried to stop working after they had not been paid for extended periods of time. (Balladares Decl. at ¶ 9; Aguilar-Garcia Decl. at ¶ 6; Mejivar-Garcia Decl. at ¶ 11). Invariably, when this occurred, the Defendants would threaten the moving Plaintiffs with eviction, arrest, and deportation, effectively forcing the moving Plaintiffs to return to work. (Aguilar-Garcia Decl. at ¶¶ 6-8, 10; Mejivar-Garcia Decl. at ¶¶ 11-16). The Defendants followed through on their threats. On one occasion, Defendants locked six of the Plaintiffs out of their housing,

causing them to be temporarily homeless, after they had complained about not getting

paid. (Aguilar-Garcia Decl. at ¶ 7; Mejivar-Garcia Decl. at ¶ 13; Balladares Decl. at ¶

12). This, of course, had a significant chilling effect on all of the Defendants' employees.

(Aguilar-Garcia Decl. at ¶¶ 7-8; Mejivar-Garcia Decl. at ¶¶ 13-14).   The message to these

Plaintiffs, and to the remaining workers, was that they would be made homeless if they

did not continue to work, in spite of the non-payment or insufficient payment of wages.

The threat of being made homeless is exactly the kind of serious harm

contemplated by the TVPA's definition of involuntary servitude, particularly in post-

Katrina New Orleans, where there are significant public safety concerns and very limited

availability of low-rent housing. See, e.g. Bradley, 390 F.3d at 153 (a victim's "special

vulnerabilities" should be considered when whether there was a threat of serious harm).

Further, threatening a worker with arrest and deportation "clearly falls within the concept

and definition of 'abuse of legal process' since the alleged objective for same was to

intimidate and coerce the workers into forced labor." United States v. Garcia, Case No.

02-CR-110S-01, 2003 U.S. Dist. LEXIS 22088, *23 (W.D.N.Y. 2003). Combined, the

threats of homelessness and deportation convinced the moving Plaintiffs that they had no

choice. (Balladares Decl. at ¶ 13.) Moving Plaintiff Aguilar-Garcia avers that "[w]ithout

any money, Audubon Pointe was the only place we had to sleep and we could not survive

if we were to lose this housing, as bad as it was.  My family could not survive if I was

deported from the United States, which is why I stayed and worked." (Aguilar-Garcia

Decl. at ¶ 8).  For these reasons, the moving Plaintiffs are victims of involuntary

servitude.

**2.    The Moving Plaintiffs Suffered Substantial Physical and
Mental Abuse as a Result of Defendants' Crimes.**

To be eligible for U visa relief, an alien must have "suffered substantial physical

or mental abuse as a result of having been a victim of criminal activity" enumerated by

the Act. See 8 U.S.C. § 1101(a)(15)(U)(iii)(1). To determine whether suffered abuse is

substantial, a number of factors may be considered, including:

> The nature of the injury inflicted or suffered; the severity of the
> perpetrator's conduct; the severity of the harm suffered; the duration of the
> infliction of the harm; and the extent to which there is permanent or
> serious harm to the appearance, health, or physical or mental soundness of
> the victim. . . . A series of acts taken together may be considered
> substantial physical or mental abuse even where no single act alone rises
> to that level.

8 C.F.R. § 214.14(b).  Ultimately, eligibility for U visa interim relief must be made on

"case-by-case determinations, using [these] factors as guidelines. . . . Through these

factors, USCIS will be able to evaluate the kind and degree of harm suffered by the

individual applicant, based upon the individual applicant's experience." 72 FR 53018.

The moving Plaintiffs suffered substantial physical and mental abuse as a result of

the working and living conditions they were forced to endure.  In their supporting

declarations, the moving Plaintiffs describe how, while forced to work for the

Defendants, the moving Plaintiffs were housed in hurricane-damaged, unrenovated, and

overcrowded apartments. (Mejivar-Garcia Decl. at ¶¶ 6-7)  The conditions at the

apartments were deplorable. (Balladares Decl. at ¶ 7.)  Moving Plaintiff Reyes Aguilar-

Garcia declares that "[t]he carpet stunk, there were holes on the walls, there were a lot of

cockroaches, the stove and the refrigerator were very old, and there were broken

windows.  I was sick with colds, coughs and fever. " (Aguilar-Garcia Decl at ¶ 4.)  When

7

Plaintiff Aguilar-Garcia complained about these conditions, the Defendants responded by threatening to call the police if they did not accept the conditions. (Aguilar-Garcia Decl. at ¶ 4).

While the moving Plaintiffs were forced to work, the Defendants did not pay them for as long as twelve consecutive weeks during which they "lacked the most basic necessities to survive." (Mejivar-Garcia Decl. at ¶ 9). As a result of the long lapses between paydays, the moving Plaintiffs had to borrow money from friends, incurring ever-increasing debt, and having to find food "in the trash that the American residents threw out," which Plaintiff Mejivar-Garcia described as "shameful." (Mejivar-Garcia Decl. at ¶ 10). Plaintiff Aguilar-Garcia's emotional trauma was also pronounced. He describes feeling fear, shame, and "sadness due to lack of ability to support my family that was suffering in Honduras." (Aguilar-Garcia Decl. at ¶¶ 8-9). Physically, he experienced hunger, sleeplessness, and once nearly fainted from the stress. (Aguilar-Garcia Decl. at ¶ 9).

When the Plaintiffs attempted to stop working because they were not paid, their employers threatened them with eviction and deportation. (Mejivar-Garcia Decl. at ¶ 11). They returned to work because they were "afraid." (Mejivar-Garcia Decl. at ¶ 12). Moving Plaintiff Mejivar-Garcia indicates, "I felt very bad in my mind and I suffered sadness because of this, but I didn't know what else to do other than to keep working." (Mejivar-Garcia Decl. at ¶ 12). When a group of workers were given five minutes to leave their apartment after they refused to work for no wages, the moving Plaintiffs' degree of fear increased. Plaintiff Mejivar-Garcia continued to work in these dismal conditions "out of fear, because I believed what they told us – that Mr. Chuck would

8

report us to the police so they would deport us to our country; and that they evict us from

our housing immediately if we didn't return to work.." (Mejivar-Garcia Decl. at ¶14).

Plaintiff Aguilar-Garcia testifies, "I was afraid and decided to continue working."

(Aguilar-Garcia Decl. at ¶ 7).

The culmination of the Defendants' actions – the arrest and placement of

deportation proceedings of the moving Plaintiffs and others – was devastating, with

physical and mental health consequences for the moving Plaintiffs.  Plaintiff Mejivar-

Garcia testifies:

> I got sick in the prison and I suffered a lot of sadness for the situation of
> being detained and having been exploited by the bosses of Audubon.  It
> was very frustrating to be mistreated this way.  It is a tremendously
> shameful thing that I have not been able to support my family
> economically.  My regret was too great to bear, having to explain to them
> that I came to the United States and was working without payment in a job
> I was not free to abandon.  I am afraid that my sisters had to quit their
> studies and that they are wanting for the necessities in Honduras.  I feel
> that I have failed by not being able to help them economically and it is a
> great sadness. . ..  The experience of working under the threats at Audubon
> Pointe continues to affect my thinking and the fear that I feel.

(Mejivar-Garcia Decl. at ¶¶ 19-20).  Plaintiff Balladares suffers similar ongoing effects:

> Although I got out of jail a week ago, I still get very depressed because of the
> abuse I suffered by the bosses at Audubon Pointe.  Because of the humiliation of
> working like a slave for so long without being paid, I did not contact my family.
> It is very hard to continue this way.  Only my faith in God's salvation sustains me
> with the belief that my situation will get better.

(Balladares Decl. at ¶ 18.)

Because of the pervasive nature of the Defendants' abuses and the significant

trauma suffered by the moving Plaintiffs, they can show that they have suffered

substantial physical and mental abuse, thereby making them eligible for U visa interim

relief.

3.    **The Moving Plaintiffs Possess Information about Defendants'
      Involvement in the Crime of Involuntary Servitude**

To receive U visa relief, an alien must "possess[] information" concerning the

alleged criminal activity.  See 8 U.S.C. § 1101(a)(15)(U)(i)(II); see also 8 C.F.R. §

214.14(b)(2) (the petitioner must have "knowledge of the details" and "possess specific

facts" sufficient to show that the petitioner "has, is, or is likely" to assist the prosecution

of the crimes.)  As set forth in the moving Plaintiffs' supporting declarations, the moving

Plaintiffs have intimate and detailed knowledge of the Defendants' crimes.

4.    **The Moving Plaintiffs Have Been Helpful, are Being Helpful,
      or are Likely to be Helpful" in the Investigation or Prosecution
      of Defendants' Crimes.**

The final requirement for U visa relief is that the petitioner "has been helpful, is

being helpful, or is likely to be helpful" to the law enforcement agency or judge

investigating or prosecuting the crime.  See 8 U.S.C. § 1101(a)(15)(U)(i).

Here, the moving Plaintiffs have filed the instant lawsuit alleging that Defendants

committed the crime of involuntary servitude, see 18 U.S.C. § 1590 (incorporating 18

U.S.C. § 1584) and the substantively identical crime of forced labor, see 18 U.S.C. §

1589, for which a private right of action was extended by 18 U.S.C. § 1595.  The

Plaintiffs' civil action under the TVPA requires that these claims satisfy the elements of,

and be litigated under the applicable criminal statutes.  18 U.S.C. § 1595(a).  As such, the

moving Plaintiffs proceed in this civil action under the criminal statutes qualifying for U

visa relief.  8 U.S.C. § 1101(a)(15)(U)(iii) .  The moving Plaintiffs' bringing the instant

lawsuit itself -- a private prosecution of these crimes -- is manifestly being "helpful" to

the Court's investigation of Defendants' criminal activity.

Similarly, the moving Plaintiffs have brought their charges before the U.S. Department of Justice Civil Rights Division ("DOJ/CRD"), which has principle responsibility for prosecuting human trafficking-related offenses. The moving Plaintiffs are making themselves available to the DOJ/CRD's investigation. If criminal prosecution of the Defendants ensues, it will most likely occur before this Court.

**B.    This Court may Certify that the Moving Plaintiffs Are Assisting the Investigation of the Defendants' Crimes.**

As set forth above, an alien applying for U nonimmigrant status must provide a certification from a law enforcement official or judge that the alien is "has been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution of the underlying crime. See 8 U.S.C. § 1184(p)(1). Recognizing that judges technically "neither investigate crimes nor prosecute perpetrators," U.S. Citizenship and Immigration Services ("USCIS") suggests that "the term 'investigation or prosecution' should be interpreted broadly." 72 FR 53020.

In the instant case, this Court is the appropriate certifying authority. Because the instant lawsuit is venued before this Court, this Court bears the responsibility to investigate and prosecute – under the broad definition set forth in the USCIS guidelines -- the alleged involuntary servitude crimes.

U.S. Customs and Immigration Service regulations direct the certifying official to complete and sign Form I-918, Supplement B, "U Nonimmigrant Status Certification." See 8 C.F.R. 214.14(c)(2)(i). U.S.C.I.S. instructions regarding this form have been attached to this motion as Plaintiffs' Exhibit 4. Proposed completed Form I-918

11

Supplement B certification forms corresponding to each of the three moving Plaintiffs have been attached hereto as Plaintiffs' Exhibits 5-7.

### C.     This Motion Should Be Considered on an Expedited Basis

Moving Plaintiff Reyes Aguilar-Garcia is currently in ICE custody awaiting imminent removal without further judicial process.  ICE has thus far ignored Mr. Aguilar-Garcia's pending request to stay proceedings pending this Court's adjudication of his petition for U visa certification.  Mr. Aguilar-Garcia could be removed at any time. Plaintiffs Fredi Umberto Mejivar-Garcia and Jose Salvador Balladares have been released on bond from ICE custody but are the subject of ongoing removal proceedings before the Immigration Court in Oakdale, Louisiana.   Therefore, the moving Plaintiffs respectfully request that the Court consider this motion on an expedited basis to prevent these Plaintiffs from being removed from the United States before the issues pending before this Court are adjudicated.

### V.     Conclusion

For the reasons set forth herein, the Plaintiffs' emergency motion for U visa certification should be granted.


Respectfully Submitted,


        /S/ Vanessa Spinazola
LSBN 31328
The Pro Bono Project
615 Barrone Street, Suite 201
New Orleans, LA  70113
Tel:  (504) 581-4043


12

Mary C. Bauer
*Pro Hac Vice*
Virginia State Bar # 31388
Andrew H. Turner
Virginia State Bar # 48853 (*Pro Hac Vice* Motion Pending)
Immigrant Justice Project
Southern Poverty Law Center
400 Washington Ave.
Montgomery, AL  36104
Tel: (334) 956-8326
Fax: (334) 956-8481

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Memorandum of Law in Support of Plaintiffs' Emergency Motion for U Visa Certification* with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the attorneys for the Defendants. I further certify that I have served the following attorneys for Defendants with a courtesy copy of this motion via express mail.

>James M. Garner
>Elwood F. Cahill, Jr.
>Debrah J. Fishman
>Sher Garner Cahill Richter Klein & Hilbert, LLC
>909 Poydras St.
>28th Floor
>New Orleans, LA 70112-1033
>Phone: 504-299-2100
>Fax: 504-299-2300

This 1st day of April, 2008.

**/S/ Vanessa Spinazola**

14